1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  THOMAS GREENE
   Chief Assistant Attorney General
3  KATHLEEN E. FOOTE
   Senior Assistant Attorney General
4  State Bar No. 65819
   EMILIO E. VARANINI
5  Deputy Attorney General
   State Bar No. 163952
6    455 Golden Gate Avenue
     San Francisco, Ca. 94102
7    Telephone: (415) 703-5908
     Fax: (415) 703-5480
8    Email: emilio.varanini@doj.ca.gov
   Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE STATE OF CALIFORNIA et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WINBOND ELECTRONICS CO.,**<br><br>Defendant.<br><br>THIS DOCUMENT RELATED TO:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>ALL AG ACTIONS | Case No.: MDL-02-1486 PJH<br><br>Case No.: C 06-4333 PJH<br><br>Case No.: C 06-6436 PJH<br><br>Case No.: C 07-1347 PJH<br><br>Case No.: C 07-2589 MEJ<br><br>**DECLARATION OF EMILIO E. VARANINI IV IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; EXHIBIT 1**<br><br>Local Rule 3.12 |

1.  I am a Deputy Attorney General with the Antitrust Section of the Public Rights Division of the California Attorney General's Office, Department of Justice. I am also liaison counsel of record in the case of *State of California et al. v. Infineon Technologies AG et al.*, Case

No. C-06-04333 PJH, the case of *State of California et. al. v. Samsung Electronics Co. Ltd. et. al.*, Case No. C 07-1347 PJH, and the case of *State of California et. al. v. Winbond Electronics Co.*, Case No. C 07-2589 MEJ. If called upon to testify, I could and would testify competently to each matter set out herein.

2. On May 16, 2007, California and 46 other States, Commonwealt, and the District of Columbia filed Case No. C 07-2836 PJH, *State of California et al. v. Winbond Electronics Co..* Exhibit 1 is a true and accurate copy of the Complaint filed in that action. It, like the first amended complaint filed in *Infineon* in this Court, alleges violations of Federal and various State antitrust and related laws on behalf of government entities, natural persons, and others against various DRAM manufacturers.

3. The material differences between the complaint filed in *Winbond* and the first amended complaint filed in *Infineon* is that Winbond is named as a defendant and that there are additional Plaintiff States who have joined the Winbond case for purposes of settlement. The factual allegations are the same, except that Winbond itself is alleged to have participated only in a Singaporean part of a wider conspiracy alleged in the *Infineon* case; the relief requested are the same; and, aside from the addition of more Plaintiff States with their own state-law claims, the theories and bases for liability remain the same.

4. This case was filed as a necessary precursor to the filing of the settlement agreement and motion for preliminary approval in *Infineon* and in the Indirect Purchaser lawsuits currently before this Court.

5. Plaintiff States did not obtain a stipulation from any of the other parties in the other cases that this is a related case because it would be infeasible to do so in a timely manner sufficient to support the prompt filing of this case and the prompt presentation of the settlement agreement and motion for preliminary approval to this Court. For example, the Third Consolidated Class Action Complaint in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* names eleven plaintiffs and eighteen defendants.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct to the best of my information and belief.

2

1  Executed on May 22, 2007 at San Francisco, California.

3  /S/ Emilio E. Varanini
   EMILIO E. VARANINI IV