1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  THOMAS GREENE
   Chief Assistant Attorney General
3  KATHLEEN E. FOOTE
   Senior Assistant Attorney General
4  State Bar No. 65819
   EMILIO E. VARANINI
5  Deputy Attorney General
   State Bar No. 163952
6    300 S. Spring Street
     Los Angeles, CA 90013-1230
7    Telephone: (415) 703-5908
     Fax: (415) 703-5480
8    Email: emilio.varanini@doj.ca.gov
   Attorneys for Plaintiffs

9

ORIGINAL
FILED

MAY 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MEJ

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  **C 07   2589**

**THE STATE OF CALIFORNIA BY ITS**
13  **ATTORNEY GENERAL BILL LOCKYER**
    **AND THE CITY AND COUNTY OF SAN**
14  **FRANCISCO EX REL DENNIS J. HERRERA,**
    **THE COUNTY OF SANTA CLARA AND THE**
15  **LOS ANGELES UNIFIED SCHOOL**
    **DISTRICT ON BEHALF OF ALL OTHER**
16  **POLITICAL SUBDIVISIONS SIMILARLY**
    **SITUATED;**
17
    **THE STATE OF ALASKA BY ITS**
18  **ATTORNEY GENERAL TALIS J. COLBERG;**
19  **THE STATE OF ARIZONA BY ITS**
    **ATTORNEY GENERAL TERRY GODDARD;**
20
    **THE STATE OF ARKANSAS BY ITS**
21  **ATTORNEY GENERAL DUSTIN**
    **MCDANIEL;**
22
    **THE STATE OF COLORADO BY ITS**
23  **ATTORNEY GENERAL JOHN W. SUTHERS;**
24  **THE STATE OF DELAWARE BY ITS**
    **ATTORNEY GENERAL JOSEPH R. BIDEN**
25  **III AND ALL STATE AGENCIES AND**
    **POLITICAL SUBDIVISIONS SIMILARLY**
26  **SITUATED;**
27  **THE STATE OF FLORIDA BY ITS**
    **ATTORNEY GENERAL BILL MCCOLLUM;**
28

Case No.:

**COMPLAINT**

---

Antitrust Complaint: Jury Trial Demanded                    1

THE STATE OF HAWAII BY ITS
ATTORNEY GENERAL MARK J. BENNETT;

THE STATE OF IDAHO BY ITS ATTORNEY
GENERAL LAWRENCE G. WADSEN;

THE STATE OF ILLINOIS BY ITS
ATTORNEY GENERAL LISA MADIGAN;

THE STATE OF IOWA BY ITS ATTORNEY
GENERAL THOMAS J. MILLER;

THE COMMONWEALTH OF KENTUCKY
BY ITS ATTORNEY GENERAL, GREGORY
D. STUMBO;

THE STATE OF LOUISIANA BY ITS
ATTORNEY GENERAL CHARLES C. FOTI,
JR.;

THE STATE OF MAINE BY ITS ATTORNEY
GENERAL G. STEVEN ROWE;

THE STATE OF MARYLAND BY ITS
ATTORNEY GENERAL J. JOSEPH CURRAN,
JR.;

THE COMMONWEALTH OF
MASSACHUSETTS BY ITS ATTORNEY
GENERAL MARTHA COAKLEY;

THE STATE OF MICHIGAN BY ITS
ATTORNEY GENERAL MICHAEL A. COX;

THE STATE OF MINNESOTA BY ITS
ATTORNEY GENERAL LORI SWANSON;

THE STATE OF MISSISSIPPI BY ITS
ATTORNEY GENERAL JIM HOOD;

THE STATE OF NEBRASKA BY ITS
ATTORNEY GENERAL JON BRUNING;

THE STATE OF NEVADA BY ITS
ATTORNEY GENERAL CATHERINE
CORTEZ MASTO;

THE STATE OF NEW HAMPSHIRE BY ITS
ATTORNEY GENERAL KELLY A. AYOTTE;

THE STATE OF NEW JERSEY BY ITS
ATTORNEY GENERAL STUART RABNER

THE STATE OF NEW MEXICO BY ITS
ATTORNEY GENERAL GARY K. KING AND
THE COUNTY OF SANDOVAL ON BEHALF

1  OF ALL OTHER POLITICAL SUBDIVISIONS
   SIMILARLY SITUATED;

2  THE STATE OF NORTH CAROLINA BY ITS
   ATTORNEY GENERAL ROY COOPER;
3

4  THE STATE OF NORTH DAKOTA BY ITS
   ATTORNEY GENERAL WAYNE
   STENEHJEM;
5

6  THE COMMONWEALTH OF THE
   NORTHERN MARIANA ISLANDS BY ITS
   ATTORNEY GENERAL MATTHEW T.
7  GREGORY;

8  THE STATE OF OHIO BY ITS ATTORNEY
   GENERAL MARC DANN;
9

10 THE STATE OF OKLAHOMA BY ITS
   ATTORNEY GENERAL DREW
   EDMONDSON AND ALL STATE AGENCIES
11 SIMILARLY SITUATED;

12 THE STATE OF OREGON BY ITS
   ATTORNEY GENERAL HARDY MYERS;
13

14 THE COMMONWEALTH OF
   PENNSYLVANIA ON BEHALF OF ALL
   POLITICAL SUBDIVISIONS AND STATE
15 AGENCIES SIMILARLY SITUATED;

16 THE STATE OF RHODE ISLAND BY
   PATRICK C. LYNCH IN HIS CAPACITY AS
17 ATTORNEY GENERAL;

18 THE STATE OF SOUTH CAROLINA BY ITS
   ATTORNEY GENERAL HENRY
19 MCMASTER;

20 THE STATE OF TENNESSEE BY ITS
   ATTORNEY GENERAL PAUL G. SUMMERS;
21

22 THE STATE OF TEXAS BY ITS ATTORNEY
   GENERAL GREG ABBOTT;
23

   THE STATE OF UTAH BY ITS ATTORNEY
   GENERAL MARK L. SHURTLEFF;
24

25 THE STATE OF VERMONT BY ITS
   ATTORNEY GENERAL WILLIAM H.
   SORRELL;
26

27 THE COMMONWEALTH OF VIRGINIA BY
   ITS ATTORNEY GENERAL ROBERT F.
   MCDONNELL ON BEHALF OF ALL
28 POLITICAL SUBDIVISIONS AND STATE

1  AGENCIES;

2  THE STATE OF WASHINGTON BY ITS
   ATTORNEY GENERAL ROB MCKENNA;

3  THE STATE OF WEST VIRGINIA BY ITS
   ATTORNEY GENERAL DARRELL V.
4  MCGRAW, JR.;

5  THE STATE OF WISCONSIN BY ITS
   ATTORNEY GENERAL J.B. VAN HOLLEN;
6

7  THE STATE OF SOUTH DAKOTA BY ITS
   ATTORNEY GENERAL LARRY LONG;

8  THE DISTRICT OF COLUMBIA BY ITS
   ACTING ATTORNEY GENERAL, LINDA
9  SINGER;

10  THE STATE OF MISSOURI BY ITS
    ATTORNEY GENERAL JEREMIAH (JAY) W.
11  NIXON;

12  THE STATE OF MONTANA BY ITS
    ATTORNEY GENERAL MIKE MCGRATH;
13

14  THE STATE OF CONNECTICUT BY ITS
    ATTORNEY GENERAL RICHARD
    BLUMENTHAL,
15
                                    Plaintiffs,
16

17            v.

18  WINBOND ELECTRONICS CO.,
                                    Defendant.
19

20

21

22                    **JURISDICTION AND VENUE**

23       1.       This complaint alleges violations of the Sherman Act 15 U.S.C. §1.  It is filed

24  under, and jurisdiction is conferred upon this Court by, sections 4, 4C, 12 and 16 of the Clayton

25  Act, 15 U.S.C. §§ 15, 15c, 22 and 26.   The Plaintiffs also allege violations of State antitrust,

26  consumer protection and/or unfair competition and related laws, and seek damages, restitution,

27  civil penalties, and/or other equitable relief under those State laws.  All claims under federal and

28  state law are based upon a common nucleus of operative facts, and the entire action commenced

   Antitrust Complaint: Jury Trial Demanded            4

1   by this Complaint constitutes a single case that would ordinarily be tried in one judicial

2   proceeding.

3       2.      The Court further has jurisdiction over the federal claims under 28 U.S.C. §§

4   1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367

5   because those claims are so related to the federal claims that they form part of the same case or

6   controversy.

7       3.      Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391

8   because the Defendant resides, transacts business, committed an illegal or tortious act, or is

9   found in this District, within the meaning and scope of 15 U.S.C. § 22, Cal. Bus. & Prof. Code §

10  1672 and 28 U.S.C. § 1391 (b) and (c), and a substantial part of the events giving rise to the

11  claims arose in this District.

12      4.  The activities of the Defendant and its co-conspirators, as described herein, were

13  within the flow of, were intended to, and did have a substantial effect on, the foreign and

14  interstate commerce of the United States.

15                              **DEFINITIONS**

16      5.  Dynamic Random Access Memory ("DRAM") means the semiconductor memory

17  chip providing high-speed storage and retrieval of electronic information for electronic devices,

18  such as personal computers and servers (hereinafter "DRAM-containing products"), around the

19  world.  These high-speed memory chips are used to store data in a wide variety of computing and

20  other electronic devices while the device is in operation.  DRAM includes, but is not limited to

21  DRAM, Synchronous Dynamic Random Access Memory ("SDRAM") and Double Data Rate

22  Dynamic Random Access Memory ("DDR") chips.  DDR & SDRAM chips are high-speed, high-

23  performance types of DRAM chips.  "Random Access Memory" means that the data, stored in

24  the form of 0s and 1s, can be accessed directly from any part of the memory, rather than having

25  to proceed sequentially from some starting place.  DRAM is called "dynamic" because it must

26  have its storage cells refreshed or given a new electronic charge every few milliseconds.

27      6.  "Political subdivisions" means counties, cities, towns, K-12 school districts, public

28  undergraduate and graduate educational institutions, and other government units, entities, and

Antitrust Complaint: Jury Trial Demanded                5

1  instrumentalities, that are autonomous or independent from the State itself under the Eleventh

2  Amendment or otherwise treated as being autonomous from the State itself, as well as all

3  electric, utility, water, sewer, fire, port authority and other special districts and tax-supported

4  institutions that are either autonomous or independent from the State itself under the Eleventh

5  Amendment or otherwise treated as being autonomous from the State itself, where state law

6  permits such to be represented by the Attorney General of a State, all as provided in the

7  applicable state laws of the respective Plaintiff States.

8      7. "State agencies" means all departments, divisions, boards, councils, committees,

9  institutions, agencies, offices of a State, public undergraduate and graduate educational

10  institutions, and other government units, entities, and instrumentalities, that either constitute an

11  arm of the State for Eleventh Amendment purposes or are not otherwise treated under state law

12  as being autonomous from the State itself, all as provided in the applicable state laws of the

13  respective Plaintiff States.

14                    **THE PARTIES**

15                    **The Plaintiffs**

16      8. Plaintiffs bring this action by and through their Attorneys General.  For purposes of

17  this Complaint, the term "Plaintiffs" as used herein means the named plaintiffs and class

18  representatives and the natural persons, state agencies, political subdivisions and/or businesses

19  located within their states who the named plaintiffs represent in this action pursuant to applicable

20  state and federal laws governing representation by Attorneys General as alleged below.  Pursuant

21  to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, certain Plaintiffs assert a

22  class action as further described below insofar as they represent state agencies and political

23  subdivisions located in their states in a class capacity that were indirect or direct purchasers of

24  DRAM.  Regardless of the representative capacities in which the Plaintiff States, by and through

25  their Attorneys General, file this action on behalf of the aforementioned groups pursuant to their

26  state laws, the issues of liability, impact, damages, and defenses are common to all of these

27  groups.

28                    **Defendants**

Antitrust Complaint: Jury Trial Demanded                6

9.    Defendant Winbond Electronics Corporation is a business entity organized under the laws of Taiwan, with its principal place of business at 4, Creation Road 3, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.   During the time period covered by this Complaint, Defendant Winbond Electronic Corporation (hereinafter "Winbond Taiwan") manufactured, sold and distributed DRAM to customers throughout the United States.

<u>**Co-conspirators**</u>

10.    Co-conspirator Micron Technology, Inc. is a Delaware Corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho.   During the time period covered by this Complaint, Micron Technology, Inc., manufactured, sold and distributed DRAM throughout the United States.

11.    Co-conspirator Micron Semiconductor Products, Inc., is a wholly owned and controlled subsidiary of Defendant Micron Technology, Inc., with its principal place of business at 8000 South Federal Way, Boise, Idaho.   During the time period covered by this Complaint, Micron Semiconductor Products, Inc., sold and distributed DRAM to customers throughout the United States, including sales through its Crucial Technology division.   Micron Technology, Inc., Micron Semiconductor Products, Inc., and the Crucial Technology division are referred to collectively herein as "Micron."

12.    Co-Conspirator Samsung Electronics Co. Ltd. is a business entity organized under the laws of South Korea, with its principal place of business at Samsung Main Building 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea.   During the time period covered by this Complaint, Co-Conspirator Samsung Electronics Co. Ltd. manufactured, sold and distributed DRAM to customers throughout the United States.

13.    Co-Conspirator Samsung Semiconductor, Inc. is a wholly owned and controlled subsidiary of Co-Conspirator Samsung Electronics Co. Ltd. with its principal place of business at 3655 North First Street, San Jose, California.   During the time period covered by this Complaint, Co-Conspirator Samsung Semiconductor, Inc. sold and distributed DRAM to customers throughout the United States.   Samsung Electronics Co. Ltd., and Samsung Semiconductor, Inc. are referred to collectively herein as "Samsung."

1    14.   Other Co-Conspirators 1-10, presently unknown to Plaintiffs, participated as co-

2   conspirators with the Defendants in the violations of law alleged in this Complaint and have

3   engaged in conduct and made statements in furtherance thereof.

4    15.   The acts charged in this Complaint have been done by Defendant and its co-

5   conspirators, or were authorized, ordered or done by its respective officers, agents, employees or

6   representatives while actively engaged in the management of Defendant's business or affairs.

7                              **TRADE AND COMMERCE**

8    16.   Defendant makes DRAM, both commodity DRAM that is interchangeable and

9   specialty DRAM that is custom-ordered to meet customer specifications, for incorporation into

10   products that are imported into the United States. A substantial percentage of those products

11   containing DRAM sold by the Defendants, such as hard drives, are sold in California or are

12   incorporated into other products, such as computers, sold in California and elsewhere in the

13   United States.

14                              **DEFENDANTS' ILLEGAL CONDUCT**

15    17.   Defendant and its co-conspirators engaged in a contract, combination, trust, or

16   conspiracy to exchange pricing information regarding the sale of, or the negotiation of sales

17   contracts concerning, DRAM in Singapore to hard drive manufacturers, such as Seagate

18   Technology, Inc., and Maxtor Corp., which would then incorporate that DRAM into their

19   products.

20    18. The information was exchanged through frequent communications between the

21   Defendant, or its agents, in Singapore and the co-conspirators.

22    19. The information so exchanged was used by the Defendant and its co-conspirators in

23   formulating price negotiation strategy and/or in negotiating prices for the sale of DRAM to these

24   hard drive manufacturers. Insofar as the co-conspirators are concerned, the contract, combination,

25   trust, or conspiracy alleged above took place as part of a more extensive contract, combination,

26   trust, or conspiracy alleged in the Plaintiff States' First Amended Complaint, filed in *State of*

27   *California et. al. v. Infineon Technologies et. al.*, Case No. 06 4333 PJH.

28                              **FRAUDULENT CONCEALMENT**

Antitrust Complaint: Jury Trial Demanded              8

1    20. From approximately 1998 to June of 2002, Defendant and its Co-conspirators

2    effectively, affirmatively, and fraudulently concealed their unlawful combination and conspiracy

3    from Plaintiffs.

4    21. Defendant and its Co-conspirators engaged in a successful, illegal price-fixing

5    conspiracy that by its nature was inherently self-concealing.

6    22. Defendant's and its Co-conspirators' wrongful conduct was carried out in part

7    through means and methods that were designed and intended to avoid detection, including

8    numerous telephone calls and in person meetings among the conspirators and which, in fact,

9    successfully precluded detection. Plaintiffs could not have discovered their unlawful scheme and

10    conspiracy earlier because of their effective, affirmative, and fraudulent concealment of their

11    activities.

12    23. Defendant and its Co-conspirators communicated to their United States entities

13    false reasons to explain price increases, such as seasonal ebb and flow and restriction in output,

14    and instructed them to use these false reasons with U.S. customers. Plaintiffs are informed and

15    believe that Defendants and their Co-conspirators communicated said reasons to OEMs who

16    inquired as to the reason for price increases.

17    24. Plaintiffs have exercised due diligence by promptly investigating the facts giving

18    rise to the claims asserted herein upon having reasonable suspicion of the existence of

19    Defendant's and its Co-conspirators conspiracy to the extent permitted by law.

20    **INJURY**

21    25. But for Defendant's and their Co-conspirators' anticompetitive acts, Plaintiffs

22    would have been able to purchase DRAM and DRAM-containing products at lower prices.

23    26. As a direct and proximate result of the unlawful conduct alleged above, the

24    Plaintiffs were not able to purchase DRAM or DRAM-containing products at prices that were

25    determined by free and open competition. Consequently, they have been injured in their business

26    and property in that, *inter alia*, they have paid more and continue to pay more for such products

27    than they would have paid in a free and open, competitive market.

28    27. As a direct and proximate result of the unlawful conduct alleged above, the

1  Defendant's and its Co-conspirators have unjustly benefited from the supra-competitive and

2  artificially inflated prices, and profits on their sale of DRAM products resulting from their

3  unlawful and inequitable conduct, and have thus far retained the illegally obtained profits.

### UNJUST ENRICHMENT

5      28.  Defendant's financial benefits resulting from their unlawful and inequitable

6  conduct are economically traceable to overpayments for DRAM and DRAM-containing products

7  by Plaintiffs.

8      29.  Plaintiffs have conferred upon Defendant an economic benefit, in the nature of

9  anti-competitive profits resulting from unlawful overcharges and monopoly profits, to the

10  economic detriment of the States and consumers.

11      30.  The economic benefit of overcharges and unlawful monopoly profits derived by

12  Defendant through charging supra-competitive and artificially inflated prices for DRAM is a

13  direct and proximate result of Defendants' unlawful practices.

14      31.  It would be inequitable and unjust for Defendant to be permitted to retain any of

15  the unlawful proceeds resulting from their fraudulent, illegal, and inequitable conduct.

### CLASS ACTION ALLEGATIONS

17      32.  Certain Plaintiffs bring this action pursuant to Rules 23(a) and 23(b)(3) of the

18  Federal Rules of Civil Procedure, on behalf of the following Class pursuant to state and federal

19  laws governing representation by Attorneys General: a Class of state agencies and political

20  subdivisions, excluding federal government entities, in certain Plaintiff States that purchased

21  DRAM directly or indirectly from approximately 1998 to December of 2002, to the extent that

22  the entities in said classes are not covered by either the Attorneys General acting in their *parens*

23  *patriae* capacities or their proprietary/sovereign capacities and to the extent that a given state law

24  permits such a class.  This Class suffered damages due to Defendant's and its Co-conspirators'

25  acts that, with trebling provisions applicable pursuant to the relevant state laws, amount to $5

26  million or more.

27      33.  Plaintiff States who are members of the above-described Class and acting as class

28  representatives such as Alaska, Delaware, Ohio, Oklahoma, and Pennsylvania, and other class

Antitrust Complaint: Jury Trial Demanded         10

1  representatives such as the City and County of San Francisco, County of Santa Clara, Los

2  Angeles Unified School District, and County of Sandoval, New Mexico, may sue on behalf of the

3  Class because:

4          a. This Class is so numerous that joinder of all members is impracticable. The class of

5  state agencies and political subdivisions numbers in the hundreds in Plaintiff States such as

6  Alaska and California. The exact number and identities of members in this Class are currently

7  unknown to Plaintiff States.

8          b. Questions of law and fact are common to the Class, including but not limited to the

9  following:

10                 (i) whether Defendant and its Co-conspirators conspired to fix, raise, stabilize or

11  maintain the prices of DRAM for hard drives in Singapore;

12                 (ii) whether Defendant's and its Co-conspirators' conduct caused injury to the

13  business or property of Plaintiffs and the members of the Class;

14                 (iii) the operative time period of Defendant's and its Co-conspirators' conspiracy

15  and the effects wherefrom;

16                 (iv) the amount of aggregate damages suffered by the Class as a whole;

17                 (v) whether the Class suffered antitrust injury;

18                 (vi) whether Defendant and its Co-conspirators were unjustly enriched to the

19  detriment of the Class entitling Plaintiff States and the Class to disgorgement of all monies

20  resulting therefrom; and

21                 (vii) whether the Class is entitled to restitution and/or disgorgement, in addition

22  to or as a substitute for damages, under applicable state laws.

23          c. Plaintiff States and their class representatives' claims are typical of the Class

24  because Plaintiff States and all members of the Class were injured, and may continue to be

25  injured, in the same manner by Defendant's and its Co-conspirators' unlawful, anti-competitive

26  and inequitable methods, acts and practices, *i.e.,* they have paid supra-competitive and artificially

27  high prices for DRAM and DRAM-containing products, *i.e.,* hard drives, and may be forced to

28  do so in the future. The defenses would involve common issues with respect to the Plaintiff

Antitrust Complaint: Jury Trial Demanded                11

1  States and their class representatives and each class member.

2          d.  Plaintiff States and their class representatives will fully and adequately protect the

3  interest of all members of the Class.  Plaintiff States' counsel are experienced in antitrust

4  litigation, including class action litigation.  Plaintiff States have no interests that are adverse to or

5  in conflict with those of the Class.

6          e.  The questions of law and fact common to the members of the Class predominate

7  over any questions that may affect only individual members.

8          f.  For those Plaintiff States and class representatives bringing this as a class action, a

9  class action is equivalent or superior to other available methods for the fair and efficient

10  adjudication of this controversy.  Joinder of all state agency and political subdivision purchasers

11  of DRAM and DRAM-containing products would be impracticable.  The Class is readily

12  definable and prosecution as a class action will eliminate the possibility of duplicative litigation,

13  while also providing redress for claims that would otherwise be too small to support the expense

14  of individual complex litigation.

15                          **VIOLATIONS ALLEGED**

16                           **First Claim for Relief**

17                    **(Violation of Section 1 of the Sherman Act)**

18              **(Count One – All Plaintiff States - Injunction)**

19          34.  Plaintiffs incorporate and reallege, as though fully set forth herein, each and every

20  allegation set forth in the preceding paragraphs of this Complaint.

21          35.  Beginning at a time presently unknown to Plaintiffs, but at least on or around 1998

22  and continuing through at least June 30, 2002, the exact dates being unknown to Plaintiffs,

23  Defendant and its Co-conspirators entered into a continuing agreement, understanding, and

24  conspiracy in restraint of trade to exchange and use DRAM pricing information for certain

25  customers in Singapore knowing or having reason to know that said DRAM would be

26  incorporated into products exported to the United States, in violation of Section 1 of the Sherman

27  Act, 15 U.S.C. § 1.

28          36.  In formulating and carrying out the alleged agreement, understanding, and

Antitrust Complaint: Jury Trial Demanded                12

1  conspiracy, the Defendant and its Co-conspirators did those things that they combined and

2  conspired to do.

3        37. The combination and conspiracy alleged herein has had the following effects

4  among others:

5              a. Price competition in the sale of DRAM has been restrained, suppressed, and/or

6  eliminated;

7              b. Prices for DRAM sold by Defendant and its Co-conspirators have been fixed,

8  raised, maintained and stabilized at artificially high, non-competitive levels; and

9              c. Those who purchased DRAM directly or indirectly from Defendant and its Co-

10  conspirators have been deprived of the benefits of free and open competition.

11        38. Plaintiffs who purchase significant volumes of DRAM and DRAM-containing

12  products have been injured, and will continue to be injured, in their business and property by

13  having paid more for DRAM purchased directly and indirectly from the Defendants and its Co-

14  conspirators than they would have paid and will pay in the absence of the combination and

15  conspiracy, including paying more for hard drives, and products using hard drives, in which

16  DRAM is a component as a result of higher prices paid for DRAM by the manufacturers of those

17  products, and by the potential future deprivation of competition arising from the failure of

18  Defendant and its Co-conspirators to discontinue the wrongful conduct until Grand Jury

19  Subpoenas were issued.

20        39. As a result of each of the illegal contracts, combinations, and conspiracies alleged

21  above, consumers in the States represented by Plaintiffs have sustained injury to their property

22  and will continue to be injured in their property by having paid more for DRAM purchased

23  directly and indirectly from the Defendants and their Co-conspirators than they would have paid

24  and will pay in the absence of the combination and conspiracy, including paying more for

25  personal computers, servers, and other products in which DRAM is a component as a result of

26  higher prices paid for DRAM by the manufacturers of those products, and by the potential future

27  deprivation of competition arising from the failure of Defendants and their Co-conspirators to

28  discontinue the wrongful conduct until Grand Jury Subpoenas were issued, and from the repeated

Antitrust Complaint: Jury Trial Demanded            13

1   attempts of Defendants and their Co-conspirators to further stabilize the aforementioned price-

2   fixing conspiracy by limiting or curtailing supply or market share.

3       40.  Plaintiffs are entitled to an injunction against Defendant, preventing and

4   restraining the violations alleged herein.

5                           **Second Claim for Relief**

6                           **Violations of State Law**

7       41.  Each of the States below realleges and incorporates as to each count below all of

8   the allegations above.  Each of the States alleges that the actions of the Defendant as set forth

9   above constitutes a violation or violations of those state laws that are pled below as to each State

10  and pleads the violations of state laws set out below as an alternative to or in addition to any

11  violations of federal law pled above by them.

12                          **(Count One – Alaska)**

13      42.  Defendant's acts as described above had the purpose and effect of suppressing

14  competition in the sale of DRAM in the State of Alaska and elsewhere, and had a substantial and

15  adverse impact on prices for DRAM or DRAM-containing products in Alaska.  These acts

16  violate Alaska's Monopolies and Restraint of Trade Act, AS 45.50.562 *et seq.*  In addition, these

17  acts were unfair methods of competition and unfair or deceptive trade practices in violation of

18  Alaska's Unfair Trade Practices and Consumer Protection Act, AS 45.50.471 *et seq.*

19      43.  Defendant's acts have caused substantial injury and damage to the State of Alaska,

20  state agencies and political subdivisions in Alaska, and natural persons doing business or residing

21  in Alaska.

22      44.  Plaintiff State of Alaska, for itself and as *parens patriae* on behalf of state agencies

23  and political subdivisions in Alaska or natural persons doing business or residing in Alaska, is

24  entitled to monetary relief for injuries indirectly suffered by said natural persons by reason of the

25  violations alleged above.

26      45.  Plaintiff State of Alaska, for itself and as *parens patriae* on behalf of state agencies

27  and political subdivisions in Alaska or natural persons doing business or residing in Alaska, is

28  entitled to three times the total damage sustained as a result of the conduct described above, plus

Antitrust Complaint: Jury Trial Demanded              14

1    costs and reasonable attorney's fees.

2         46.  Pursuant to AS 45.50.551, Plaintiff State of Alaska, for itself and as *parens patriae*

3    on behalf of state agencies and political subdivisions in Alaska or natural persons doing business

4    or residing in Alaska, is entitled to a civil penalty of up to $5,000 for each violation described

5    above.

6                              **(Count Two– Arizona)**

7         47.  Defendant's acts violate, and Plaintiff State of Arizona on behalf of itself, its state

8    agencies, and pursuant to A.R. S. § 41-192(A)(5) on behalf of its political subdivisions, its

9    municipalities, its school districts, and as *parens patriae* on behalf of its natural persons is

10   entitled to relief under  Arizona's Uniform State Antitrust Act, A.R.S. § 44-1401 *et seq.*

11                             **(Count Three – Arkansas)**

12        48.  Defendant's acts violate, and Plaintiff State of Arkansas is entitled to relief for

13   itself, its state agencies, and its natural persons, under the Arkansas Deceptive Trade Practices

14   Act, Ark. Code Ann. §4-88-101 *et seq.* as well the Arkansas Unfair Practices Act, Ark. Code

15   Ann. § 4-75-301 *et seq.*

16                             **(Count Four – California)**

17        49.  Defendant's acts violate, and Plaintiff State of California is entitled to relief on

18   behalf of itself, its state agencies, its natural persons, and its class of political subdivisions, who

19   were indirect purchasers of DRAM or DRAM-containing products under the Cartwright Act,

20   California Business & Professions Code sections 16720 *et seq.*, and the Unfair Competition Law,

21   California Business & Professions Code sections 17200 *et seq.*, including civil penalties to the

22   maximum extent permitted by law pursuant to California Business & Professions Code

23   section 17206 *et seq.*

24                             **(Count Five – Colorado)**

25        50.  Defendant's acts violate, and Plaintiff State of Colorado on behalf of itself and its

26   state agencies is entitled to relief under, the Colorado Antitrust Act of 1992, §§ 6-4-101, *et seq.*,

27   Colo. Rev. Stat.

28                             **(Count Six – Delaware)**

Antitrust Complaint: Jury Trial Demanded            15

1   51. Defendant's acts violate, and Plaintiff State of Delaware is entitled to relief on

2   behalf of itself and its class of state agencies and political subdivisions, who were indirect

3   purchasers of DRAM or DRAM-containing products under the Cartwright Act, California

4   Business & Professions Code sections 16720 *et seq.*

5   **(Count Seven – Florida)**

6   52. Defendant's acts violate, and Plaintiff State of Florida on behalf of itself, its state

7   agencies, its natural persons, and its political subdivisions, is entitled to relief under §§ 548.18

8   and 542.22, Florida Statutes, the Florida Antitrust Act, and §§ 501.201 and 501.207, Florida

9   Statutes, the Florida Deceptive and Unfair Practices Act.

10   53. The Court shall impose against the Defendant a civil penalty in the maximum

11   amount permitted by § 541.21, Florida Statutes, for each violation of § 542.18 found in this case.

12   54. The Court shall order the Defendant to pay the State of Florida's costs and

13   attorney's fees pursuant to §§ 542.22 and 542.23, Florida Statutes.

14   55. The Court shall impose against the Defendant a civil penalty in the maximum

15   amount permitted by §§ 501.2075 or 501.2077, Florida Statutes, as appropriate, for each

16   violation of § 501.204, Florida Statutes, found in this case.

17   56. The Court shall order the Defendant to pay the State of Florida's costs and

18   attorney's fees pursuant to § 501.2105, Florida Statutes.

19   57. The Court shall order such other relief as the Court may deem just and proper.

20   **(Count Eight – Hawaii)**

21   58. Defendants' acts violate, and Plaintiff State of Hawaii is entitled to relief pursuant

22   to Haw. Rev. Stat. Chapter 480 on behalf of its state agencies and certain political subdivisions.

23   **(Count Nine – Idaho)**

24   59. Defendant's acts violate, and the Plaintiff State of Idaho, on behalf of itself, its

25   state agencies, its political subdivisions, and its persons (as defined by Idaho Code Section 48-

26   103(2)) is entitled to relief under the Idaho Competition Act, Idaho Code Sections 48-101 *et seq.*

27   60. Defendant's acts of conspiracy and unreasonable restraint of trade and commerce

28   had the purpose and effect of suppressing competition in the sale of DRAM or DRAM-

Antitrust Complaint: Jury Trial Demanded                16

1  containing products in the State of Idaho and elsewhere, and had a substantial and adverse impact

2  on prices for DRAM and DRAM-containing products in Idaho. Defendant's acts have caused

3  substantial injury and damage to the State of Idaho, its state agencies, its political subdivisions,

4  and its persons. For purposes of application of Idaho Code Section 48-108(2)(a) of the

5  Competition Act, Defendant's actions are per se violations of Idaho Code Section 48-104 of the

6  Competition Act.

7  **(Count Ten – Illinois)**

8  61. Defendant's acts violate, and Plaintiff State of Illinois, on behalf of itself, its state

9  agencies and its political subdivisions who purchased DRAM or DRAM-containing products

10  directly or indirectly, and on behalf of its natural persons and its businesses who purchased

11  DRAM or DRAM-containing products indirectly, is entitled to relief under, the Illinois Antitrust

12  Act, 740 ILCS 10/1 *et seq.*, including without limitation 740 ILCS 10/3(1) and (2).

13  **(Count Eleven – Iowa)**

14  62. Defendant's acts violate the Iowa Competition Act, Iowa Code sections 553 *et*

15  *seq.*, the Iowa Consumer Fraud Act, Iowa Code section 714.16, and Iowa common law, and

16  Plaintiff State of Iowa is entitled to all remedies available for such violations, including monetary

17  damages for injuries sustained by its state agencies.

18  **(Count Twelve - Kentucky)**

19  63. Defendant's acts violate, and Plaintiff Commonwealth of Kentucky on behalf of

20  itself, its state agencies and political subdivisions who purchased DRAM and/or DRAM-

21  containing products, and as *parens patriae* for its natural persons who purchased DRAM-

22  containing products, is entitled to all relief provided under: (a) Kentucky Revised Statute

23  ("KRS") 367.175 (Kentucky's antitrust act); (b) the Kentucky Consumer Protection Act, KRS

24  367.170 *et seq.* (prohibiting unfair, false, misleading or deceptive acts or practices in trade or

25  commerce) which without limitation provides for damages; injunctive and other equitable relief

26  including but not limited to restitution; civil penalties, costs of investigation and attorneys' fees;

27  and (c) Kentucky common law against unjust enrichment, restraint of trade, and unfair

28  competition.

Antitrust Complaint: Jury Trial Demanded          17

1  64.  In addition to any other relief provided by Kentucky law as cited above, Plaintiff

2  Commonwealth of Kentucky is entitled under KRS 367.990 to (a) civil penalties of $5,000 or

3  $200 per day for each and every violation of KRS 367.175; and (b) civil penalties of $2,000 for

4  each and every violation of KRS 367.170.

5  **(Count Thirteen – Louisiana)**

6  65.  Defendant's acts violate, and Plaintiff State of Louisiana on behalf of itself, its

7  state agencies, its political subdivisions, and all citizens, whether natural or juridical, is entitled

8  to relief under the Louisiana Antitrust Act, La. R.S. 51: 121, *et seq.* and La. R.S. 51:1401, *et seq.*

9  **(Count Fourteen - Maine)**

10  66.  Defendant's acts violate, and the State of Maine on behalf of itself, its state

11  agencies and, as *parens patriae*, on behalf of persons who purchased DRAM or DRAM-

12  containing products indirectly, is entitled to relief under 10 M.R.S.A. § 1101, *et seq.*

13  **(Count Fifteen – Maryland)**

14  67.  The aforementioned practices by Defendant were, and are in violation of the

15  Maryland Antitrust Act, Md. Com. Law Code Ann. § 11-201 *et seq.*

16  68.  Defendant's acts, as alleged above, have caused substantial injury and damage to

17  the State of Maryland, and state agencies, political subdivisions and persons in the State of

18  Maryland.

19  69.  Plaintiff State of Maryland brings this action against Defendant pursuant to Md.

20  Com. Law Code Ann. § 11-209, on behalf of the State, its state agencies, its political

21  subdivisions and, as *parens patriae*, on behalf of persons who purchased DRAM or

22  DRAM-containing products, for:  (a) three times the amount of damages sustained by the State,

23  political subdivisions and persons who purchased DRAM or DRAM-containing products; (b) for

24  all available equitable relief, including injunctive relief and restitution for all persons residing in

25  the State; (c) for civil penalties; and (d) for reimbursement of reasonable attorneys fees, expert

26  fees and costs.

27  **(Count Sixteen – Massachusetts)**

28  70.  Defendant's acts violate, and Plaintiff Commonwealth of Massachusetts on behalf

Antitrust Complaint: Jury Trial Demanded          18

1  of the Commonwealth, its state agencies and political subdivisions, and its natural persons and

2  businesses who purchased DRAM or DRAM-containing products, is entitled to relief under, the

3  Massachusetts Consumer Protection Act, G.L. c. 93A, sec. 2, *et seq.*

**(Count Seventeen – Michigan)**

5       71.  Defendant's acts violate, and Plaintiff State of Michigan on behalf of itself, its

6  state agencies, and its natural persons who purchased DRAM or DRAM-containing products

7  indirectly, is entitled to relief under the Michigan Antitrust Reform Act, Mich. Comp. Laws Ann.

8  § 445.771 *et seq.*, the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901 *et*

9  *seq.*, the common law of Michigan, and Mich. Comp. Laws Ann. § 14.28 and § 14.201.

**(Count Eighteen – Minnesota)**

11      72.  Defendant's acts violate, and Plaintiff State of Minnesota on behalf of itself, its

12  state agencies, and as *parens patriae* on behalf of its consumers, is entitled to relief under the

13  Minnesota Antitrust Law of 1971, Minn. Stat. §§ 325D.49-.66, Minn. Stat. Ch. 8, and the

14  common law of Minnesota.

**(Count Nineteen – Mississippi)**

16      73.  Defendant's acts violate, and Plaintiff State of Mississippi on behalf of itself, its

17  state agencies, its political subdivisions, its businesses, and its natural persons, is entitled to relief

18  under its Consumer Protection Act found at Miss. Code Ann. § 75-24-1, *et seq.* (1972, as

19  amended) and its Antitrust Act found at Miss. Code Ann. § 75-21-1, *et seq.* (1972, as amended),

20  which respectively provide for damages, civil penalties and appropriate injunctive relief.

**(Count Twenty – Nebraska)**

22      74.  Defendant's acts violate, and Plaintiff State of Nebraska on behalf of itself, its

23  state agencies, its political subdivisions, and as *parens patriae* on behalf of the citizens of

24  Nebraska, is entitled to relief under its Unlawful Restraint on Trade Act, Neb. Rev. Stat. §§ 59-

25  801 *et seq.* (Reissue 2004), its Consumer Protection Act, Neb. Rev. Stat. §§ 59-101 *et. seq.*

26  (Reissue 2004), and its Uniform Deceptive Trade Practices Act, Rev. Stat. §§ 87-301 *et seq.*

27  (Reissue 1999).

**(Count Twenty-One  – Nevada)**

1    75.  Defendant's acts violate, and Plaintiff State of Nevada on behalf of itself, its state

2  agencies, its political subdivisions, and its natural persons, is entitled to relief under the Nevada

3  Unfair Trade Practice Act, NRS § 598A.010 *et seq.*

4    **(Count Twenty-Two – New Hampshire)**

5    76.  Defendant's acts violate, and Plaintiff State of New Hampshire on behalf of itself,

6  its state agencies, and as *parens patriae* on behalf of its consumers, is entitled to relief under the

7  Combinations and Monopolies Act, N.H. Rev. Stat. Ann. 356 (1999, as amended), and common

8  law.

9    **(Count Twenty-Three – New Jersey)**

10    77.  Defendants' acts violate, and Plaintiff State of New Jersey is entitled to injunctive

11  relief under, Section 1 of the Sherman Act, 15 U.S.C. 1

12    78.  Defendant's acts violate, and Plaintiff State of New Jersey is entitled to relief

13  under, New Jersey Antitrust Act, Title 56, Ch. 9 N.J State. Ann. 56:9-1 *et seq.*

14    **(Count Twenty-Four – New Mexico)**

15    79.  Defendant's acts violate, and Plaintiff State of New Mexico on behalf of itself, its

16  state agencies and its natural persons and on behalf of the County of Sandoval, New Mexico, and

17  all other class of political subdivisions similarly situated as alleged above, is entitled to relief

18  under the New Mexico Antitrust Act, Section 57-1-1 *et seq.*, N.M.S.A.1978 and New Mexico

19  Unfair Practices Act, Section 57-12-1 *et seq.*, N.M.S.A. 1978.

20    80.  The Attorney General represents the State of New Mexico, its state agencies and

21  its natural persons as a part of her inherent authority vested in her by the Legislature of the State

22  of New Mexico.  Further, she represents the County of Sandoval by agreement and under her

23  authority to initiate litigation when in her judgment the public interest of the State requires such

24  action. Section 8-5-2, N.M.S.A. 1978.

25    81.  The State of New Mexico in its proprietary role, its political subdivisions and its

26  natural persons are entitled to treble damages for overcharges by, and unjust enrichment for, the

27  Defendants.

28    82.  The State of New Mexico as sovereign is entitled to civil penalties.

Antitrust Complaint: Jury Trial Demanded                20

**(Count Twenty-Five – North Carolina)**

83.  Defendant's acts as described above had the purpose and effect of suppressing competition in the sale of DRAM in the State of North Carolina and elsewhere, and had a substantial adverse impact on prices for DRAM and DRAM-containing products in North Carolina.  These acts violate North Carolina's prohibitions on unreasonable restrains of trade in N.C. Gen. Stat. §§ 75-1 and 75-2, monopolization in N.C. Gen Stat. § 75-2.1, and unfair methods of competition and unfair or deceptive acts or practices in N. C. Gen. Stat. § 75-1.1.

84.  Defendant's acts have caused substantial damage and injury to the State of North Carolina, state agencies and political subdivisions in North Carolina, and persons doing business or residing in the State of North Carolina.

85.  Plaintiff State of North Carolina, for itself and as *parens patriae* on behalf of state agencies and political subdivisions in North Carolina and person doing business or residing in North Carolina, is entitled to monetary relief for injuries indirectly suffered by reason of the violations alleged above.

86.  Plaintiff State of North Carolina, for itself and on behalf of state agencies and political subdivisions in North Carolina, is entitled to three times the total damage sustained as a result of the conduct described above, plus costs and reasonable attorney's fees.

87.  Plaintiff State of North Carolina, on behalf of persons doing business or residing in the State, is entitled to disgorgement of ill-gotten gains pursuant to N.C. Gen. Stat. § 75-14 and restitution pursuant to N.C. Gen. Stat. § 75-15.1.

88.  Pursuant to N.C. Gen. Stat § 75-15.2, plaintiff State of North Carolina is entitled to a civil penalty of up to $5,000 for each knowing violation, and in the case of continuing violations is entitled to a civil penalty of up to $5,000 for each week that such violation continued pursuant to N.C. Gen Stat. § 75-8.

**(Count Twenty-Six – North Dakota)**

89.  Defendant's acts violate, and Plaintiff State of North Dakota on behalf of itself, its state agencies, and its natural persons, is entitled to relief under the North Dakota State Antitrust Act, N.D.C.C. Sec. 51-08.1-01 *et seq.*, North Dakota's Consumer Protection Act, N.D.C.C. Sec.

1    51-15-01.

2    **(Count Twenty-Seven – Northern Mariana Islands)**

3    90   The effect of Defendant's acts violated provisions of the Commonwealth of the

4    Northern Mariana Islands' ("CNMI") Unfair Business Practices Act, 4 CMC § 5201 *et seq.*

5    These acts were also unfair methods of competition and unfair or deceptive acts or practice in the

6    conduct of Defendants' sale of DRAM or DRAM-containing products in the CNMI, in violation

7    of the CNMI's Consumer Protection Act, 4 CMC § 5101 *et seq.*

8        91. The CNMI, its political subdivisions and public agencies, have been injured in

9    their property by Defendant's actions, along with residents and businesses of the CNMI.

10        92. Plaintiff CNMI, for its political subdivisions and public agencies, and as *parens*

11   *patriae* on behalf of persons doing business or residing in the CNMI, is entitled to monetary

12   relief for injuries directly or indirectly suffered by the CNMI, its political subdivisions and public

13   agencies, and indirectly suffered by said persons by reason of the violations alleged above.

14    **(Count Twenty-Eight - Ohio)**

15        93. Defendant's acts violate, and Plaintiff State of Ohio on behalf of itself and a class

16   of state agencies and political subdivisions is entitled to relief under, Ohio's Antitrust Law, Ohio

17   Revised Code, §§ 109.81 and 1331.01, *et seq.*, and the common law of State of Ohio.

18    **(Count Twenty-Nine – Oklahoma)**

19        94. Defendant's acts violate, and Plaintiff State of Oklahoma on behalf of its natural

20   persons and state agencies is entitled to relief under the Oklahoma Antitrust Reform Act, 79 O.S.

21   § 201 *et seq.*, and the Oklahoma Consumer Protection Act, 15 O.S. § 751, *et seq.*.

22    **(Count Thirty – Oregon)**

23        95. Defendant's acts violate, and Plaintiff State of Oregon on behalf of itself, its state

24   agencies, its political subdivisions, and its natural persons is entitled to relief under the Oregon

25   Antitrust Act, ORS 646.705, *et seq.*

26        96. Defendant's acts of conspiracy and unreasonable restraint of trade and commerce

27   had the purpose and effect of suppressing competition in the sale of DRAM or DRAM-

28   containing products in the State of Oregon and elsewhere, and had a substantial and adverse

1 | impact on prices for DRAM or DRAM-containing products in Oregon.

2 |   97. Defendant's acts have caused substantial injury and damage to the State of Oregon,

3 | state agencies in the State, political subdivisions in the State, and natural persons in the State.

4 |   98. The activities of Defendant is a per se violation of Oregon's anti-trust law, ORS

5 | 646.725. Pursuant to ORS 646.775, the Attorney General possesses authority to seek equitable

6 | and monetary relief for injuries sustained by natural persons, state agencies, or political

7 | subdivisions.

8 |   99. The Court shall award the State of Oregon three times the total damages sustained

9 | and its costs in the action, plus reasonable attorney fees.

10 | **(Count Thirty-one - Pennsylvania)**

11 |   100. Defendants' acts violate, and Plaintiff Commonwealth of Pennsylvania on behalf

12 | of itself and all political subdivisions and public agencies is entitled to relief under Pennsylvania

13 | common law doctrines against monopolies, fraudulent misrepresentation and unjust enrichment,

14 | proceeding under 71 P.S. § 732-204(c) and the Pennsylvania Unfair Trade Practices and

15 | Consumer Protection Law, 73 P.S. §§201 *et seq.*.

16 | **(Count Thirty-Two – Rhode Island)**

17 |   101. Defendant's acts violate, and Plaintiff State of Rhode Island on behalf of itself, its

18 | state agencies, political subdivisions and Rhode Island consumers, is entitled to relief pursuant to

19 | R.I. Gen. Laws § 6-13.1-1 *et seq.* and is also entitled to relief as *parens patriae* on behalf of its

20 | natural persons under the Rhode Island Antitrust Act, R.I. Gen Laws § 6-36-1 *et seq.*

21 | **(Count Thirty-Three – South Carolina)**

22 |   102. Defendant's acts violate, and Plaintiff State of South Carolina on behalf of itself,

23 | its state agencies and natural persons who purchased DRAM or DRAM-containing products

24 | indirectly, is entitled to relief under the South Carolina Unfair Trade Practices Act, Sections 39-

25 | 5-10 *et seq.*, and the common law of the state of South Carolina.

26 | **(Count Thirty-Four – Tennessee)**

27 |   103. Defendant's acts violate, and Plaintiff State of Tennessee on behalf of itself and

28 | on behalf of consumers is entitled to relief under, Tenn. Code Ann. § 8-6-109, Tenn. Code Ann.

1 | § 47-18-101 *et seq.* (The Tennessee Consumer Protection Act of 1977), and under Tenn. Code

2 | Ann. § 47-25-101, *et seq.* (The Tennessee Unfair Trade Practices Act).

3 | **(Count Thirty-Five – Texas)**

4 | 104.  Defendant's acts violate Texas Business and Commerce Code § 15.05(a).

5 | Plaintiff State of Texas on behalf of itself and its state agencies is entitled to relief under sections

6 | 15.20(a) and 15.21(b), which respectively provide for civil penalties and appropriate injunctive

7 | and other equitable relief, such as disgorgement or restitution.

8 | **(Count Thirty-Six – Utah)**

9 | 105.  Defendant's acts violate, and Plaintiff State of Utah on behalf of itself, its state

10 | agencies and political subdivisions, and as *parens patriae* for its natural persons, who purchased

11 | DRAM and/or DRAM-containing products, is entitled to all relief provided under:  (a) the Utah

12 | Antitrust Act, Utah Code Ann. §§ 76-10-911 *et seq.*, including, without limitation, damages,

13 | injunctive and other equitable relief, civil penalties, costs and reasonable attorneys' fees, as

14 | provided in §§ 76-10-918 and 76-10-919; and (b) the common law of Utah, including, without

15 | limitation, the common law against restraints of trade, unfair competition and unjust enrichment.

16 | **(Count Thirty-Seven – Vermont)**

17 | 106.  Defendant's acts violate, and Plaintiff State of Vermont on its own behalf and its

18 | state agencies, and on behalf of all Vermont consumers, whether or not natural persons, is

19 | entitled to relief under the Vermont Consumer Fraud Act, title 9 Vermont Statutes Annotated,

20 | Chapter 63, 9 V.S.A. and the common law of Vermont.

21 | **(Count Thirty-Eight – Virginia)**

22 | 107.  Defendant's acts violate, and Plaintiff Commonwealth of Virginia on behalf of

23 | itself, its state agencies, and its political subdivisions who purchased DRAM or DRAM-

24 | containing products is entitled to relief pursuant to the Virginia Antitrust Act, Va. Code Ann. §

25 | 59.1-9.15(a), (b) and (c) (2001).

26 | **(Count Thirty-Nine – Washington)**

27 | 108.  Defendant's acts violate Wash. Rev. Code 19.86, and Plaintiff State of

28 | Washington on behalf of itself, its state agencies and all persons who purchased DRAM and/or

1    DRAM-containing products is entitled to relief thereunder.

2                        **(Count Forty – West Virginia)**

3        109. The aforementioned practices by Defendant were in violation of the West

4    Virginia Antitrust Act, W.Va. Code § 47-18-1 *et seq.*, and the West Virginia Consumer Credit

5    and Protection Act, W.Va. Code § 46A-1-101 *et seq.*, and the State of West Virginia, its state

6    agencies, and political subdivisions, and the natural persons it represents are entitled to relief

7    there under.

8                        **(Count Forty-One – Wisconsin)**

9        110. Defendant's acts were violations of the Wisconsin antitrust statute, Wis. Stat. §

10   133.03. These violations substantially affected the people of Wisconsin and had impacts within

11   the State of Wisconsin. Plaintiff State of Wisconsin, on behalf of its natural persons, itself, its

12   state agencies, and its political subdivisions, all of whom were indirect purchasers of DRAM or

13   DRAM-containing products, is entitled to relief for these violations under Wis. Stat. §§ 133.14,

14   133.16, 133.17, and 133.18.

15                       **(Count Forty-Two – South Dakota)**

16       111.    Defendants' acts violate, and Plaintiff State of South Dakota on behalf of itself,

17   its state agencies, political subdivisions and as *parens patriae* on behalf of its natural persons all

18   who were direct or indirect purchasers of DRAM or DRAM-contained products is entitled to

19   relief under the South Dakota antitrust laws SDCL chapter 37-1.

20                     **(Count Forty-Three – District of Columbia)**

21       112.    Defendants' acts violated provisions of the District of Columbia Antitrust Act,

22   D.C. Code § 28-4502 (2001). These acts restrained competition in Defendants' sale of DRAM or

23   DRAM-containing products in the District.

24       113.    The District of Columbia (District), its political subdivisions and public agencies,

25   along with residents of the District, have been injured by Defendants' actions, by reason of

26   paying artificially inflated prices as direct or indirect purchasers of DRAM or DRAM-containing

27   products.

28       114.    Plaintiff, the District, for its political subdivisions and public agencies, and as

Antitrust Complaint: Jury Trial Demanded                25

1   *parens patriae* on behalf of persons residing in the District, is entitled to monetary relief for

2   injuries directly or indirectly suffered by the District, its political subdivisions and public

3   agencies, and said persons, by reasons of the violations alleged above.

**(Count Forty-Four – Missouri)**

5          115.    Defendants' acts violate, and Plaintiff State of Missouri on behalf of itself, State

6   Agencies, and on behalf of consumers  is entitled to relief under, Missouri Revised Statutes §

7   407.010 et seq. (The Missouri Merchandising Practices Act), and § 416.030 et seq., (The

8   Missouri Antitrust Act), which provisions provide for the imposition of civil penalties and the

9   awarding of appropriate injunctive and other equitable relief, such as disgorgement or restitution,

10  and recovery of investigative and litigation costs.

**(Count Forty-Five – Montana)**

12         116.    Defendants' acts violate, and Plaintiff State of Montana on behalf of itself, its

13  state agencies and natural persons who purchased DRAM or DRAM-containing products

14  indirectly, is entitled to relief under the Montana Unfair Trade and Consumer Protection Act

15  (MCA §§ 30-14-101 et. al. and specifically MCA § 30-14-205), and the common law of the state

16  of Montana.

**(Count Forty-Six – Connecticut)**

18         117.    Defendant's actions as described herein had the purpose and effect of

19  unreasonably restraining trade and commerce by suppressing competition in the sale of DRAM in

20  the State of Connecticut and elsewhere, and had a substantial and adverse impact on prices for

21  DRAM and DRAM-containing products in Connecticut.  These actions violate the Connecticut

22  Antitrust Act, Conn. Gen. Stat. §§ 35-24 *et seq*.  In addition, these actions violate the

23  Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*

24         118.    Defendant's actions have caused substantial injury and damage to the State of

25  Connecticut, state agencies, and persons in the State of Connecticut.

26         119.    Richard Blumenthal, Attorney General of the State of Connecticut, seeks recovery

27  of such damages on behalf of the State of Connecticut, its state agencies, political subdivisions,

28  and the People of the State of Connecticut as *parens patriae* pursuant to Conn. Gen. Stat. § 35-

1 | 32(c)(1).

2 |     120.    Pursuant to Conn. Gen. Stat. § 35-28, plaintiff State of Connecticut, for itself and

3 | as *parens patriae* on behalf of state agencies and political subdivisions in Connecticut or persons

4 | residing in Connecticut, is entitled to a civil penalty of up to $250,000 from each individual who

5 | has violated the Connecticut Antitrust Act.

6 |     121.    Plaintiff State of Connecticut, for itself and as *parens patriae* on behalf of state

7 | agencies and political subdivisions in Connecticut or persons residing in Connecticut, is entitled

8 | to three times the total damages sustained as a result of the conduct described above, plus

9 | reasonable attorney's fees and costs pursuant to Conn. Gen. Stat. § 35-35.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff States pray:

A. Certain state antitrust law claims alleged in the Second Claim for Relief brought as a part of a class action as asserted in Paragraphs 32 and 33 of this Complaint may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B. On their First and Second Claims for Relief, for a Judgment:  That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

1. A restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief; and

2. An unlawful combination, trust, agreement, understanding, and/or concert of action in violation of state antitrust laws in the Second Claim for Relief herein;

C. That Plaintiff States recover damages, as provided by federal and state antitrust laws under the First and Second Claims for Relief for conduct occurring during the time period of approximately March 1, 1999, to June 30, 2002, and that a joint and several judgment in favor of Plaintiff States be entered against the Defendant in an amount to be trebled in accordance with such laws where applicable;

D. That Defendant, its affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on its behalf, be permanently enjoined and restrained from in any manner:  (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering into any other contract, conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; (2) communication or causing to be communicated to any other person engaged in the sale of DRAM, information concerning bids of competitors; (3) entering into agreements for the sale, transfer, assignment or lease, of DRAM producing assets directly, through joint ventures or otherwise without first providing Plaintiff States appropriate notice and disclosures; and (4) conducting further sales in the U.S. without instituting compliance programs;

1    E.  That the Plaintiff States be awarded restitution, including disgorgement of profits

2  obtained by Defendant as a result of its acts of unfair competition and acts of unjust enrichment

3  and/or any acts in violation of state antitrust, consumer protection, or other statutes and laws, and

4  the maximum civil penalties allowed by the laws of their respective States;

5    F.  That the Plaintiff States be awarded pre- and post-judgment interest, and that the

6  interest be awarded at the highest legal rate from and after the date of service of the initial

7  complaint in this action;

8    G.  That the Plaintiff States recover their costs of this suit, including reasonable

9  attorneys' fees as provided by law; and

10    H.  That the Plaintiff States have such other, further, and different relief as the case

11  may require and the Court may deem just and proper under the circumstances.

12                                    <u>JURY TRIAL DEMAND</u>

13    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff States demand

14  a trial by jury for all issues so triable.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint: Jury Trial Demanded                29

1  Date: **5/16/07**

2  EDMUND G. BROWN JR.
   Attorney General of California

3

4

5  By: _Emilio E. Varanini IV_

6  Emilio E. Varanini
   Deputy Attorney General

7  Office of the Attorney General of California
   455 Golden Gate Avenue

8  San Francisco, California 94102-3664
   Telephone: (415) 703-5908

9

10  **Liaison and Co-Lead Counsel and Attorneys
    for the State of California**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: 4-27-2007

1

2                                   TALIS J. COLBERG
                                    Attorney General of Alaska
3

4

5               By:

6                                   Clyde E. Sniffen, Jr. AK Bar # 8906036
7                                   Senior Assistant Attorney General
                                    Alaska Department of Law
8                                   1031 W. 4th Avenue #200
                                    Anchorage, AK 99501
9                                   (907) 269-5200

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded              31

Date: _4/27/07_

1

2          TERRY GODDARD, Attorney General
            of the State of Arizona
3

4

5     By: _____
            NANCY M. BONNELL, AZ Bar #016382
6           Antitrust Unit Chief
7           Office of the Attorney General
            1275 West Washington Street
8           Phoenix, Arizona 85007-2926
            Tel. (602) 542-7728
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: 4/19/07

DUSTIN MCDANIEL
Attorney General of Arkansas

By: _____
Bradford Phelps
Senior Assistant Attorney General
Arkansas Bar No. 2001245
Office of the Attorney General
323 Center St.
Little Rock, AR 72201
501/682-3625 (Phone)
501/682-8118 (Facsimile)
Bradford.phelps@arkansasag.gov

Date: May 14, 2007

JOHN W. SUTHERS
Attorney General of the State of Colorado

Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
Colorado Department of Law
1525 Sherman Street – 7th Floor
Denver, Colorado 80203
Phone: (303) 866-5079
Email: Devin.Laiho@state.co.us

Antitrust Complaint; Jury Trial Demanded                    34

Date:  April 27, 2007

RICHARD BLUMENTHAL
Attorney General of Connecticut

By:  MICHAEL E. COLE
Chief, Antitrust Department
Connecticut Attorney General's Office
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel. (860) 808-5040
Fax. (860) 808-5033
Michael.Cole@po.state.ct.us

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Antitrust Complaint; Jury Trial Demanded

Date: 4/26/2007

JOSEPH R. BIDEN III, Attorney General
Of the State of Delaware


By: _____
MICHAEL A. UNDORF, DE Bar # 3874
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Tel. (302) 577-8924

Date: 4/26/07

LINDA SINGER
Acting Attorney General

BENNETT RUSHKOFF
Acting Deputy Attorney General
Public Advocacy Division

DON RESNIKOFF
Senior Assistant Attorney General


By:

SUSAN PHAN
Assistant Attorney General
DC Bar #500479
Suite 450N
441 4th St., NW
Washington, DC 20001
(202) 727-3225 (phone)
(202) 727-6546 (fax)
Susan.Phan@dc.gov

Date: May 10, 2007

BILL McCOLLUM, Attorney General
of the State of Florida

By: PATRICIA A. CONNERS
Associate Deputy Attorney General
FL Bar # 0361275
LIZABETH A. LEEDS
Acting Division Director
FL Bar # 0457991
EMILIAN BUCATARU
Assistant Attorney General
FL Bar #0733261
Office of the Attorney General
Antitrust Division
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300

Date: *April 26, 2007*

1

2                                    MARK J. BENNETT
                                     Attorney General of the State of Hawaii
3

4

5                    By:      _____

6                             DEBORAH DAY EMERSON
                              Supervising Deputy Attorney General
7                             RODNEY I. KIMURA
                              C. BRYAN FITZGERALD
8                             Deputy Attorneys General
                              Department of the Attorney General
9                             State of Hawaii
                              425 Queen Street
10                            Honolulu, Hawaii  96813
11                            Telephone:  (808) 586-1180

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Date: 4/26/07

2                              LAWRENCE G. WASDEN
                             ATTORNEY GENERAL
3                              STATE OF IDAHO

4

5

6                              Brett T. DeLange (ISB No. 3628)
7                              Deputy Attorney General
                             Consumer Protection Unit
8                              Office of the Attorney General
                             Len B. Jordan Building
9                              650 W. State St., Lower Level
10                             P. O. Box 83720
                             Boise, Idaho 83720-0010
11                             Telephone:      (208) 334-4114
                             FAX:            (208) 334-2830
12                             brett.delange@ag.idaho.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded          40

Date: 4/30/2007

LISA MADIGAN
Attorney General of Illinois


By:      _Blake L. Harrop_
Blake L. Harrop
Assistant Attorney General
Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004


**Co-Lead Counsel and Attorneys for the State of Illinois**

Date: April 27, 2007

THOMAS J. MILLER
Attorney General of Iowa
JOHN F. DWYER
Attorney

By: _____
LAYNE M. LINDEBAK
Assistant Attorney General
Special Litigation Division
Iowa Department of Justice
Second Floor Hoover Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
Tel. (515) 281-7054

Antitrust Complaint; Jury Trial Demanded

42

Date: _____5/11/07_____

1

2    **GREGORY D. STUMBO**
     **KENTUCKY ATTORNEY GENERAL**
3

4

5    By:    _Maryelle B Mynear_

6           MARYELLEN B. MYNEAR
            Litigation Branch Manager
7           Assistant Attorney General
            Consumer Protection Division
8           1024 Capital Center Dr.
            Frankfort, KY 40601
9           (502) 696-5389
            (502) 573-8317 fax
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**CHARLES C. FOTI, JR.**
ATTORNEY GENERAL

𝔖tate of 𝔏ouisiana
DEPARTMENT OF JUSTICE
P.O. BOX 94005
**BATON ROUGE**
70804-9005

**Signature of the State of Louisiana**
**Winbond Settlement**

**The 9th day of May, 2007**

CHARLES C. FOTI, JR.
**Attorney General**

BY: *Jane Bishop Johnson*

JANE BISHOP JOHNSON
**Assistant Attorney General.**
**Louisiana Department of Justice**
**1885 N.3rd Street, 4th Floor**
**Baton Rouge, LA 70802**

Date:   April 27, 2007

G. STEVEN ROWE, Attorney General
of the State of Maine


By:   *Christina M. Moylan*

CHRISTINA M. MOYLAN, ME Bar 7095
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8838

TOTAL P.02

Date: 4/27/07

DOUGLAS F. GANSLER
MARYLAND ATTORNEY GENERAL

John R. Tennis
Assistant Attorney General
Office of the Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, Maryland 21202
Tel. # (410) 576-6470
Fax # (410) 576-7830

Antitrust Complaint: Jury Trial Demanded

Date: _5/1/07_

MARTHA COAKLEY, Attorney General
of the Commonwealth of Massachusetts

By: _Mary B Freeley_
MARY B. FREELEY, (MA BBO#544788)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel. (617) 727-2200

Date: _4-12-07_

State of Michigan
Michael A. Cox
Attorney General


*D.J Pascoe*

D.J. Pascoe
Assistant Attorney General
*Appearing Pro Hac Vice*

Consumer Protection Division
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Sweet
Lansing, Michigan 48933
Telephone: (517) 335-0855
Fax: (517) 373-4941

Date: April 12, 2007

1

2          LORI SWANSON
           Attorney General
3          State of Minnesota

4

5                    Kristen M. Olsen
6          _____
           KRISTEN M. OLSEN
7          Assistant Attorney General
           Atty. Reg. No. 30489X
8          *Appearing Pro Hac Vice*

9          445 Minnesota Street, Suite 1200
10         St. Paul, Minnesota 55101-2130
           (651) 296-2921 (Voice)
11         (651) 282-5437 (fax)

12
           ATTORNEYS FOR PLAINTIFF
13         STATE OF MINNESOTA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Date: 4/27/07

2                                  JIM HOOD
                                   ATTORNEY GENERAL
3

4

5
                                   By:  Sondra Simpson McLemore
6
                                   Special Assistant Attorney General
7                                  Consumer Protection
                                   802 North State Street Suite 301
8                                  Jackson, MS 39202
9                                  (601) 359-3748
                                   (601) 359-4231 (Fax)
10                                 Ssimp@ago.state.ms.us

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:  4-12-07

JEREMIAH W. (JAY) NIXON
MISSOURI ATTORNEY GENERAL


By ANNE E. SCHNEIDER
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO  65102

Tel:  573-751-3321
Fax:  573-751-2041

Antitrust Complaint; Jury Trial Demanded

51

TOTAL P.03

Date: April 27, 2007

Mike McGrath
Attorney General


By: CORT JENSEN
Assistant Attorney General
Montana Department of Justice
215 North Sanders P.O. Box 201401
Helena, MT 59620
(406) 444-5539 voice
(406) 444-3549 facsimile
cojensen@mt.gov

1   Date: 5/3/07

2                                   JON BRUNING, Attorney General of the
3                                   State of Nebraska,

4

5                           BY: _Leslie C. Levy_
6                                   Lynne R. Fritz, NSBA #15668
                                    Leslie C. Levy, NSBA #20673
7                                   Assistant Attorneys General
8                                   2115 State Capitol
                                    Lincoln, NE 68509-8920
9                                   Tel.: (402) 471-2682

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: 4/12/07

CATHERINE CORTEZ MASTO, Attorney
General of the State of Nevada
ERIC WITKOSKI
Chief Deputy Attorney General
Consumer Advocate

By: _~Bri-Armstrong~_____

BRIAN ARMSTRONG
Senior Deputy Attorney General
Office of the Attorney General
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Tel. (702) 486-3420

Date: *May 3, 2007*

Kelly A. Ayotte
Attorney General
State of New Hampshire

By:

David A. Rienzo (N.H. Bar No 13860)
Assistant Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-1249
(603) 223-6239 (facsimile)
david.rienzo@doj.nh.gov

Date: 4/17/07

Stuart Rabner
Attorney General
State of New Jersey


Todd C. Steadman
Deputy Attorney General
124 Halsey Street, 5th Fl.
Newark, New Jersey 07101
(973) 648-3083


ATTORNEYS FOR PLAINTIFF
STATE OF NEW JERSEY

1   Date: _April 26, 2007_

2                                    GARY KING, Attorney General
                                     of the State of New Mexico
3

4

5   By:   _____

6                                    DEYONNA YOUNG, NM Bar No. 2980
                                     Assistant Attorney General
7                                    Office of the Attorney General
                                     111 Lomas Boulevard NW, Suite 300
8                                    Albuquerque, New Mexico 87102
                                     Tel.:  (505) 222-9089
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded                57

Re: California et al. v. Winbond Electronics Co. Complaint

Dated: April 30, 2007
Raleigh, North Carolina

ROY COOPER
Attorney General of North Carolina

By: _____
K. D. Sturgis
Assistant Attorney General
N.C. State Bar. No. 9486
North Carolina Department of Justice
P. O. Box 629
Raleigh, NC 27602
Tel. 919/716.6000
Fax 919/716.6050
ksturgis@ncdoj.gov

1 | Date: 5-10-07

2 | Wayne Stenehjem, Attorney General
3 | of the State of North Dakota

4 |

5 | BY:

6 | Todd A. Sattler, ND ID No. 05719
7 | Assistant Attorney General
8 | Office of Attorney General
9 | Consumer Protection and Antitrust Division
10 | 4205 State Street
11 | PO Box 1054
12 | Bismarck, ND 58502-1054
13 | Phone: (701) 328-5570

Date: 9 May 2007, Ch.S.T.

MATTHEW T. GREGORY
Northern Mariana Islands Bar No. F0205
Attorney General of the Commonwealth of the
Northern Mariana Islands

BY: _Gregory Baka_____

GREGORY BAKA
Northern Mariana Islands Bar No. F0199
California Bar No. 145687 (inactive)
    Admitted to N.D. Cal. Dec. 11, 1989
Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg, 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone: (670) 664-2341
Fax: (670) 664-2349
E-mail: cnmioag.antitrust@yahoo.com

Date: 4/30/07

1

2       MARC DANN, Attorney General
        of the State of Ohio

3

4

5       By:  _James C. Roberts_____

6       JAMES C. ROBERTS, OH Bar #0077733
        Assistant Attorney General

7       MITCHELL L. GENTILE, OH Bar #0022274
        Principal Attorney General

8       State of Ohio Office of the Attorney General

9       Antitrust Section
        150 East Gay Street, 20th Floor

10      Columbus, Ohio 43215

11      Tel. (614) 466-4328

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded        61

1    Date:  4-12-07

2                                W.A. DREW EDMONDSON
                                  OKLAHOMA ATTORNEY GENERAL

3

4

5                  By:

6                                THOMAS A. BATES, OBA NO. 15672
                                  ASSISTANT ATTORNEY GENERAL
7                                4545 N. Lincoln Blvd., Suite 260
                                  Oklahoma City, Oklahoma 73105
8                                Phone:  (405) 522-1013

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded                62

Date: _5/9/07_

HARDY MYERS, Attorney General
For the State of Oregon


By: Tim Nord
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
503 947-4333 voice
503 378-5017 facsimile
Tim.Nord@state.or.us email

Antitrust Winbond Complaint; Jury Trial Demanded

Date: 4/27/2007

TOM CORBETT, Attorney General
Commonwealth of Pennsylvania

WILLIAM H. RYAN, JR.
First Deputy Attorney General

ALEXIS L. BARBIERI
Executive Deputy Attorney General
Public Protection Division

By: _James A. Donahue, III_

James A. Donahue, III
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
Facsimile: (717) 705-7110

PA Bar #42624

Antitrust Complaint; Jury Trial Demanded          64

Date: April 12, 2007

1

2 PATRICK C. LYNCH
 Attorney General
3 State of Rhode Island

4

5

6 By: *Edmund F. Murray Jr.*
 Edmund F. Murray, Jr., #3096
7 Special Assistant Attorney General
 150 South Main Street
8 Providence, RI 02903
 (401) 274-4400 ext. 2401
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: April 27, 2007

HENRY McMASTER
South Carolina Attorney General
C. HAVIRD JONES, JR.
Senior Assistant Attorney General

BY: _____

C. HAVIRD JONES, JR.
Senior Assistant Attorney General
Office of the Attorney General
P. O. Box 11549
Columbia, SC  29211
(803) 734-3680 (telephone)
(803) 734-3677 (fax)

Antitrust Complaint; Jury Trial Demanded

Date: April 27, 2007

LARRY LONG
Attorney General of South Dakota


By  JEFFREY P. HALLEM
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501-8501
Telephone:  (605) 773-3215
Facsimile:  (605) 773-4106

Antitrust Complaint; Jury Trial Demanded

1    Date: 4/13/07

2                              ROBERT E. COOPER, JR.
                               Attorney General of the State of Tennessee
3

4

5              By: _____

6                  VICTOR J. DOMEN, JR.  BPR#15803
                   Assistant Attorney General
7                  425 5th Avenue North
                   Nashville, Tennessee 37243-0485
8                  615-532-8986

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: ___4/12/07___

Greg Abbott
Attorney General

By: Mark A. Levy
*Appearing Pro Hac Vice*

Assistant Attorney General
Antitrust & Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1847 voice
512-320-0975 telecopy
Mark.Levy@oag.state.tx.us

Date: *April 24, 2007*

MARK L. SHURTLEFF
Attorney General of the
State of Utah


By: _____
RONALD J. OCKEY  Utah State Bar #2441
Assistant Attorney General
Office of the Attorney General of Utah
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84111
Tel. 801-366-0359

1    Date: _5-9-07_

2

                               WILLIAM H. SORRELL, Attorney General

3                                  of the State of Vermont

4

5            By:

6                                  DAVID BORSYKOWSKY

7                                  Assistant Attorney General

                                   Office of the Attorney General

8                                  109 State Street

                                   Montpelier, VT 05609-1001

9                                  (802) 828-1057

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: _4/12/07_

1

2     ROBERT F. MCDONNELL, Attorney General
         of the Commonwealth of Virginia
3     WILLIAM C. MIMS
      Chief Deputy Attorney General
4     DAVID B. IRVIN
      Senior Assistant Attorney General and Chief
5     Antitrust & Consumer Litigation Section
6

7

8     By: _Sarah Oxenham Allen_
9     SARAH OXENHAM ALLEN, VA Bar #33217
      Assistant Attorney General
10    Antitrust & Consumer Litigation Section
      Office of the Attorney General
11    900 East Main Street
      Richmond, VA 23219
12    Tel. (804) 786-6557
13

14    Admitted *Pro Hac Vice*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded

72

Signature page for the state of WASHINGTON for
*State of California et al v. Infineon Technologies AG, et al.* and
*State of California et al v. Winbond Electronic Co*
U.S. District Court, N. D. California, MDL No. 1486

Dated: March 9, 2007

ROBERT M. MCKENNA
Attorney General
TINA E. KONDO
Senior Assistant Attorney General


BRADY R. JOHNSON
*Appearing Pro Hac Vice*
Washington State Bar No. 21732
Assistant Attorney General
800 Fourth Avenue, #2000
Seattle, WA 98104
206-389-2848 (tel)
206-464-6338 (fax)

Date: 4-11-07

DARRELL V. McGRAW, JR., Attorney General
of the State of West Virginia
FRANCES A. HUGHES
Chief Deputy Attorney General


By: _____
JILL L. MILES, WV Bar # 4671
Deputy Attorney General
DOUGLAS L. DAVIS, WV Bar # 5502
Assistant Attorney General
Office of the Attorney General
812 Quarrier Street, Floor 1
Charleston, West Virginia 25301
Tel. (304) 558-8986

74

Antitrust Complaint; Jury Trial Demanded

1   Date: 4/12/07

2                              J.B. VAN HOLLEN
                              Attorney General
3

4

5

6                              By: GWENDOLYN J. COOLEY
                              Assistant Attorney General
7                              Wisconsin Department of Justice
                              Post Office Box 7857
8                              Madison, Wisconsin 53707-7857
                              (608) 261-5810 voice
9                              (608) 267-2778 facsimile
                              cooleygj@doj.state.wi.us
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28