Steven H. Morrissett (SBN 073424)
Wendy A. Herby (SBN 249991)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666
Email:        morrissett@finnegan.com
              wendy.herby@finnegan.com

William S. Farmer (SBN 46694)
Jacob P. Alpren (SBN 235713)
COLLETTE ERICKSON FARMER & O'NEILL LLP
235 Pine Street, Suite 1300
San Francisco, CA  94104
Telephone:    (415) 788-4646
Facsimile:    (415) 788-6929
Email:        wfarmer@collette.com
              jalpren@collette.com

Attorneys for Defendant WINBOND ELECTRONICS
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al., | CASE NO. C 07-02589-PJH |
| Plaintiffs, | **DEFENDANT WINBOND ELECTRONICS CORPORATION'S ANSWER AND DEFENSES TO COMPLAINT** |
| v. | |
| WINBOND ELECTRONICS CO., | |
| Defendant. | |

Defendant Winbond Electronics Corporation (hereinafter "Winbond Taiwan"), by and through its undersigned counsel, hereby files and serves its Answers and Defenses to the Complaint as follows:

As to the correspondingly numbered paragraphs of the Complaint:

## JURISDICTION AND VENUE

1.    The allegations of paragraph 1 of the Complaint are legal contentions to which no response is required.  To the extent that any facts are alleged to which a response is required, Winbond Taiwan denies them.

2.    The allegations of paragraph 2 of the Complaint are legal contentions to which no response is required.  To the extent that any facts are alleged to which a response is required, Winbond Taiwan denies them.

3.    Winbond Taiwan denies each and every allegation in paragraph 3 of the Complaint.

4.    Winbond Taiwan denies each and every allegation in paragraph 4 of the Complaint.

## DEFINITIONS

5.    The allegations of paragraph 5 of the Complaint are definitions to which no response is required.  To the extent that any facts are alleged to which a response is required, Winbond Taiwan denies them.

6.    The allegations of paragraph 6 of the Complaint are definitions to which no response is required.  To the extent that any facts are alleged to which a response is required, Winbond Taiwan denies them.

7.    The allegations of paragraph 7 of the Complaint are definitions to which no response is required.  To the extent that any facts are alleged to which a response is required, Winbond Taiwan denies them.

## THE PARTIES

### The Plaintiffs

8.    Winbond Taiwan is without sufficient knowledge or information to form a belief as to the truth of each and every other allegation of paragraph 8 and therefore denies them.

1

**Defendants**

2       9.      Winbond Taiwan admits that it is a Taiwan corporation with its principal place of

3   business at 4 Creation Road III, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C. and that it

4   has sold DRAM chips to Winbond Electronics Corporation America and others with business offices

5   in California.  Winbond Taiwan denies each and every other allegation in paragraph 9 of the

6   Complaint.

7                               **Co-conspirators**

8       10.     Winbond Taiwan admits, on information and belief, that Micron Technology, Inc. has

9   offices in Boise, Idaho.  Winbond Taiwan is without sufficient knowledge or information to form a

10  belief as to the truth of the remaining allegations in paragraph 10 and therefore denies them.

11      11.     Winbond Taiwan admits, on information and belief, that Micron Semiconductor

12  Products, Inc. has offices in Boise, Idaho.  Winbond Taiwan is without sufficient knowledge or

13  information to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore

14  denies them.

15      12.     Winbond Taiwan admits, on information and belief, that Samsung Electronics Co.,

16  Ltd. has offices in Korea.  Winbond Taiwan is without sufficient knowledge or information to form a

17  belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

18      13.     Winbond Taiwan admits, on information and belief, that Samsung Semiconductor,

19  Inc. has offices in San Jose, California.  Winbond Taiwan is without sufficient knowledge or

20  information to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore

21  denies them.

22      14.     Winbond Taiwan denies each and every allegation in paragraph 14 of the Complaint.

23      15.     Winbond Taiwan denies each and every allegation in paragraph 15 of the Complaint.

24                          **TRADE AND COMMERCE**

25      16.      Winbond Taiwan admits that it manufactures DRAM.  Winbond Taiwan admits that

26  around the beginning of 2002 it began selling DRAM in California and several other states.

27  Winbond Taiwan denies each and every other allegation of paragraph 16 of the Complaint.

28

1

**DEFENDANTS' ILLEGAL CONDUCT**

2   17.   Winbond Taiwan denies each and every allegation in paragraph 17 of the Complaint.

3   18.   Winbond Taiwan denies each and every allegation in paragraph 18 of the Complaint.

4   19.   Winbond Taiwan denies each and every allegation in paragraph 19 of the Complaint.

5

**FRAUDULENT CONCEALMENT**

6   20.   Winbond Taiwan denies each and every allegation in paragraph 20 of the Complaint.

7   21.   Winbond Taiwan denies each and every allegation in paragraph 21 of the Complaint.

8   22.   Winbond Taiwan denies each and every allegation in paragraph 22 of the Complaint.

9   23.   Winbond Taiwan denies each and every allegation in paragraph 23 of the Complaint.

10   24.   Winbond Taiwan is without sufficient knowledge or information to form a belief as to

11   the truth of the allegations of paragraph 24 and therefore denies them.

12

**INJURY**

13   25.   Winbond Taiwan denies each and every allegation in paragraph 25 of the Complaint.

14   26.   Winbond Taiwan denies each and every allegation in paragraph 26 of the Complaint.

15   27.   Winbond Taiwan denies each and every allegation in paragraph 27 of the Complaint.

16

**UNJUST ENRICHMENT**

17   28.   Winbond Taiwan denies each and every allegation in paragraph 28 of the Complaint.

18   29.   Winbond Taiwan denies each and every allegation in paragraph 29 of the Complaint.

19   30.   Winbond Taiwan denies each and every allegation in paragraph 30 of the Complaint.

20   31.   Winbond Taiwan denies each and every allegation in paragraph 31 of the Complaint.

21

**CLASS ACTION ALLEGATIONS**

22   32.   The allegations of paragraph 32 of the Complaint are legal contentions to which no

23   response is required.  To the extent that any facts are alleged to which a response is required,

24   Winbond Taiwan denies them.

25   33.   Winbond Taiwan denies each and every allegation and all of its parts in paragraph 33

26   of the Complaint.

27

28

**VIOLATIONS ALLEGED**

**First Claim for Relief**

**(Violation of Section 1 of the Sherman Act)**

**(Count One – All Plaintiff States – Injunction)**

34.    To the extent any response is required to paragraph 34 of the Complaint, Winbond Taiwan incorporates by reference its respective answers from the preceding paragraphs to the respective allegations incorporated from the Complaint.  To the extent that any additional facts are alleged in paragraph 34 to which a response in required, Winbond Taiwan denies them.

35.    Winbond Taiwan denies each and every allegation in paragraph 35 of the Complaint.

36.    Winbond Taiwan denies each and every allegation in paragraph 36 of the Complaint.

37.    Winbond Taiwan denies each and every allegation and all of its parts in paragraph 37 of the Complaint.

38.    Winbond Taiwan denies each and every allegation in paragraph 38 of the Complaint.

39.    Winbond Taiwan denies each and every allegation in paragraph 39 of the Complaint.

40.    Winbond Taiwan denies each and every allegation in paragraph 40 of the Complaint.

**Second Claim for Relief**

**Violations of State Law**

41.    To the extent any response is required to paragraph 41 of the Complaint, Winbond Taiwan incorporates by reference its respective answers from the preceding paragraphs to the respective allegations incorporated from the Complaint.  To the extent that any additional facts are alleged in paragraph 41 to which a response in required, Winbond Taiwan denies them.

**(Count One – Alaska)**

42.    Winbond Taiwan denies each and every allegation in paragraph 42 of the Complaint.

43.    Winbond Taiwan denies each and every allegation in paragraph 43 of the Complaint.

44.    Winbond Taiwan denies each and every allegation in paragraph 44 of the Complaint.

45.    Winbond Taiwan denies each and every allegation in paragraph 45 of the Complaint.

46.    Winbond Taiwan denies each and every allegation in paragraph 46 of the Complaint.

1

**(Count Two – Arizona)**

2  47.  Winbond Taiwan denies each and every allegation in paragraph 47 of the Complaint.

3

**(Count Three - Arkansas)**

4  48.  Winbond Taiwan denies each and every allegation in paragraph 48 of the Complaint.

5

**(Count Four - California)**

6  49.  Winbond Taiwan denies each and every allegation in paragraph 49 of the Complaint.

7

**(Count Five - Colorado)**

8  50.  Winbond Taiwan denies each and every allegation in paragraph 50 of the Complaint.

9

**(Count Six - Delaware)**

10  51.  Winbond Taiwan denies each and every allegation in paragraph 51 of the Complaint.

11

**(Count Seven - Florida)**

12  52.  Winbond Taiwan denies each and every allegation in paragraph 52 of the Complaint.

13  53.  Winbond Taiwan denies each and every allegation in paragraph 53 of the Complaint.

14  54.  Winbond Taiwan denies each and every allegation in paragraph 54 of the Complaint.

15  55.  Winbond Taiwan denies each and every allegation in paragraph 55 of the Complaint.

16  56.  Winbond Taiwan denies each and every allegation in paragraph 56 of the Complaint.

17  57.  Winbond Taiwan denies each and every allegation in paragraph 57 of the Complaint.

18

**(Count Eight - Hawaii)**

19  58.  Winbond Taiwan denies each and every allegation in paragraph 58 of the Complaint.

20

**(Count Nine - Idaho)**

21  59.  Winbond Taiwan denies each and every allegation in paragraph 59 of the Complaint.

22  60.  Winbond Taiwan denies each and every allegation in paragraph 60 of the Complaint.

23

**(Count Ten - Illinois)**

24  61.  Winbond Taiwan denies each and every allegation in paragraph 61 of the Complaint.

25

**(Count Eleven- Iowa)**

26  62.  Winbond Taiwan denies each and every allegation in paragraph 62 of the Complaint.

27

**(Count Twelve - Kentucky)**

28  63.  Winbond Taiwan denies each and every allegation in paragraph 63 of the Complaint.

64.   Winbond Taiwan denies each and every allegation in paragraph 64 of the Complaint.

**(Count Thirteen – Louisiana)**

65.   Winbond Taiwan denies each and every allegation in paragraph 65 of the Complaint.

**(Count Fourteen – Maine)**

66.   Winbond Taiwan denies each and every allegation in paragraph 66 of the Complaint.

**(Count Fifteen - Maryland)**

67.   Winbond Taiwan denies each and every allegation in paragraph 67 of the Complaint.

68.   Winbond Taiwan denies each and every allegation in paragraph 68 of the Complaint.

69.   The allegations of paragraph 69 of the Complaint are legal contentions to which no response is required.  To the extent any response is required, Winbond Taiwan denies each and every allegation in paragraph 69 of the Complaint.

**(Count Sixteen - Massachusetts)**

70.   Winbond Taiwan denies each and every allegation in paragraph 70 of the Complaint.

**(Count Seventeen - Michigan)**

71.   Winbond Taiwan denies each and every allegation in paragraph 71 of the Complaint.

**(Count Eighteen - Minnesota)**

72.   Winbond Taiwan denies each and every allegation in paragraph 72 of the Complaint.

**(Count Nineteen - Mississippi)**

73.   Winbond Taiwan denies each and every allegation in paragraph 73 of the Complaint.

**(Count Twenty - Nebraska)**

74.   Winbond Taiwan denies each and every allegation in paragraph 74 of the Complaint.

**(Count Twenty-One – Nevada)**

75.   Winbond Taiwan denies each and every allegation in paragraph 75 of the Complaint.

**(Count Twenty-Two – New Hampshire)**

76.   Winbond Taiwan denies each and every allegation in paragraph 76 of the Complaint.

**(Count Twenty-Three – New Jersey)**

77.   Winbond Taiwan denies each and every allegation in paragraph 77 of the Complaint.

78.   Winbond Taiwan denies each and every allegation in paragraph 78 of the Complaint.

**(Count Twenty-Four – New Mexico)**

79.     Winbond Taiwan denies each and every allegation in paragraph 79 of the Complaint.

80.     The allegations of paragraph 80 of the Complaint are legal contentions to which no response is required.  To the extent any response is required, Winbond Taiwan denies each and every allegation in paragraph 80 of the Complaint.

81.     Winbond Taiwan denies each and every allegation in paragraph 81 of the Complaint.

82.     The allegations of paragraph 82 of the Complaint are legal contentions to which no response is required.  To the extent any response is required, Winbond Taiwan denies each and every allegation in paragraph 82 of the Complaint.

**(Count Twenty-Five – North Carolina)**

83.     Winbond Taiwan denies each and every allegation in paragraph 83 of the Complaint.

84.     Winbond Taiwan denies each and every allegation in paragraph 84 of the Complaint.

85.     The allegations of paragraph 85 of the Complaint are legal contentions to which no response is required.  To the extent any response is required, Winbond Taiwan denies each and every allegation in paragraph 85 of the Complaint.

86.     Winbond Taiwan denies each and every allegation in paragraph 86 of the Complaint.

87.     Winbond Taiwan denies each and every allegation in paragraph 87 of the Complaint.

88.     Winbond Taiwan denies each and every allegation in paragraph 88 of the Complaint.

**(Count Twenty-Six – North Dakota)**

89.     Winbond Taiwan denies each and every allegation in paragraph 89 of the Complaint.

**(Count Twenty-Seven – Northern Mariana Islands)**

90.     Winbond Taiwan denies each and every allegation in paragraph 90 of the Complaint.

91.     Winbond Taiwan denies each and every allegation in paragraph 91 of the Complaint.

92.     Winbond Taiwan denies each and every allegation in paragraph 92 of the Complaint.

**(Count Twenty-Eight - Ohio)**

93.     Winbond Taiwan denies each and every allegation in paragraph 93 of the Complaint.

**(Count Twenty-Nine - Oklahoma)**

94.     Winbond Taiwan denies each and every allegation in paragraph 94 of the Complaint.

1

**(Count Thirty - Oregon)**

2      95.   Winbond Taiwan denies each and every allegation in paragraph 95 of the Complaint.

3      96.   Winbond Taiwan denies each and every allegation in paragraph 96 of the Complaint.

4      97.   Winbond Taiwan denies each and every allegation in paragraph 97 of the Complaint.

5      98.   Winbond Taiwan denies each and every allegation in paragraph 98 of the Complaint.

6      99.   Winbond Taiwan denies each and every allegation in paragraph 99 of the Complaint.

7

**(Count Thirty-One – Pennsylvania)**

8      100.   Winbond Taiwan denies each and every allegation in paragraph 100 of the

9 Complaint.

10

**(Count Thirty-Two – Rhode Island)**

11     101.   Winbond Taiwan denies each and every allegation in paragraph 101 of the

12 Complaint.

13

**(Count Thirty-Three – South Carolina)**

14     102.   Winbond Taiwan denies each and every allegation in paragraph 102 of the

15 Complaint.

16

**(Count Thirty-Four – Tennessee)**

17     103.   Winbond Taiwan denies each and every allegation in paragraph 103 of the

18 Complaint.

19

**(Count Thirty-Five - Texas)**

20     104.   Winbond Taiwan denies each and every allegation in paragraph 104 of the

21 Complaint.

22

**(Count Thirty-Six – Utah)**

23     105.   Winbond Taiwan denies each and every allegation in paragraph 105 of the

24 Complaint.

25

**(Count Thirty-Seven - Vermont)**

26     106.   Winbond Taiwan denies each and every allegation in paragraph 106 of the

27 Complaint.

28

1

**(Count Thirty-Eight - Virginia)**

2      107.    Winbond Taiwan denies each and every allegation in paragraph 107 of the

3  Complaint.

4

**(Count Thirty-Nine - Washington)**

5      108.    Winbond Taiwan denies each and every allegation in paragraph 108 of the

6  Complaint.

7

**(Count Forty – West Virginia)**

8      109.     Winbond Taiwan denies each and every allegation in paragraph 109 of the

9  Complaint.

10

**(Count Forty-One – Wisconsin)**

11      110.    Winbond Taiwan denies each and every allegation in paragraph 110 of the

12  Complaint.

13

**(Count Forty-Two – South Dakota)**

14      111.    Winbond Taiwan denies each and every allegation in paragraph 111 of the

15  Complaint.

16

**(Count Forty-Three – District of Columbia)**

17      112.    Winbond Taiwan denies each and every allegation in paragraph 112 of the

18  Complaint.

19      113.    Winbond Taiwan denies each and every allegation in paragraph 113 of the

20  Complaint.

21      114.    The allegations of paragraph 114 of the Complaint are legal contentions to which no

22  response is required.  To the extent any response is required, Winbond Taiwan denies each and every

23  allegation in paragraph 114 of the Complaint.

24

**(Count Forty-Four – Missouri)**

25      115.    Winbond Taiwan denies each and every allegation in paragraph 115 of the

26  Complaint.

27

28

1

**(Count Forty-Five – Montana)**

2    116.    Winbond Taiwan denies each and every allegation in paragraph 116 of the

3    Complaint.

4

**(Count Forty-Six – Connecticut)**

5    117.    Winbond Taiwan denies each and every allegation in paragraph 117 of the

6    Complaint.

7    118.    Winbond Taiwan denies each and every allegation in paragraph 118 of the

8    Complaint.

9    119.    Winbond Taiwan denies each and every allegation in paragraph 119 of the

10   Complaint.

11   120.    Winbond Taiwan denies each and every allegation in paragraph 120 of the

12   Complaint.

13   121.    Winbond Taiwan denies each and every allegation in paragraph 121 of the

14   Complaint.

15   122.    To the extent any further allegations are made in the Complaint to which a response is

16   required, Winbond denies them.

17

## AFFIRMATIVE DEFENSES

18   In further response to the Plaintiffs' Complaint, Winbond Taiwan states the following

19   affirmative and additional defenses:

20   1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

21   2.    Plaintiffs' claims are barred, in whole or in part, because of lack of personal

22   jurisdiction over Winbond Taiwan.

23   3.    This action is not properly maintainable as a class action as alleged by the Plaintiffs.

24   4.    Plaintiffs are not proper class representatives of the putative class.

25   5.    Plaintiffs' claims are barred, in whole or in part, because any alleged act or conduct

26   by Winbond Taiwan was reasonable and justified as *bona fide* business competition in pursuit of

27   legitimate business interests and therefore is privileged.

28

10

6.     Plaintiffs' claims are barred, in whole or in part, because any alleged conduct of Winbond Taiwan occurred outside of the jurisdiction of the Court and/or was neither directed to nor had any effect on any persons or entities or on any commerce or competition in the state.

7.     Plaintiffs' claims are barred, in whole or in part, for failure to join one or more indispensable parties, including, but not limited to, direct purchasers, intermediate purchasers, and others within the chain of distribution.

8.     Plaintiffs' claims are barred, in whole or in part, because the Complaint is uncertain and insufficient to permit Winbond Taiwan to ascertain any factual basis for the causes of action stated.

9.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to the following:  A.S. § 45.50.531(f); A.S. § 45.50.588; Ark. Code § 4-88-115; Ark. Code § 4-75-320; Ariz. Rev. Stat. § 44-1410; Cal. Bus. & Prof. Code §§ 17208 and 16750.1, and C.C.P. §§ 337-340; Colo. Rev. Stat. § 6-4-118; Conn. Gen. Stat. § 35-40; D.C. Code §§ 28-4511(b) and 12-301(8); Fla. Stat. § 542.26 and § 95.11(f); Haw. Rev. Stat. § 480-24; Id. Code § 48-619; Ia. Code § 553.16; La. Rev. Stat. § 51:1409(E); 14 Maine Rev. Stat. Ann. § 752; Mich. Comp. Laws Ann. §§  445.781, 600.5855, and 600.5813; Minn. Stat. § 325D.64; Miss. Code Ann. § 15-1-49; Mont. Code § 27-2-211; R.S. Mo § 416.131 ; Neb. Rev. Stat. § 59-1612 and 87-303.10; Nev. Rev. Stat. Ann. § 598A.220; N.H. Rev. Stat. Ann. § 356:12; N.J. Stat. Ann. § 56:9-14; N.M. Stat. Ann. § 57-1-12; N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; Ohio Rev. Code Ann. § 1331.12(B); Ore. Rev. Stat. § 646.638(6); 42. Pa. Cons. Stat. §§ 5524(7), 5525, and 5527; R.I. Gen. Laws §§ 9-1-13(a) and 6-36-23; S.C. Code § 39-5-150; S.D. Codified Laws Ann. § 37-1-14.4; Tenn. Code Ann. §§ 28-3-105 and 47-18-110; Tex. Bus. & Com. Code § 15.25; Utah Code Ann. §§ 78-12-26 and 76-10-925; 12 Vt. Stat. Ann. § 511; Va. Code Ann. § 59.1-9.14; Rev. Code Wash. § 19.86.120; W.Va. Code § 47-18-11; Wis. Stat. § 133.18.

10.     Plaintiffs' claims are barred, in whole or in part, by laches.

11.     Plaintiffs lack standing to bring this action and the claims alleged in the Complaint because the Plaintiffs have not suffered a cognizable antitrust or other actionable injury.

12.    Plaintiffs' Complaint and the claims stated therein are barred, in whole or in part, by unclean hands.

13.    Plaintiffs' claims are barred, in whole or in part, by estoppel.

14.    Plaintiffs' claims are barred, in whole or in part, because any actions taken by Winbond Taiwan did not significantly lessen, threaten, or harm any competition in any relevant market.

15.    Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan's conduct has been reasonable and based on independent, legitimate business, and economic justifications.

16.    Plaintiffs' claims are barred, in whole or in part, because any alleged error or alleged conduct of Winbond Taiwan, which it denies, was unintentional, inadvertent, and/or a *bona fide* error, notwithstanding its adoption and use of reasonable procedures under the circumstances.

17.    Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan has at all relevant times on all relevant matters acted lawfully and with legal justification.

18.    Plaintiffs' claims are barred, in whole or in part, because the asserted statutes of various states are not applicable to the alleged conduct occurring outside of the relevant state and do not confer benefits on persons who neither reside in nor conduct business in the relevant state.

19.    Plaintiffs' claims are barred, in whole or in part, because the alleged damages, if any, the fact and extent of which are expressly denied, are too speculative, uncertain, derivative, remote, and impossible to ascertain and apportion, and because the Plaintiffs' damage claims are likely to result in duplicative recoveries.

20.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' injuries, if any, the fact and extent of which are expressly denied, were not proximately caused by Winbond Taiwan.

21.    Plaintiffs' alleged damages, if any, the fact and extent of which are expressly denied, were directly and proximately caused by the independent acts or omissions of persons or entities other than Winbond Taiwan and for whom Winbond Taiwan had no control and for whose alleged actions or omissions it is not responsible.

1       22.    Plaintiffs' claims are barred, in whole or in part, because any and all injuries and

2  damages alleged in the Complaint, the fact and extent of which are expressly denied by, were

3  directly and proximately caused by or contributed to by the statements, acts, and/or omissions of the

4  Plaintiffs.

5       23.    Any conduct, act, or omission of Winbond Taiwan alleged in the Complaint, the fact

6  and extent of which Winbond Taiwan expressly denies, would have been committed by individuals

7  acting *ultra vires* and not by or on behalf of Winbond Taiwan.

8       24.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs failed to take

9  all necessary, reasonable, and appropriate actions to mitigate any alleged damages, the fact and

10  extent of which are expressly denied.

11       25.    Plaintiffs' claims are barred, in whole or in part, to the extent it seeks damages that

12  are duplicative of damages sought in other actions, which would therefore violate the Due Process

13  clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Due

14  Process provisions of the California Constitution and that of other states.

15       26.    Plaintiffs' claims are barred, in whole or in part, because any injuries or damages

16  alleged in the Complaint, the fact and extent of which Winbond Taiwan expressly denies, were not

17  incurred by or passed on to the Plaintiffs by any alleged direct purchasers of DRAM or intermediate

18  purchasers or resellers, or were incurred by or passed on to persons or entities other than the

19  Plaintiffs.

20       27.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs would be

21  unjustly enriched if they were allowed to recover the damages sought in the Complaint.

22       28.    There are other actions pending between the same parties for the same cause of action

23  in another court within the United States.  As a result, this case should be dismissed, consolidated, or

24  stayed.  Plaintiffs' claims are barred, in whole or in part, to the extent that the Plaintiffs and other

25  members of the class seek damages that are duplicative of damages sought in other actions.  *See, e.g.*

26  Minn. Stat. 325D.57.

27       29.    Plaintiffs' claims are barred because the allegations and factual contentions in the

28  Complaint against Winbond Taiwan have no evidentiary support and are groundless, in violation of

1   Cal. Code of Civ. Proc. § 128.7(b), and of the Plaintiffs' obligation to engage in due diligence before

2   filing or continuing to maintain an action.

3       30.    Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' acquiescence,

4   waiver, and/or confirmation of any alleged conduct and/or omissions by Winbond Taiwan.

5       31.    Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to

6   allege fraudulent concealment with sufficient particularity.

7       32.    To the extent Winbond Taiwan is found liable for damages, if any such damages

8   there were or are, the fact and extent of which Winbond Taiwan expressly denies, such damages

9   must be reduced in proportion to Winbond Taiwan's degree of fault.

10      33.    Without admitting the existence of any contract, combination, or conspiracy in

11  restraint of trade, Winbond Taiwan is entitled to set off any amounts paid to the Plaintiffs by any

12  other Defendants who have settled the Plaintiffs' claims against them in this matter.

13      34.    Plaintiffs' claims are barred because Winbond Taiwan's alleged conduct was

14  reasonable and performed in good faith based on legitimate justifications consistent with Winbond

15  Taiwan's independent self-interest.

16      35.    Plaintiffs' claims are barred, in whole or in part, because any conduct by Winbond

17  Taiwan had a procompetitive effect.  Winbond Taiwan denies any participation in any contract,

18  combination, or conspiracy in restraint of trade.  Any alleged conduct about which the Plaintiffs and

19  each putative class member complain resulted in increased output and lower prices for DRAM.

20      36.    Plaintiffs' claims are barred, in whole or in part, because any alleged conduct of

21  Winbond Taiwan occurred outside of the jurisdiction of the Court and/or was neither directed to nor

22  had any effect on any persons or entities or on any commerce or competition in California or any

23  other state, and would therefore violate the Due Process Clauses of the United States and California

24  Constitutions and constitutes an impermissible burden on interstate commerce in violation of the

25  Commerce Clause of the United States Constitution.  Plaintiffs' claims are similarly barred, in whole

26  or in part, to the extent that they attempt to apply various state statutes to conduct occurring outside

27  of the respective states.

28

37. Plaintiffs' claims are barred, in whole or in part, because they violate the guarantees of due process and equal protection of the United States and California Constitutions and the Full Faith and Credit and the Commerce Clauses of the United States Constitution by purportedly seeking damages for a putative class that includes large numbers of persons who are not citizens of California, have no contacts with California, and whose rights to court redress may not be subject to the jurisdiction of the California courts, with the result that Defendants are subject to a substantial risk of multiple liability should the Plaintiffs prevail. The claims violate due process, equal protection, and the Full Faith and Credit and Commerce Clauses of the United States Constitution by purporting to apply state statutes to transactions or conduct occurring outside the respective state.

38. Plaintiffs' claims are barred, in whole or in part, because they violate the United States Constitution by subjecting Winbond Taiwan to liability and punitive damages far exceeding the scope of its alleged conduct within the state of California or its impact on California citizens, and thus (a) constitutes an impermissible burden on interstate commerce in contravention of Article I, Section VIII of the United States Constitution; (b) violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, which prohibits vague and overly broad laws; and (d) violates the due Process Clause by imposing a grossly excessive or arbitrary punishment.

39. Plaintiffs' claims are barred, in whole or in part, because applying the statutes of all states in which the putative class of the Plaintiffs live or in which alleged conduct occurred with respect to the facts related to all of the putative class members is unmanageable and inequitable.

40. Plaintiffs lack standing to bring this action and the causes of action alleged in the Complaint, either individually or as class representatives.

41. Plaintiffs' claims are barred, in whole or in part, because any alleged injury was not caused by Winbond Taiwan.

42. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to plead fraud with sufficient particularity.

43. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have failed to plead conspiracy with sufficient particularity.

44.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' claims are barred by the voluntary payment doctrine, under which one cannot recover payments made with full knowledge of the facts.

45.     Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct has not unreasonably restrained trade.

46.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs and/or some of the putative class members lack standing to sue as indirect purchasers, because they purchased products that merely included DRAM as one of many components making up those products.  As such, their alleged injuries are too remote and derivative to confer standing to sue.

47.     Plaintiffs' claims are barred, in whole or in part, because of the doctrine of *res judicata* and/or collateral estoppel.

48.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs are barred from bringing this action by federal antitrust laws.

49.     Plaintiffs' claims are barred, in whole or in part, because the price of DRAM was fixed, if at all, by members of the putative class, either individually or collectively.

50.     To the extent the Plaintiffs purport to state claims under state statutes for alleged injuries arising from alleged conduct or injuries outside the respective state, the Plaintiffs lack standing to sue for the alleged injuries and this Court is without subject matter jurisdiction to hear the Plaintiffs' claims.

51.     Plaintiffs' claims for relief are barred, in whole or in part, because any alleged overcharges, the fact and extent of which are expressly denied, were absorbed, in whole or in part, by direct purchasers or others, and were not passed through to the Plaintiffs.

52.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs passed on any alleged overcharges, the fact and extent of which are expressly denied, to other persons.

53.     Venue is improper.

54.     Any alleged conduct by Winbond Taiwan complied with the laws, rules, and regulations of the fair trade laws of Taiwan.

55.     Plaintiffs' claims are preempted by state and/or federal law.

56.     Winbond Taiwan made no representations to the Plaintiffs, and therefore the Plaintiffs have no claim against it under state unfair practices or consumer protection acts.

57.     The claims of the Plaintiffs and the putative class members are barred, in whole or in part, because the Plaintiffs and the putative class members did not detrimentally rely on any alleged representations or conduct by Winbond Taiwan.

58.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

59.     Plaintiffs' claims are barred, in whole or in part, because they have an adequate remedy at law.

60.     Plaintiffs have failed to state a claim for injunction insofar as they seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm or because it is not a remedy at all under the relevant statutes.

61.     Plaintiffs' claims are barred, in whole or in part, because the asserted statutes are not applicable to the alleged conduct occurring outside of the United States that was not illegal where it occurred.

62.     Plaintiffs' claims are barred, in whole or in part, because any recovery by the Plaintiffs would amount to duplicative liability within the meaning of A.S. § 45.50.577(c).

63.     Winbond Taiwan is not incorporated under the laws of Arkansas and made no sales to the Plaintiffs in Arkansas, and accordingly, the Plaintiffs have no claim under Arkansas Unfair Practices Act, Ark. Code. Ann. §§ 4-75-301 *et seq*.

64.     Plaintiffs' claims are barred, in whole or in part, for failure of the Complaint to comply with Cal. Code Civ. Proc. § 389(c), related to indispensable or conditionally necessary parties, by failing to identify persons as required by § 389(a).

65.     Winbond Taiwan made no sales to the Plaintiffs in Delaware, and accordingly the Plaintiffs have no claim under the Cartwright Act, California Business & Professions Code §§ 16720 *et seq*.

66.    Plaintiffs' claims are barred, in whole or in part, because Florida Statute § 501.202(3) must be construed in a manner consistent with federal consumer protection law, including federal antitrust law.

67.    Plaintiffs' claims are barred, in whole or in part, because the alleged injuries are too speculative, derivative, indirect, and remote to confer standing under Florida Statute § 542.22(3)(e).

68.    Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan did not willfully violate Florida Statute § 501.204.

69.    Plaintiffs' claims are barred, in whole or in part, because the restitution the Plaintiffs seek would be punitive and excessive.

70.    Plaintiffs' have failed to plead special damages with specificity as required by Rule 9(g) of the Hawaii Rules of Civil Procedure.

71.    Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' failure to comply with the requirements of § 480-13.3 of the Hawaii Revised Statutes.

72.    Winbond Taiwan made no sales to the Plaintiffs in Idaho, and accordingly the Plaintiffs have no claim under the Idaho Competition Act, Idaho Code §§ 48-101 *et seq.*

73.    Plaintiffs' claims under Iowa Code §§ 553.4 and 714.16 are barred, in whole or in part, because Iowa Code §§ 553.4 and 714.16 cannot be applied to the conduct alleged in the Complaint or as exists in this matter.

74.    Plaintiffs' claims are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

75.    Plaintiffs' claims are barred because the allegations and factual contentions in the Complaint against Winbond Taiwan have no evidentiary support and are groundless, in violation of Kentucky Statute, KRS 367.170.

76.    Plaintiffs' claims under the Louisiana Antitrust Act, La. R.S. 51:121 *et seq.*, are barred, in whole or in part, because the Act is not applicable to conduct occurring outside the state of Louisiana.

77.     Plaintiffs' claims under Maine law are barred, in whole or in part, because they failed to make a sufficient, written demand for relief to Winbond Taiwan prior to filing the complaint, or otherwise meet the required statutory preconditions to filing suit.

78.     Plaintiffs' claims under Massachusetts Consumer Protection Act, G.L. c. 93A, sec. 2, *et seq.* are barred, in whole or in part, because G.L. c. 93A, sec. 2 cannot be applied to the conduct alleged in the Complaint or as exists in this matter.

79.     Plaintiffs' claims under Massachusetts Consumer Protection Act, G.L. c. 93A, sec. 2, *et seq.* are barred, in whole or in part, because they failed to make a sufficient, written demand for relief to Winbond Taiwan prior to filing the complaint, or otherwise meet the required statutory preconditions to filing suit pursuant to G.L. c. 93A, sec. 9.

80.     Plaintiffs' claims under the Michigan Antitrust Reform Act, MCL 445.771, *et seq.*, are barred, in whole or in part, because the MARA is not applicable to conduct occurring outside of Michigan.

81.     Plaintiffs' claims under the Michigan Antitrust Reform Act, MCL 445.771, *et seq.*, are barred, in whole or in part, because the Plaintiffs cannot establish actual damages.

82.     Plaintiffs' claims under Michigan Consumer Protection Act, MCL 445.901, *et seq.*, are barred, in whole or in part, because MCL § 445.901 cannot be applied to the conduct alleged in the Complaint or as exists in this matter.

83.     Plaintiffs' claims are barred, in whole or in part, because they violate Minn. Stat. 325D.56, which prohibits duplicative damages in multiple suits.

84.     In the event and to the extent the Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code § 75-24-15 expressly prohibits class action lawsuits.

85.     The Mississippi Antitrust Act, Miss. Code §§ 75-21-1, *et seq.*, which provides the exclusive remedies for violation of that Act, does not permit award of punitive damages.

86.     Plaintiffs' claims are barred, in whole or in part, because the Complaint as prepared and submitted fails to comply with M.R. Civ. P. Rule 9.

87.     Defendant did not willfully or knowingly violate Neb. Rev. Stat. §§ 59-1601 *et seq.*

19

88.    Plaintiffs' claims are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

89.    Plaintiffs' claims are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.01.

90.    Plaintiffs' claims are barred, in whole or in part, because recovery of punitive or exemplary damages, based on the conduct alleged in the Complaint, would violate the Nebraska Constitution.

91.    Plaintiffs' claims are barred, in whole or in part, because an award of attorneys fees, based on the conduct alleged in the Complaint, is not allowed under Nebraska law.

92.    Plaintiffs' claims are barred because the allegations and factual contentions in the Complaint against Winbond Taiwan have no evidentiary support and are groundless, in violation of Neb. Rev. Stat. §§ 87-301 *et seq.*

93.    Plaintiffs' claims under the Nevada Unfair Trade Practice Act, Nev. Rev. Stat. § 598A.010 *et seq.*, are barred, in whole or in part, because the Plaintiffs cannot establish actual damages as per Nev. Rev. Stat. § 598A.160(2).

94.    Plaintiffs' claims under New Jersey Antitrust Act, Title 56, Ch. 9 N.J. Stat. Ann. 56:9-1 *et seq.* are barred, in whole or in part, because N.J. Stat. Ann. 56:9-1 *et seq.* cannot be applied to the conduct alleged in the Complaint or as exists in this matter.

95.    Plaintiffs have failed to offer to restore defendants to the status *quo ante* as a condition for restitution.

96.    Winbond Taiwan made no sales to the Plaintiffs, and accordingly the Plaintiffs have no claim under the New Mexico Unfair Practices Act (N.M.S.A. 1978 §§ 57-12-1 *et seq.*).

97.    Plaintiffs fail to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act (N.M.S.A. 1978 §§ 57-12-1 *et seq.*).

98.    Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan did not knowingly violate N.C. General Statute §§ 75-1.1 *et seq.*

99.    Plaintiffs' claims are barred, in whole or in part, because an award of damages under N.C. General Statute § 75-16 would be unconstitutional under the facts of this case.

100. Winbond Taiwan made no sales to the Plaintiffs in North Dakota, and accordingly the Plaintiffs have no claim under North Dakota's Consumer Protection Act, N.D. Cent. Code § 51-15-01.

101. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have not suffered actual injury cognizable under Ohio's Valentine Act, O.R.C. §§ 1331.01 *et seq.*

102. Plaintiffs' claims are barred, in whole or in part, because Ohio's Valentine Act governs only conduct that is wholly or predominantly intrastate in nature, and the Complaint covers interstate or international conduct.

103. Winbond Taiwan did not knowingly violate Ohio's Valentine Act.

104. Ohio's Valentine Act is not applicable to the alleged conduct occurring outside of the state of Ohio.

105. The conduct alleged is not governed by Ohio's Valentine Act, as it was not directed to persons, commerce, or competition in the state of Ohio.

106. Indirect purchasers are barred from asserting antitrust claims under Ohio's Valentine Act or from asserting common law claims that are based on the same conduct constituting alleged violations of Ohio's Valentine Act.

107. Plaintiffs' claims under Oklahoma Consumer Protection Act, 15 O.S. §§ 751 *et seq.* are barred, in whole or in part, because 15 O.S. §§ 751 *et seq.* cannot be applied to the conduct alleged in the Complaint or as exists in this matter.

108. Plaintiffs' claims under the Oregon Antitrust Act, ORS §§ 646.705 *et seq.* are barred, in whole or in part, because the Oregon Antitrust Act is not applicable to conduct occurring outside of Oregon.

109. Plaintiffs are not entitled to damages under Pennsylvania law.

110. Plaintiffs are not entitled to damages under Rhode Island Gen. Laws § 6-13-1.

111. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs are not entitled to punitive damages under South Carolina law.

112. Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs may not pursue their claims as a class action under S.C. Code § 39-5-140(a).

21

1   113.   Plaintiffs' claims are barred, in whole or in part, because indirect intermediate

2   purchasers do not have standing under the Tennessee Unfair Trade Practices Act.

3   114.   Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan did not

4   willfully violate Tenn. Code Ann. § 47-25-101.

5   115.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs may not pursue

6   their claims as a class action under Tenn. Code Ann. § 47-18-109(a).

7   116.   Plaintiffs' claims under the Utah Antitrust Act, §§ 76-10-911 *et seq.*, are barred, in

8   whole or in part, because the Plaintiffs cannot establish actual damages.

9   117.   Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan did not

10  willfully or knowingly violate the Vermont Consumer Fraud Act, 9 V.S.A. §§ 2451 *et seq.*

11  118.   Plaintiffs' claims are barred, in whole or in part, because any recovery by the

12  Plaintiffs would amount to impermissible duplicative liability within the meaning of 9 V.S.A.

13  § 2465(b).

14  119.   Winbond Taiwan made no sales to the Plaintiffs, and accordingly the Plaintiffs have

15  no claim under the Virginia Antitrust Act, Va. Code Ann. §§ 59.1-9.1 *et seq.*

16  120.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have not

17  suffered a cognizable antitrust or other actionable injury under Rev. Code Wash. §§ 19.86.010 *et*

18  *seq.*

19  121.   West Virginia Regulation 142-9-2, which purports to grant a cause of action to

20  individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and the

21  Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois,* 434 U.S. 881 (1977).

22  122.   Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs do not have

23  standing for the following reasons:  (i) the alleged injury is not the type addressed by the West

24  Virginia Antitrust Act; (ii) the alleged injury is indirect and too remote; (iii) other individuals and

25  entities claiming direct injuries are pursuing claims; (iv) the alleged damages are speculative; and

26  (v) the Plaintiffs' damage claims create an impermissible risk of duplicative recoveries and complex

27  damages apportionment.

28

123.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-1-101 *et seq.*, are barred, in whole or in part, because the West Virginia Consumer Credit and Protection Act is not applicable to conduct alleged in the Complaint.

124.     Plaintiffs' claims are barred, in whole or in part, because Winbond Taiwan did not knowingly violate South Dakota antitrust laws, S.D. Codified Laws 37-1-3.1 *et seq.*

125.     District of Columbia Antitrust Act, D.C. Code § 28-4502 is not applicable to alleged conduct occurring outside of the District of Columbia.

126.     Plaintiffs fail to plead any necessary predicate acts to invoke application of the Missouri Merchandising Practices Act, R.S. Mo. § 407.010.

127.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs have not suffered actual injury cognizable under the Montana Unfair Trade Practices and Consumer Protection Act of 1973, MCA §§ 30-14-101 *et seq.*

128.     Winbond Taiwan reserves the right to assert other defenses and affirmative defenses that may be discovered or become known or available during the course of this litigation and to amend its Answer accordingly.

## **PRAYER FOR RELIEF**

Wherefore, Winbond Electronics Corporation prays as follows:

A.     That the Plaintiffs take nothing by way of this complaint, and the action be dismissed with prejudice;

B.     That judgment be entered in favor of Winbond Electronics Corporation and against the Plaintiffs with respect to all causes of action in the complaint;

C.     That the Court award Winbond Electronics Corporation its attorney's fees and all other costs reasonably incurred in defense of this action; and

D.     That the Court award other relief that it deems just and proper.

1    Dated:  October 9, 2007                    By:___/s/ Steven H. Morrissett_____
                                                    Steven H. Morrissett

2

3                                                   Wendy A. Herby
                                                    FINNEGAN, HENDERSON, FARABOW,
                                                      GARRETT & DUNNER, L.L.P.
4                                                   Stanford Research Park
                                                    3300 Hillview Avenue
5                                                   Palo Alto, California  94304
                                                    Telephone:(650) 849-6600
6                                                   Facsimile: (650) 849-6666
                                                    Email:     morrissett@finnegan.com
7                                                              wendy.herby@finnegan.com

8                                                   William S. Farmer (SBN 46694)
                                                    Jacob P. Alpren (SBN 235713)
9                                                   COLLETTE, ERICKSON, FARMER & O'NEILL
                                                    LLP
10                                                  235 Pine Street, Suite 1300
                                                    San Francisco, CA  94104
11                                                  Telephone:(415) 788-4646
                                                    Facsimile: (415) 788-6929
12                                                  Email:     wfarmer@collette.com
                                                               jalpren@collette.com

13
                                                    Attorneys for Defendant WINBOND
14                                                  ELECTRONICS CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28