1    JOSEF D. COOPER (Cal. S. B. 53015)
2    TRACY R. KIRKHAM (Cal. S. B. 69913)
     KELLY A. HORNE (Cal. S. B. 242675)
3    COOPER & KIRKHAM, P.C.
     655 Montgomery Street, 17th Floor
4    San Francisco, CA 94111
     Telephone: (415) 788-3030
5    Facsimile: (415) 882-7040
     jdc@coopkirk.com
6
     Indirect Plaintiffs' Co-Lead Counsel
7

EDMUND G. BROWN, JR.
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
Emilio E. Varanini (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for the State of California

(The Names of Additional Counsel Appear on Signature Page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH<br><br>MDL No. 1486 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **EXHIBIT A TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS** |
| *State of New York v. Micron Technology et al* | No. C-06-6436 PJH |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd et al* | No. C-07-1347 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07--2589-PJH<br><br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Honorable Phyllis J. Hamilton |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE:  DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION ) ) ) ) | MDL No. 1486 |
| THIS DOCUMENT RELATES TO: ) | |
| ALL INDIRECT PURCHASER ACTIONS ) | No. M-02-1486 PJH |
| *State of New York v. Micron Technology et al* ) | No. C-06-6436 PJH |
| *State of California et al v. Infineon* | |
| *Technologies AG et al* ) | No. C-06-4333 PJH |
| *State of California et al v. Samsung* ) | |
| *Electronics Co., Ltd et al* ) | No. _____ |

SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between defendants Samsung Semiconductor, Inc. ("SSI") and Samsung Electronics Company Ltd. ("SEC") (collectively, "Samsung"), on the one hand, and the Settling Plaintiffs, including all indirect purchasers of DRAM, anywhere in the United States at any time during the period January 1, 1999 and continuing through December 31, 2002 (the "Complaint Period"), on the other hand.  The "Settling Plaintiffs" are comprised of the Indirect Purchaser Plaintiffs and the Governmental Purchaser Plaintiffs as defined below.

WHEREAS, Settling Plaintiffs in these actions allege that Samsung participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of DRAM at artificially high levels in violation of Section 1 of the Sherman Act, the California Cartwright Act, the California Unfair Competition Law, and/or the antitrust, unfair competition and/or consumer protection laws of all jurisdictions within the United States; and

WHEREAS, the Settling Plaintiffs are prosecuting such claims in the above-captioned actions and the action to be filed against Samsung contemporaneous with this Agreement by Plaintiff States, et al. (collectively, the "Action"), on their own behalf and on behalf of all

1   Indirect Purchaser and Governmental Purchaser Plaintiffs, as defined in paragraphs 1-2 below,

2   against, among others, SSI and SEC; and

3         WHEREAS, the Settling Plaintiffs have conducted an investigation into the facts and the

4   law regarding the Action and have concluded that their claims are valid, but nevertheless believe

5   that resolving their claims against SSI and SEC according to the terms set forth below is in the

6   best interest of the Plaintiffs and the indirect purchasers they represent; and

7         WHEREAS, Samsung, despite its belief that neither SSI nor SEC is liable for the claims

8   asserted and have good defenses thereto, has nevertheless agreed to enter into this Agreement to

9   avoid further expense, inconvenience, and the distraction of burdensome and protracted

10  litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and

11  to put to rest with finality all claims that have been or could have been asserted against the

12  Samsung Releasees, as defined below, based on the allegations of the Action, as more

13  particularly set out below;

14        NOW, THEREFORE, in consideration of the covenants, agreements, and releases set

15  forth herein and for other good and valuable consideration, it is agreed by and among the

16  undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice

17  as to the Samsung Releasees, as defined below, and except as hereinafter provided, without costs

18  as to the Plaintiffs or the Settling Plaintiffs, subject to the approval of the Court, on the following

19  terms and conditions, and incorporating the preceding clauses:

20                          A.    Definitions.

21        1.    For purposes of this Agreement, "Indirect Purchaser Plaintiffs" is defined as all

22  natural persons and nongovernmental entities, who, at any time during the period from

23  January 1, 1999 through December 31, 2002, purchased DRAM, including all products

24  containing DRAM, anywhere in the United States indirectly from the defendants, their parents,

25  subsidiaries and affiliates.  Excluded from this definition are defendants and their parents,

26  subsidiaries and affiliates; all governmental entities; any judicial officer presiding over the

27  Action and the members of his/her immediate family and judicial staff; and all alleged co-

28  conspirators.

1        2.     For purposes of this Agreement, "Governmental Purchaser Plaintiffs" is defined

2 as all of the Plaintiff States themselves, as well as all state and local government entities in and

3 each of them, including without limitation, state agencies and departments, public undergraduate

4 and graduate education institutions and political subdivisions such as K-12 school districts,

5 cities, counties, utilities and special districts, who, at any time during the Complaint Period

6 purchased DRAM, including all products containing DRAM, anywhere in the United States

7 directly or indirectly from the defendants, their parents, subsidiaries, and affiliates and who, as

8 set out in the complaint filed contemporaneously with this Agreement by Plaintiff States and the

9 complaint in *State of New York v. Micron Technology, Inc., et al.*, Case No. C-06-6436 PJH

10 (N.D. Cal.), are represented by the Attorneys General of the Plaintiff States, to the full extent

11 permitted by state law, acting in their sovereign or proprietary capacity, their representative or

12 *parens patriae* capacity, or acting pursuant to Rule 23. Excluded from this definition are any

13 judicial officers presiding over the Action and the members of his/her immediate family and

14 judicial staff; and all federal government entities.

15        3.     "Plaintiff States" are defined as including the following States and

16 Commonwealths: Alaska, Arizona, Arkansas, California, Colorado, Delaware, Florida, Hawaii,

17 Idaho, Illinois, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan,

18 Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New

19 York, North Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon,

20 Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia,

21 Washington, West Virginia, and Wisconsin. Plaintiff States are represented by their respective

22 Attorneys General. Any other state that signs this Agreement will be considered to be a Plaintiff

23 State for purposes of this Agreement upon written notice to Samsung, and shall be bound by all

24 terms of this Agreement.

25        4.     For purposes of this Agreement, "DRAM" is defined to mean dynamic random

26 access memory devices and components ("DRAM"), including without limitation, synchronous

27 dynamic random access memory ("SDRAM"), Rambus dynamic random access memory

1    ("RDRAM"), asynchronous dynamic random access memory ("ASYNC") and double data rate

2    dynamic random access memory ("DDR"), including modules containing DRAM, RDRAM,

3    ASYNC, and/or DDR. For purposes of this Agreement, "DRAM" does not include static

4    random access memory ("SRAM") devices and components.

5         5.    "Samsung Releasees" shall refer to SSI, SEC and Samsung Electronics America,

6    Inc. ("SEA") and to all of their respective past and present, direct and indirect, parents,

7    subsidiaries, affiliates; the predecessors, successors and assigns of any of the above; and each

8    and all of the present and former principals, partners, officers, directors, supervisors, employees,

9    representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the

10   foregoing.

11        6.    "Releasors" shall refer to the Settling Plaintiffs and to their past and present

12   officers, directors, employees, agents, stockholders, attorneys, servants, representatives,

13   corporate parents, subsidiaries, affiliates, corporate partners, insurers and all other persons,

14   partnerships or corporations with whom any of the former have been, or are now, affiliated, and

15   the predecessors, successors, heirs, executives, administrators and assigns of any of the

16   foregoing.

17        7.    The "Settlement Fund" for the Indirect Purchaser Plaintiffs shall be $80,000,000

18   in United States funds, plus accrued interest on the deposits set forth in paragraphs 20 and 21.

19   The "Settlement Fund" for the Governmental Purchaser Plaintiffs shall be $10,000,000 in United

20   States funds, plus accrued interest on the deposits set forth in paragraphs 20 and 21. The funds

21   for the Indirect Purchaser Plaintiffs shall be referred to herein as the "Indirect Purchaser

22   Settlement Fund," while the funds for the Governmental Purchaser Plaintiffs shall be referred to

23   herein as the "Governmental Settlement Fund." The Indirect Purchaser Settlement Fund and the

24   Governmental Settlement Fund shall be referred to collectively where appropriate as "The

25   Settlement Funds."

26

8.    "Co-Lead Counsel" shall refer to:

Josef D. Cooper
Cooper & Kirkham, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111

David Boies, III
Straus & Boies, LLP
4041 University Drive
5th Floor
Fairfax, VA 22030

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Daniel J. Mogin
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, CA 92101

Kathleen Foote
Senior Assistant Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue
San Francisco, California 94102-3664

Blake L. Harrop
Senior Assistant Attorney General
Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601

1
2    Richard L. Schwartz
3    Assistant Attorney General
4    Antitrust Bureau
5    Office of the Attorney General of New York
6    120 Broadway, 26th Floor
7    New York, New York 10271
8
9        9.    "Micron" shall refer to Micron Technology, Inc. and/or to Micron Semiconductor
10   Products, Inc., a wholly owned and controlled subsidiary of Defendant Micron Technology, Inc.,
11   as well as the successors of said corporations.  "Infineon" shall refer to Infineon Technologies
12   AG, and/or Infineon Technologies North America Corp. and/or Qimonda AG, wholly owned and
13   controlled subsidiaries of Infineon Technologies AG, as well as the successors of said
14   corporations. "Hynix" shall refer to Hynix Semiconductor, Inc. and/or to Hynix Semiconductor
15   America, Inc., a wholly owned and controlled subsidiary of Defendant Hynix Semiconductor,
16   Inc., as well as the successors of said corporations.
17           B.    Approval of this Agreement and Dismissal
18               of Claims Against SSI and SEC.
19       10.    Settling Plaintiffs and Samsung shall use their best efforts to effectuate this
20   Agreement and its purpose, and secure the prompt, complete, and final dismissal with prejudice
21   of the Action as to SSI, SEC and SEA, but not as to any party that is not a Samsung Releasee.
22   The Parties agree to take whatever further steps, if any, may be necessary in this regard,
23   including implementation of this Agreement in individual state courts.
24       11.    Within sixty (60) days after execution of this Agreement, Settling Plaintiffs shall
25   submit to the Court a motion for preliminary approval of this Agreement and authorization to
26   disseminate notice of the settlement and final judgment as contemplated by this Agreement and
27   as required by law to the Settling Plaintiffs (the "Motion").  The Motion shall include: (i) a
28   proposed form of, method for, and date of dissemination of notice which shall be submitted to
29   Samsung with the Motion a reasonable time before submission of the Motion so that Samsung
30   may have an opportunity to provide input on the text of the proposed form of any notice; and (ii)

1   a proposed form of order and final judgment, the text of which shall be agreed upon by Settling

2   Plaintiffs and Samsung before submission of the Motion. This shall be done with the

3   understanding that any notice of the settlement shall be provided by publication and/or such

4   other means as may be required to comply with Rule 23, according to a plan to be developed by

5   Settling Plaintiffs, with a reasonable opportunity for Samsung to provide input, and to be

6   approved by the Court. The costs of notice and claims administration up to a maximum of

7   $2,500,000 shall be paid by Samsung separate and apart from the Settlement Funds, subject to

8   Samsung's review of appropriate documentation regarding expenditures incurred pursuant to the

9   notice and administration plans. If Settling Plaintiffs enter into any other DRAM settlements

10   before notice of this Agreement is given, Settling Plaintiffs agree to disseminate a single notice

11   of all of the settlements and to apportion among the settling defendants pro rata based upon

12   settlement amount the costs of notice and claims administration, which will in no event exceed

13   $2,500,000 in total for Samsung. The Motion shall recite and ask the Court to find that any

14   notice of settlement by publication to the Settling Plaintiffs constitutes valid, due and sufficient

15   notice, constitutes the best notice practicable under the circumstances, and complies fully with

16   the requirements of Federal Rule of Civil Procedure 23 and/or any other applicable law. Notice

17   to the Governmental Purchaser Plaintiffs may differ in form and substance under applicable laws

18   from notice to the Indirect Purchaser Plaintiffs.

19       12.    Settling Plaintiffs and Samsung agree that, subject to Court approval, notice of

20   this settlement shall be directed to, among others, (1) a settlement class pursuant to FRCP 23 and

21   applicable state laws of all natural persons and nongovernmental entities, who, at any time

22   during the period from January 1, 1999 through December 31, 2002, purchased DRAM,

23   including all products containing DRAM, anywhere in the United States indirectly from the

24   defendants, their parents, subsidiaries and affiliates, and (2) the Plaintiff States and the persons

25   and entities they represent, as set forth in the operative complaints in *State of California, et al. v.*

26   *Infineon Technologies AG, et al.*, Case No. C 06-4333 PJH (N.D. Cal.), *State of New York v.*

1  *Micron Technology, Inc., et al.*, Case No. C-06-6436 PJH (N.D. Cal.), and the action to be filed

2  contemporaneous with this Agreement by Plaintiff States.

3      13.    Settling Plaintiffs and Samsung shall jointly seek entry of an order and final

4  judgment, the text of which Settling Plaintiffs and Samsung shall agree upon. The terms of that

5  order and final judgment will include, at a minimum, the substance of the following provisions

6  that:

7      a.    as to the Action, approving finally this settlement and its terms as being a

8  fair, reasonable and adequate settlement as to the Settling Plaintiffs within

9  the meaning of Rule 23 of the Federal Rules of Civil Procedure or other

10  applicable law and directing its consummation according to its terms;

11      b.    as to SSI, SEC and SEA, the Action be dismissed with prejudice and,

12  except as provided for in this Agreement, without recovery of costs to

13  Samsung;

14      c.    reserving exclusive jurisdiction over the settlement and this Agreement,

15  including the administration and consummation of this settlement to the

16  United States District Court for the Northern District of California;

17      d.    determining under Federal Rule of Civil Procedure 54(b) that there is no

18  just reason for delay and directing that the judgment of dismissal as to SSI,

19  SEC and SEA shall be final;

20      e.    as to SSI and SEC, for a period of three years from the date of execution

21  of this Agreement, enjoining and restraining SSI and SEC from engaging

22  in any horizontal conduct that constitutes a *per se* violation of Section 1 of

23  the Sherman Act, including, but not limited to, price fixing, market

24  allocation and bid rigging, with respect to the sale of any DRAM product

25  for delivery in the United States and the systematic reciprocal exchange of

26  DRAM pricing information as alleged in *United States v. Samsung*

27  *Electronics Corp. Ltd. et. al.*, Case No. CR05-0643 (PJH) (U.S.D.C. N.D.

28  Cal.);

29      f.    as to SSI, for a period of three years from the date of execution of this

30  Agreement, requiring it to establish and maintain a program or programs

31  for the purpose of assuring compliance with applicable antitrust and

32  competition laws by its officers and employees. Said program or

33  programs shall provide relevant compliance education to SSI's employees

| | | |
|---|---|---|
| 1 | | and officers regarding the legal standards imposed by state and federal |
| 2 | | antitrust law, the remedies that might be applied in the event of violations |
| 3 | | of said laws, and their obligations in the event that they observe violations |
| 4 | | of said laws.  On an annual basis, SSI shall certify to the Settling Plaintiffs |
| 5 | | that SSI is fully compliant with the provisions of this paragraph and |
| 6 | | submit a written report to the Settling Plaintiffs setting forth in manner and |
| 7 | | detail how SSI has complied and is complying with the provisions of this |
| 8 | | paragraph; |
| 9 | g. | as to SSI and SEC, reducing the effective time periods of paragraphs (e) or |
| 10 | | (f) in the event Settling Plaintiffs reach a settlement agreement with |
| 11 | | Hynix, Infineon or Micron that imposes substantially the same injunctive |
| 12 | | relief for a shorter time period than the injunctive relief imposed by |
| 13 | | paragraphs (e) or (f).  The time period for paragraph (e) shall be reduced |
| 14 | | to the shortest of the time periods imposed on Hynix, Infineon or Micron |
| 15 | | for the prohibitions of paragraph (e) and the time period for paragraph (f) |
| 16 | | shall be reduced to the shortest of the time periods imposed on Hynix, |
| 17 | | Infineon or Micron for the prohibitions of paragraph (f); |
| 18 | h. | as to SSI, SEC and SEA, staying any action filed against them by Settling |
| 19 | | Plaintiffs while approval of this Agreement is pending within the meaning |
| 20 | | of paragraph 14; |
| 21 | i. | Co-Lead Counsel shall file with the Clerk of the Court a record of the |
| 22 | | Settling Plaintiffs who timely excluded themselves from the settlement, |
| 23 | | shall provide a copy of the record to counsel for Samsung, and shall |
| 24 | | maintain the record for a period of five years; |
| 25 | j. | certifying solely for purposes of this settlement the Class of Indirect |
| 26 | | Purchaser Plaintiffs defined above; |
| 27 | k. | certifying solely for purposes of this settlement the Class of Governmental |
| 28 | | Purchaser Plaintiffs located in those States for which class allegations are |
| 29 | | made in the complaint filed contemporaneously with this Agreement by |
| 30 | | Plaintiff States; |
| 31 | l. | approving the payment of $1,000,000 in attorneys' fees for the |
| 32 | | Governmental Purchaser Plaintiffs, directing the financial institution to |
| 33 | | which such fees may be deposited and allowing Plaintiff States to allocate |
| 34 | | such fees among counsel for Governmental Purchaser Plaintiffs in a |
| 35 | | manner which they in good faith believe reflects the contributions of such |
| 36 | | counsel to the investigation, prosecution and settlement of the Action.  No |

1   party to this Agreement shall object to any application of attorneys' fees
2   made pursuant to this paragraph or to the award of $1,000,000 in
3   attorneys' fees to the Governmental Purchaser Plaintiffs; and

4   m.   Approving the payment of attorneys' fees for private counsel for the
5        Indirect Purchaser Plaintiffs as determined by paragraph 27 below.
6        No party to this Agreement shall object to any application of attorneys'
7        fees made pursuant to this paragraph or to the award of attorneys' fees to
8        private counsel for the Indirect Purchaser Plaintiffs in the amount
9        determined pursuant to paragraph 27.

10  14.   This Agreement shall become final when the Court has entered an order and final
11  judgment approving this Agreement under Federal Rule of Civil Procedure 23(e) and/or
12  applicable state laws and a final judgment dismissing the Action with prejudice as to SSI, SEC
13  and SEA against Settling Plaintiffs and one of the following dates occurs, on such date: (i) if an
14  appeal is taken, the date of final affirmance on appeal of the order and final judgment, the
15  expiration of the time for a petition for or a denial of a writ of certiorari to review the order and
16  final judgment and, if certiorari is granted, the date of final affirmance of the order and final
17  judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal
18  from the order and final judgment or the final dismissal of any proceedings on certiorari to
19  review the order and final judgment; or (iii) if no appeal is filed, the expiration date of the time
20  for the filing or noticing of any appeal from the order and final judgment, *i.e.*, thirty (30) days
21  after entry of the order and final judgment. This Agreement shall be deemed executed as of the
22  last date of signature by Samsung and each of the Settling Plaintiffs. The date of execution of
23  this Agreement shall not be extended in the event that any other state signs and agrees to be
24  bound by this Agreement pursuant to the last sentence of paragraph 3 of this Agreement. As of
25  the date of execution of this Agreement, Settling Plaintiffs and Samsung shall be bound by the
26  terms of the Agreement and the Agreement shall not be rescinded except in accordance with
27  paragraphs 23 or 28 of this Agreement.

28  15.   Neither this Agreement (whether or not it should become final) nor the final
29  judgment, nor any and all negotiations, documents and discussions associated with such

1   negotiation, shall be deemed or construed to be an admission by, or form the basis of an estoppel
2   by a third party against, any of the Samsung Releasees, or evidence of any violation of any
3   statute or law or of any liability or wrongdoing whatsoever by any of the Samsung Releasees, or
4   of the truth of any of the claims or allegations contained in any complaint or any other pleading
5   filed by Settling Plaintiffs in this Action, and evidence thereof shall not be discoverable, or used
6   directly or indirectly, in any way, whether in this Action or in any other action or proceeding.
7   Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or
8   proceedings connected with it, nor any action taken to carry out this Agreement by any of the
9   Settling Plaintiffs or Samsung shall be referred to, offered into evidence or received in evidence
10  in any pending or future civil, criminal or administrative action or proceeding, except in a
11  proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or
12  as otherwise required by law.

13              C.     Release, Discharge, and Covenant Not to Sue.

14       16.    In addition to the effect of any final judgment entered in accordance with this
15  Agreement, upon this Agreement becoming final as set out in paragraph 14 of this Agreement,
16  and in consideration of payment of the Settlement Funds, the costs of notice and claims
17  administration, and Settling Plaintiffs' attorneys' fees, as specified in paragraphs 11, 20, 24 and
18  27 of this Agreement, and for other valuable consideration, the Samsung Releasees shall be
19  completely released, acquitted, and forever discharged from any and all claims, demands,
20  actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not
21  any Settling Plaintiff has objected to the settlement or makes a claim upon or participates in the
22  Settlement Funds, whether directly, representatively, derivatively or in any other capacity) that
23  Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of,
24  or in any way arising out of, any and all known and unknown, foreseen and unforeseen,
25  suspected or unsuspected injuries, damages, and the consequences thereof in any way arising out
26  of or relating in any way to any act or omission of the Samsung Releasees (or any of them)
27  concerning the sale or pricing of DRAM products up to December 31, 2002 based on the conduct

1   alleged and causes of action asserted or that could have been asserted, in complaints filed in the

2   Action by Settling Plaintiffs, or in any similar action filed in state court, including, without

3   limitation, any claims arising under any federal or state antitrust, unjust enrichment, unfair

4   competition, trade practice statutory or common law, and consumer protection law (to the extent

5   that a consumer protection claim would be based on allegations of an antitrust or unfair

6   competition violation) (the "Released Claims").  Releasors, shall not, after the date of this

7   Agreement, seek to establish liability against any Samsung Releasee based, in whole or in part,

8   upon any of the Released Claims, or conduct at issue in the Released Claims.  The parties

9   contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an

10   injunction may be obtained, preventing any action from being initiated or maintained in any case

11   sought to be prosecuted on behalf of indirect DRAM purchasers with respect to the claims

12   released in this paragraph.

13        17.    In addition to the provisions of paragraph 16 of this Agreement, Releasors hereby

14   expressly waive and release, upon this Agreement becoming final, any and all provisions, rights,

15   and benefits conferred by § 1542 of the California Civil Code, which states:

16       CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.  A
17       GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
18       THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
19       OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
20       WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
21       AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

22   or by any law of any state or territory of the United States, or principle of common law, which is

23   similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may

24   hereafter discover facts other than or different from those which he, she, or it knows or believes

25   to be true with respect to the claims which are the subject matter of the provisions of paragraph

26   16 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever

27   settles and releases, upon this Agreement becoming final, any known or unknown, suspected or

28   unsuspected, contingent or non-contingent claim with respect to the subject matter of the

1    provisions of paragraph 16 of this Agreement, whether or not concealed or hidden, without
2    regard to the subsequent discovery or existence of such different or additional facts.

3          18.    The release, discharge, and covenant not to sue set forth in paragraph 16 of this
4    Agreement does not include claims by any of the Settling Plaintiffs other than the claims set
5    forth therein and does not include other claims, such as those solely arising out of product
6    liability or warranty claims in the ordinary course of business.

7                        D.    Cooperation

8          19.    Samsung agrees to give full, continuing and complete cooperation to Settling
9    Plaintiffs regarding DRAM by: (a) giving full and truthful assistance in any investigation,
10   discovery and/or trial relating to any complaint against any DRAM manufacturer; (b) giving
11   Settling Plaintiffs all reasonably-available liability evidence relevant to any DRAM
12   manufacturer; (c) providing a database of key documents; (d) producing in the United States
13   relevant documents relating to sales, pricing and damages; (e) meeting and conferring on making
14   available appropriate employees for depositions and trial, as well as providing an oral proffer of
15   said employees' testimony upon request; (f) producing at trial, and if necessary, at multiple trials,
16   in person, by deposition or by affidavit, whichever is legally necessary, representatives to
17   provide truthful and complete testimony, at Samsung's expense, including the transportation of
18   foreign witnesses to the United States; (g) making employees reasonably available for interviews
19   by Settling Plaintiffs' counsel in the United States, at Samsung's expense; (h) providing
20   reasonable access to all economic analyses applicable to determining the impact of the
21   conspiracy to raise, fix, maintain, or stabilize the price of DRAM at artificially high levels, as
22   well as allocate markets, and calculating damages, save those economic analyses exclusively
23   prepared for, or exclusively relevant to, settlements with other entities; (i) making economic
24   experts reasonably available for debriefing and interviewing regarding any economic analyses
25   performed to which Settling Plaintiffs are given access pursuant to this paragraph of the
26   Settlement Agreement; and (j) making counsel available for debriefing regarding their
27   understanding of plaintiffs' case and evidence. Samsung further agrees to provide Settling

1   Plaintiffs all DRAM cooperation materials that have been provided to the Antitrust Division of

2   the United States Department of Justice.  Samsung acknowledges that its cooperation pursuant to

3   this paragraph will involve the production of some attorney work-product and that such

4   cooperation will involve Samsung's expenditure of reasonable costs.  It is understood that no

5   information or documents will be produced that were obtained from other entities exclusively

6   through or pursuant to joint defense communications and could not have been obtained but for

7   those joint defense communications.  Any statements or representations pursuant to this

8   cooperation provision that are not made under penalty of perjury may not be used in evidence in

9   this Action or any other proceeding against the Samsung Releasees; however, the Settling

10  Plaintiffs are completely free to pursue any and all investigative leads derived in any way from

11  statements or representations made pursuant to this cooperation agreement.  Furthermore, if a

12  representative of Samsung should subsequently testify contrary to the substance of statements or

13  representations made to the Settling Plaintiffs pursuant to this cooperation agreement, or

14  otherwise present a position inconsistent with such statements or representations, nothing shall

15  prevent the Settling Plaintiffs from using the substance of the statements or representations for

16  impeachment or rebuttal purposes.  Samsung shall use its best efforts to provide such

17  cooperation which meets the needs of Settling Plaintiffs.  Samsung shall begin to provide such

18  cooperation within five (5) days after execution of this Agreement.  Information supplied

19  pursuant to this cooperation provision shall not be disclosed to any third party except (i) in any

20  action brought by Settling Plaintiffs against DRAM manufacturers with respect to claims

21  regarding DRAM; or (ii) with Samsung's prior written consent.  The Court has the power to

22  enforce this cooperation paragraph as appropriate.  All of the foregoing provisions of this

23  paragraph apply only to DRAM, and to no other products.

24              E.    Settlement Amount

25        20.    Subject to the provisions hereof, and in full, complete and final settlement of the

26  Action as provided herein, defendant Samsung shall pay $90,000,000 in United States funds,

27  $80,000,000 for the Indirect Purchaser Plaintiffs and $10,000,000 for the Governmental

1   Purchaser Plaintiffs, into two escrow accounts, one for the Indirect Purchaser Plaintiffs and the

2   other for the Governmental Purchaser Plaintiffs, to be administered in accordance with the

3   provisions of paragraph 21 of this Agreement (the "Settlement Fund Escrow Accounts"). These

4   amounts shall be wired into the Settlement Fund Escrow Accounts no later than ten (10) business

5   days from the date on which the order granting the motion for preliminary approval of this

6   Agreement is entered, together with interest on such amounts to be determined on the same basis

7   as under 18 U.S.C. § 3612(f)(2), so that such interest shall be computed (a) daily, beginning ten

8   (10) business days from the date of execution of this Agreement, and (b) at a rate equal to the

9   weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

10  of the Federal Reserve System, for the calendar week preceding the tenth business day after

11  execution of this Agreement. In addition to, and separate and apart from, the foregoing Indirect

12  Purchaser and Government Settlement Funds, Samsung shall pay the costs of notice and claims

13  administration, up to a maximum of $2,500,000, as provided in paragraphs 11 and 24 of this

14  Agreement, subject to Samsung's review of appropriate documentation regarding expenditures

15  incurred pursuant to the notice and administration plans. In addition to, and separate and apart

16  from, the foregoing Indirect Purchaser and Government Settlement Funds, and the foregoing

17  payment of costs of notice and claims administration, Samsung shall pay $1,000,000 in United

18  States funds as attorneys' fees for counsel for Governmental Purchaser Plaintiffs into a separate

19  escrow account (hereinafter the "States' Fees Escrow Account") no later than ten (10) business

20  days from the date on which the order granting the motion for preliminary approval of this

21  Agreement is entered, together with interest on such amount at the same rate and for the same

22  period as determined above for the funds to be deposited into the Settlement Fund Escrow

23  Accounts. In addition to, and separate and apart from, the foregoing Indirect Purchaser and

24  Government Settlement Funds, the foregoing payment of costs of notice and claims

25  administration, and the foregoing payment of attorneys' fees for counsel for Governmental

26  Purchaser Plaintiffs, Samsung shall pay attorneys' fees for private counsel for the Indirect

27  Purchaser Plaintiffs in the amount determined as provided in paragraph 27 of this Agreement

28  into a separate escrow account (hereinafter, the "Indirect Purchaser Plaintiffs' Fees Escrow

1   Account") no later than ten (10) business days from the date on which the order granting the

2   motion for preliminary approval of this Agreement is entered or no later than ten (10) business

3   days from the date of determination of the amount of the fees, whichever is later, together with

4   interest at the same rate(s) as earned by the Indirect Purchaser Settlement Fund for the period

5   beginning on the earlier of (a) ten (10) business days from the date on which the motion for

6   preliminary approval of this Agreement is filed, or (b) ten (10) business days from the date of

7   determination of the amount of the fees, and ending on the date that the funds are paid to the

8   Indirect Purchaser Plaintiffs' Fees Escrow Account.

9        21.   Escrow Account

10       (a)   The Settlement Funds Escrow Accounts referenced in paragraph 20 will be

11  established at a bank to be agreed by Settling Plaintiffs and Samsung as soon as practicable, with

12  such bank serving as escrow agent(s) ("Escrow Agent(s)") subject to escrow instructions as

13  agreed by the Parties. Such escrow accounts are to be administered under the Court's continuing

14  supervision and control. The States' Fees Escrow Account referenced in paragraph 20 also shall

15  be established at the same bank, with such bank serving as Escrow Agent subject to escrow

16  instructions from Plaintiff States' Co-Lead Counsel and Samsung, such escrow also to be

17  administered under the Court's continuing supervision and control. The States' Fees Escrow

18  Account shall not include the attorneys' fees of private counsel for the Indirect Purchaser

19  Plaintiffs; those fees shall be deposited into a separate Escrow Account with the Escrow Agent at

20  a time and in a manner subject to the agreement of Indirect Purchaser Plaintiffs and Samsung.

21  All of the following sections of this paragraph apply to this States' Fees Escrow Account (and to

22  any future Escrow Account established for the Indirect Purchaser Plaintiffs' private counsel's

23  attorneys' fees) in exactly the same manner as they do to the Escrow Accounts for the Settlement

24  Funds.

25       (b)   The Escrow Agents shall cause the funds deposited in the Escrow Accounts to be

26  invested in instruments backed by the full faith and credit of the United States Government or

27  fully insured by the United States Government or an agency thereof, or money market funds

1  invested substantially in such instruments, and shall reinvest any income from these instruments
2  and the proceeds of these instruments as they mature in similar instruments at their then current
3  market rates.

4      (c)    All funds held in the Escrow Accounts shall be deemed and considered to be in
5  custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such
6  time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the
7  Court.

8      (d)    Settling Plaintiffs and Samsung agree to treat the Settlement Funds as being at all
9  times "qualified settlement funds" within the meaning of Treas. Reg. §1.468B-1. In addition, the
10  Escrow Agent shall timely make such elections as necessary or advisable to carry out the
11  provisions of this paragraph 21, including the "relation-back election" (as defined in Treas. Reg.
12  §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with
13  the procedures and requirements contained in such regulations. It shall be the responsibility of
14  the Escrow Agents to timely and properly prepare and deliver the necessary documentation for
15  signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

16      (e)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and
17  the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent for each
18  Escrow Account. The Escrow Agents shall timely and properly file all informational and other
19  tax returns necessary or advisable with respect to the Settlement Funds (including without
20  limitation the returns described in Treas. Reg. §1.468B-2(k)(l)). Such returns (as well as the
21  election described in paragraph 21(d)) shall be consistent with paragraph 21(d) and in all events
22  shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or
23  penalties), on the income earned by the Settlement Funds shall be paid out of the Settlement
24  Funds as provided in paragraph 21(f) hereof.

25      (f)    All (i) taxes (including any estimated taxes, interest or penalties) arising with
26  respect to the income earned by the Settlement Funds, including any taxes or tax detriments that
27  may be imposed upon Samsung or any other Samsung Releasee with respect to any income
28  earned by the Settlement Funds for any period during which the Settlement Funds do not qualify

1   as "qualified settlement funds" for federal or state income tax purposes ("Taxes"); and (ii)

2   expenses and costs incurred in connection with the operation and implementation of paragraphs

3   21(d) through 21(f) (including, without limitation, expenses of tax attorneys and/or accountants

4   and mailing and distribution costs and expenses relating to filing (or failing to file) the returns

5   described in this paragraph 21(g) ("Tax Expenses")), shall be paid out of the Settlement Funds.

6          (g)      Neither Samsung nor any other Samsung Releasee nor their respective counsel

7   shall have any liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax

8   Expenses shall be timely paid by the Escrow Agents out of the Settlement Funds without prior

9   order from the Court and the Escrow Agents shall be obligated (notwithstanding anything herein

10  to the contrary) to withhold from distribution to any claimants authorized by the Court any funds

11  necessary to pay such amounts including the establishment of adequate reserves for any Taxes

12  and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

13  §1.468B-2(1)(2)).  Neither Samsung nor any other Samsung Releasee is responsible nor shall

14  they have any liability therefore.  Settling Plaintiffs and Samsung agree to cooperate with the

15  Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably

16  necessary to carry out the provisions of paragraphs 21(d) through 21(f).

17         (h)      If the Agreement does not receive final Court approval, or if the Action is not

18  certified as a class action for settlement purposes, then all amounts paid by Samsung into the

19  Settlement Funds shall be promptly returned to Samsung from the Escrow Accounts by the

20  Escrow Agents along with any interest accrued thereon less expenses incurred for taxes or any

21  other expenses incurred by the Settlement Funds.

22         22.    Exclusions.  Co-Lead Counsel, in conjunction with the settlement administrator,

23  shall cause copies of requests for exclusion from the Settlement Classes to be provided to

24  counsel for Samsung as they are received.  Settling Plaintiffs may not exclude themselves by

25  filing such requests for exclusion as a group, but must in each instance individually execute such

26  notices.  No later than ten (10) days after the final date for mailing requests for exclusion, Co-

27  Lead Counsel shall provide counsel for Samsung with a complete and final list of opt-outs.  The

28  proposed order contemplated by paragraphs 11 and 13 of this Agreement shall allow Settling

1    Plaintiffs and Samsung to seek discovery from opt-outs to obtain information sufficient to

2    calculate opt-out DRAM purchases.

3         23.    Opt-Out Termination Rights. In the event that Samsung determines that valid and

4    timely requests for exclusion have been made by multiple members of the Settlement Classes

5    such that Samsung believes in good faith that there is a risk that it will be forced to defend itself

6    in substantial litigation with respect to claims by opt-outs, Samsung, in its discretion, acting in

7    good faith, and after meeting and conferring with Co-Lead Counsel, may elect to terminate the

8    Agreement by serving written notice of such election on Co-Lead Counsel by facsimile and

9    overnight courier and by filing a copy of such notice with the Court no later than the twentieth

10   day from the day on which Samsung receives the final opt-out list. In the event that Samsung

11   exercises its option to terminate this Agreement: (a) this Agreement shall be null and void, and

12   shall have no force or effect and shall be without prejudice to the rights and contentions of

13   Samsung, the Samsung Releasees, Settling Plaintiffs in this or any other litigation; and (b) the

14   Settlement Funds paid by Samsung, plus interest thereon, shall be refunded promptly to

15   Samsung, and the Escrow Agents shall be promptly so notified and instructed.

16        24.    Payment of Expenses

17        (a)    Samsung agrees to pay a maximum of $2,500,000 towards any notice to the

18   Settling Plaintiffs and claims administration costs, separately from, and in addition to, the

19   Settlement Funds, subject to Samsung's review of appropriate documentation regarding

20   expenditures incurred pursuant to the agreed-upon and approved notice and administration plans.

21   The cost of any notice to the Settling Plaintiffs and claims administration are not recoverable if

22   this settlement does not become final. Other than as set forth in this paragraph 24(a), and in

23   paragraphs 11 and 20 of this Agreement, and except as Indirect Purchaser Plaintiffs' counsel and

24   Samsung shall negotiate and Indirect Purchaser Plaintiffs' counsel shall apply for attorneys' fees

25   pursuant to paragraph 27 below, neither Samsung nor any of the other Samsung Releasees under

26   this Agreement shall be liable for any of the costs or expenses of the litigation of the Action,

27   including, without limitation, attorneys' fees, fees and expenses of expert witnesses and

1   consultants, and costs and expenses associated with discovery, motion practice, hearings before

2   the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for

3   class administration and costs.

4        (b)    If Co-Lead Counsel enter into any other settlements on behalf of the Settling

5   Plaintiffs before notice of this Agreement is given to the Classes, Co-Lead Counsel agree to

6   provide a single notice to prospective class members of all of the settlements and to apportion

7   pro rata based on settlement amount among such settling defendants the costs of notice and

8   claims administration, subject to the above maximum for Samsung.

9                          F.    <u>The Settlement Funds</u>

10      25.    Except as expressly provided in paragraphs 11, 20, 24 and 27 of this Agreement

11  with respect to Samsung's payment of notice and claims administration costs and Settling

12  Plaintiffs' reasonable attorneys' fees, Releasors shall look solely to the Settlement Funds for

13  settlement and satisfaction against Releasees of all Released Claims, and shall have no other

14  recovery against Samsung or any other Samsung Releasee.

15      26.    After this Agreement becomes final within the meaning of paragraph 14, the

16  Indirect Purchaser Settlement Fund shall be distributed in accordance with a plan to be submitted

17  at the appropriate time by the Indirect Purchaser Plaintiffs, subject to approval by the Court. The

18  Governmental Purchaser Settlement Fund shall be distributed in accordance with a plan to be

19  submitted at the appropriate time by the Governmental Purchaser Plaintiffs, subject to approval

20  by the Court. Neither Samsung nor any other Samsung Releasee under this Agreement shall

21  have any responsibility for, or interest in, or liability whatsoever with respect to, or shall file any

22  opposition to, the proposed or actual allocation of the Settlement Funds among Settling

23  Plaintiffs, and/or any other person or entity who may assert some claim to the Settlement Funds.

24      27.    <u>Attorneys' Fees for Counsel for Indirect Purchaser Plaintiffs</u>

25       (a)    Following execution of this Agreement, private counsel for Indirect Purchaser

26  Plaintiffs and Samsung shall meet and confer and attempt to negotiate in good faith an

27  appropriate amount of attorneys' fees incurred in connection with prosecuting the Action, to be

1    paid to private counsel for the Indirect Purchaser Plaintiffs by Samsung separate from and in
2    addition to the Indirect Purchaser Settlement Fund. If an agreement regarding such fees cannot
3    be reached through good faith negotiations, private counsel for the Indirect Purchaser Plaintiffs
4    and Samsung shall submit their dispute to binding arbitration in the Northern District of
5    California in accordance with such rules and procedures as to which they shall in good faith
6    negotiate and agree. The Arbitrator shall not have the power to modify any of the provisions of
7    this Agreement, but the Arbitrator's decision shall be final and binding as to the reasonable
8    amount of attorneys' fees, with no right of appeal. Private counsel for Indirect Purchaser
9    Plaintiffs and Samsung shall use their best efforts to negotiate an appropriate amount of
10   attorneys' fees, and if necessary, complete the arbitration contemplated by this paragraph 27(a)
11   before the date on which the motion for preliminary approval of this Agreement is filed.

12       (b)    Following agreement by the parties or a binding determination by the Arbitrator,
13   Samsung shall deposit the fees into the Indirect Purchaser Plaintiffs' Fees Escrow Account, with
14   accrued interest as provided in paragraphs 20 and 21, above, and private counsel for the Indirect
15   Purchaser Plaintiffs shall submit an application to the Court (the "Fee Application") for approval
16   of the fees agreed upon by the Parties or determined by the Arbitrator. In the event that the fees
17   awarded by the Court (the "Fee Award") are less than the amount agreed upon by the Parties or
18   determined by the Arbitrator, the Escrow Agent shall refund to Samsung the difference, plus
19   interest on the difference, from the Indirect Purchaser Plaintiffs' Fee Escrow Account. After this
20   Agreement becomes final within the meaning of paragraph 14, above, the Fee Award shall be
21   paid to Co-Lead Counsel for the Indirect Purchaser Plaintiffs forthwith.

22       (c)    The procedure for and the allowance or disallowance by the Court of the
23   application by private counsel for the Indirect Purchaser Plaintiffs for attorneys' fees is to be
24   considered by the Court separately from the Court's consideration of the fairness, reasonableness
25   and adequacy of the Agreement, and any order or proceeding relating to the Fee Application or
26   any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect

1   or delay the finality of the Judgment approving the settlement. No party to this Agreement shall
2   object to any application for attorneys' fees made pursuant to paragraph 27(b).

3          (d)    Except as expressly provided in this Agreement, neither Samsung nor any other
4   Samsung Releasee under this Agreement shall have any responsibility for, or interest in, or
5   liability whatsoever with respect to any payment to private counsel for the Indirect Purchaser
6   Plaintiffs of any Fee Award in the Action or with respect to any payment to counsel for
7   Governmental Purchaser Plaintiffs of any attorneys' fees in the Action.

8          (e)    Neither Samsung nor any other Samsung Releasee under this Agreement shall
9   have any responsibility for, or interest in, or liability whatsoever with respect to the allocation
10  among Indirect Purchaser Plaintiffs' Counsel, and/or any other person or entity who may assert
11  some claim thereto, of any Fee Award that the Court may make in the Action, or with respect to
12  any allocation among counsel for Governmental Purchaser Plaintiffs that the Court may leave up
13  to the Governmental Purchaser Plaintiffs or that the Court may make in this Action.

14  F.    Rescission if the Agreement is Not Approved or Final Judgment is Not Entered

15         28.    If the Court refuses to approve this Agreement or any material part hereof, or if
16  such approval is materially modified or set aside on appeal, or if the Court does not enter the
17  final judgment provided for in paragraph 13 of this Agreement, or if the Court enters the final
18  judgment and appellate review is sought, and on such review, such final judgment is not affirmed
19  in its entirety, then Samsung and the Plaintiffs shall each, in their sole discretion, have the option
20  to rescind this Agreement in its entirety. Written notice of the exercise of any such right to
21  rescind shall be made according to the terms of this paragraph 28. A modification or reversal on
22  appeal of any amount of the Indirect Purchaser Plaintiffs' Counsel's fees or counsel for
23  Governmental Purchaser Plaintiffs' fees awarded by the Court shall not be deemed a
24  modification of all or a part of the terms of this Agreement or such final judgment.

25         29.    In the event that this Agreement does not become final, then this Agreement shall
26  be of no force or effect and any and all parts of the Settlement Funds caused to be deposited in

1   the Escrow Accounts, including all attorneys' fees deposited in the States' Fees Escrow Account

2   and the Indirect Purchaser Plaintiffs' Fee Escrow Account, and including all interest earned on

3   such accounts, shall be returned forthwith to Samsung less only disbursements made in

4   accordance with this Agreement. Samsung and Settling Plaintiffs expressly reserve all of their

5   rights if the Agreement does not become final. Further, and in any event, Settling Plaintiffs and

6   Samsung agree that this Agreement, whether or not it shall become final, and any and all

7   negotiations, documents, and discussions associated with its negotiation, shall not be deemed or

8   construed to be an admission or evidence of any violation of any statute or law or of any liability

9   or wrongdoing by the Samsung Releasees, or of the truth of any of the claims or allegations

10  contained in the complaints or any other pleadings filed by Settling Plaintiffs in the Action, and

11  evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in

12  the Action or in any other action or proceeding.

13        30.    This Agreement shall be construed and interpreted to effectuate the intent of the

14  Parties, which is to provide, through this Agreement, for a complete resolution of the relevant

15  claims with respect to each Samsung Releasee as provided in this Agreement.

16        31.    The Parties to this Agreement contemplate and agree that, prior to final approval

17  of the Settlement as provided for in paragraphs 11 and 13 of this Agreement, appropriate notice

18  (1) of the Settlement; (2) of a hearing at which the Court will consider the approval of this

19  Settlement Agreement; and (3) that Settling Plaintiffs may be permitted to exclude themselves

20  from the Settlement, will be given to Settling Plaintiffs.

21                          G.    Miscellaneous

22        32.    This Agreement does not settle or compromise any claim by Settling Plaintiffs or

23  any member of the Indirect Purchaser or Governmental Purchaser Classes against any defendant

24  or alleged co-conspirator other than the Samsung Releasees. All rights against such other

25  defendants or alleged co-conspirators are specifically reserved by Settling Plaintiffs and the

26  Indirect Purchaser and Governmental Purchaser Classes. SSI's and SEC's sales during the Class

1    Period shall not be removed from the Action, and any other defendant shall remain responsible
2    for any liability on such sales as provided by law.

3        33.    Neither this Agreement, nor any act performed or document executed pursuant to
4    or in furtherance of this Agreement is or may be deemed to be or may be used as an admission
5    of, or evidence of, (i) the validity of any claim or defense; or (ii) the appropriateness or
6    inappropriateness of any class or other representational capacity whether contemporaneously
7    with this Agreement or at any time in the future.

8        34.    Except as otherwise set forth herein, this Agreement shall not affect whatever
9    rights Releasors or any of them may have (i) to participate in or benefit from, where appropriate,
10   any relief or other recovery as part of a settlement or judgment in any action on behalf of any
11   direct purchasers of DRAM; (ii) to participate in or benefit from any relief or recovery as part of
12   a judgment or settlement in this action against any other party named as a defendant (other than a
13   Samsung Releasee); or (iii) to assert any product liability warranty, or other claims in the
14   ordinary course of business which are not covered by the Released Claims.

15       35.    The United States District Court for the Northern District of California shall retain
16   jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall
17   have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating
18   to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation
19   and agreement by Settling Plaintiffs and Samsung. This Agreement shall be construed according
20   to the laws of the state of California without regard to its choice of law or conflict of laws
21   principles.

22       36.    This Agreement constitutes the entire, complete and integrated agreement among
23   Settling Plaintiffs and Samsung pertaining to the settlement of the Action against SSI, SEC and
24   SEA, and supersedes all prior and contemporaneous undertakings of Settling Plaintiffs and
25   Samsung in connection herewith. This Agreement may not be modified or amended except in
26   writing executed by Settling Plaintiffs and Samsung, and approved by the Court.

1       37.    This Agreement shall be binding upon, and inure to the benefit of, the successors
2 and assigns of Settling Plaintiffs and Samsung.  Without limiting the generality of the foregoing,
3 each and every covenant and agreement made herein by Plaintiffs shall be binding upon all
4 Classes and Releasors.  The Samsung Releasees (other than SSI and SEC, which are parties
5 hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms
6 applicable to them.

7       38.    This Agreement may be executed in counterparts by Settling Plaintiffs and
8 Samsung, and a facsimile signature shall be deemed an original signature for purposes of
9 executing this Agreement.

10       39.    Neither Settling Plaintiffs nor Samsung shall be considered to be the drafters of
11 this Agreement or any of its provisions for the purpose of any statute, case law, or rule of
12 interpretation or construction that would or might cause any provision to be construed against the
13 drafter of this Agreement.

14       40.    The descriptive headings of any paragraphs or sections of this Agreement are
15 inserted for convenience only and do not constitute a part of this Agreement.

16       41.    Where this Agreement requires either party to provide notice or any other
17 communication or document to the other, such notice shall be in writing, and such notice,
18 communication, or document shall be provided by facsimile or letter by overnight delivery to the
19 undersigned counsel of record for the party to whom notice is being provided.

20       42.    Each party and their counsel agree to do anything reasonably necessary to
21 effectuate the performance of, and uphold the validity and enforceability of, this Agreement.

22       43.    Contemporaneous with the execution of this Agreement, Samsung and the
23 Plaintiff States have entered into a separate tolling agreement applicable to the Governmental
24 Purchaser Plaintiffs' claims, the exact terms and conditions of which are set forth in full in that
25 agreement.

44.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: _1/19/07_

_Josef D. Cooper_
Josef D. Cooper
Cooper & Kirkham, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030

Dated: _____

_____
David Boies, III
Straus & Boies, LLP
4041 University Drive
5th Floor
Fairfax, VA 22030
Telephone: (703) 764-8700

Dated: _____

_____
Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Dated: _____

_____
Daniel J. Mogin
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, CA 92101

**Co-Lead Counsel and Attorneys for the Indirect Purchaser Plaintiffs**

44.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: _____

Josef D. Cooper
Cooper & Kirkham, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030


Dated: 1|19|07

David Boies, III
Straus & Boies, LLP
4041 University Drive
5th Floor
Fairfax, VA 22030
Telephone: (703) 764-8700


Dated: _____

Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402


Dated: _____

Daniel J. Mogin
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, CA 92101

**Co-Lead Counsel and Attorneys for the
Indirect Purchaser Plaintiffs**

44.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: _____

_____
Josef D. Cooper
Cooper & Kirkham, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030

Dated: _____

_____
David Boies, III
Straus & Boies, LLP
4041 University Drive
5th Floor
Fairfax, VA 22030
Telephone: (703) 764-8700

Dated: _1-22-07_

_____
Daniel E. Gustafson
Gustafson Gluek PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402

Dated: _____

_____
Daniel J. Mogin
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, CA 92101

**Co-Lead Counsel and Attorneys for the
Indirect Purchaser Plaintiffs**

W02-WEST:FMI\400069982.12                    -26-

44.   Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: _____

> Josef D. Cooper
> Cooper & Kirkham, P.C.
> 655 Montgomery Street, 17th Floor
> San Francisco, CA 94111
> Telephone: (415) 788-3030

Dated: _____

> David Boies, III
> Straus & Boies, LLP
> 4041 University Drive
> 5th Floor
> Fairfax, VA 22030
> Telephone: (703) 764-8700

Dated: _____

> Daniel E. Gustafson
> Gustafson Gluek PLLC
> 650 Northstar East
> 608 Second Avenue South
> Minneapolis, MN 55402

Dated: __19 January 07__

> Daniel J. Mogin
> The Mogin Law Firm, P.C.
> 110 Juniper Street
> San Diego, CA 92101

**Co-Lead Counsel and Attorneys for the
Indirect Purchaser Plaintiffs**

1
2
3
4   Dated: _____2/5/07_____
5
6                                          Samsung Semiconductor, Inc.
7                                          3655 North First Street
8                                          San Jose, CA 95134
9
10                                         Samsung Semiconductor, Inc.
11
12
13
14  Dated: _____2/5/07_____
15
16                                         Samsung Electronics Company, Ltd.
17                                         250, 2-Ga, Taepyong
18                                         Jung-gu, Seoul 100-742
19                                         Republic of Korea
20
21
22                                         Samsung Electronics Company Ltd.
23
24
25
26  Dated: ___February 5, 2007___
27
28                                         Gary L. Halling
29                                         Sheppard, Mullin, Richter & Hampton LLP
30                                         Four Embarcadero Center, 17th Floor
31                                         San Francisco, CA 94111
32                                         Tele: (415) 434-9100
33
34                                         Attorneys for Defendants Samsung
35                                         Semiconductor, Inc. and Samsung Electronics
36                                         Company, Ltd.
37
38
39
40
41

```
 1
 2
 3   Dated:  January 19, 2007
 4
 5                                            Kathleen Foote
 6                                            Senior Assistant Attorney General
 7                                            Office of the Attorney General of California
 8                                            455 Golden Gate Avenue
 9                                            San Francisco, California 94102-3664
10                                            Telephone: (415) 703-5555
11
12                                            For:   Edmund G. Brown Jr.
13                                                   Attorney General of the State of California
14
15                                            Co-Lead Counsel and Attorneys
16                                            for the State of California
17
18
19
20   Dated: _____
21
22                                            Blake L. Harrop
23                                            Assistant Attorney General
24                                            Office of the Attorney General of Illinois
25                                            James R. Thompson Center
26                                            100 W. Randolph Street, 13th Floor
27                                            Chicago, Illinois 60601
28                                            Telephone: (312) 814-1004
29
30                                            For:   Lisa Madigan
31                                                   Attorney General for the State of Illinois
32
33                                            Co-Lead Counsel and Attorneys
34                                            for the State of Illinois
35
36
37
38
39
40
41
```

W02-WEST:FMI400069982.12                          -28-

Dated: _____

_____
Kathleen Foote
Senior Assistant Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue
San Francisco, California 94102-3664
Telephone: (415) 703-5555

For:    Edmund G. Brown Jr.
        Attorney General of the State of California

**Co-Lead Counsel and Attorneys
for the State of California**

Dated:   _1/26/07_

_Blake L. Harrop_ (signature)
Blake L. Harrop
Assistant Attorney General
Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004

For:    Lisa Madigan
        Attorney General for the State of Illinois

**Co-Lead Counsel and Attorneys
for the State of Illinois**

1
2
3  Dated: _23 Jan 2007_     _Richard L. Schwartz_
4
5
6                                  Richard L. Schwartz
7                                  Assistant Attorney General
8                                  Antitrust Bureau
9                                  Office of the Attorney General of New York
10                                 120 Broadway, 26th Floor
11                                 New York, New York 10271
12                                 Telephone: (212) 416-8282
13
14                                 For:    Andrew M. Cuomo
15                                         Attorney General of the State of New York
16
17                                 **Co-Lead Counsel and Attorneys**
18                                 **for the State of New York**
19

Date: 1 - 19 - 07

                    TALIS J. COLBERG
                    Attorney General of Alaska

By:

                    Clyde E. Sniffen, Jr. AK Bar # 8906036
                    Senior Assistant Attorney General
                    Alaska Department of Law
                    1031 W. 4th Avenue #200
                    Anchorage, AK 99501
                    (907) 269-5200

Date: 1/25/07

DUSTIN MCDANIEL
Attorney General of Arkansas

By: _____
Bradford Phelps
Assistant Attorney General
Arkansas Bar No. 2001245
Office of the Attorney General
323 Center St.
Little Rock, AR 72201
501/682-3625 (Phone)
501/682-8118 (Facsimile)
Bradford.phelps@ag.state.ar.us

Date: ___1/30/07___

TERRY GODDARD, Attorney General
of the State of Arizona


By: ___[signature]___

NANCY M. BONNELL, AZ Bar #016382
Antitrust Unit Chief
Office of the Attorney General
1275 West Washington Street
Phoenix, Arizona  85007-2926
Tel. (602) 542-7728

Date: _____

> APPROVED
> By Devin Laiho at 9:31 am, 10/3/07

JOHN W. SUTHERS
Attorney General of the State of Colorado

_____

Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
Colorado Department of Law
1525 Shennan Street – 5th Floor
Denver, Colorado 80203
Phone: (303) 866-5079
Email: Devin.Laiho@state.co.us

Date:  January 25, 2007

JOSEPH R. BIDEN, III, Attorney General
Of the State of Delaware


By: _____
MICHAEL A. UNDORF, DE Bar # 3874
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Tel. (302) 577-8924

Date: _1/25/07_

                              BILL McCOLLUM, Attorney General
                              of the State of Florida

By:       _Patricia A. Conners_

                              PATRICIA A. CONNERS, FL Bar #361275
                              Associate Deputy Attorney General
                              EMILIAN BUCATARU, FL Bar #0733261
                              Assistant Attorney General
                              Office of the Attorney General
                              Antitrust Division
                              PL-01, The Capitol
                              Tallahassee, Florida 32399-1050
                              Tel (850) 414-3300

Date: *Nov 19, 2007*

MARK J. BENNETT
Attorney General of the State of Hawaii

By: _____

DEBORAH DAY EMERSON
Supervising Deputy Attorney General
RODNEY I. KIMURA .
C. BRYAN FITZGERALD
Deputy Attorneys General
Department of the Attorney General
State of Hawaii
425 Queen Street
Honolulu, Hawaii  96813
Telephone:  (808) 586-1180

For Samsung DRAM Settlement Agreement

Date: 1/23/07

LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO


Brett T. DeLange (ISB No. 3628)
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone:      (208) 334-4114
FAX:            (208) 334-2830
brett.delange@ag.idaho.gov

Date: _1/19/07_

> THOMAS J. MILLER
> Attorney General of Iowa
> JOHN F. DWYER
> Attorney
>
> By: _____
>     LAYNE M. LINDEBAK
>     Assistant Attorney General
>     Special Litigation Division
>     Iowa Department of Justice
>     Second Floor Hoover Office Building
>     1305 East Walnut Street
>     Des Moines, Iowa 50319
>     Tel. (515) 281-7054

W02-WEST:FMI\400069982.12                     -38-

Date: _1/25/07_

GREGORY D. STUMBO
KENTUCKY ATTORNEY GENERAL

By: _Maryellen B Mynear_

MARYELLEN B. MYNEAR
Litigation Branch Manager
Assistant Attorney General
Consumer Protection Division
1024 Capital Center Dr.
Frankfort, KY 40601
(502) 696-5389
(502) 573-8317 fax

-39-

Date: *January 22, 2007*

CHARLES C. FOTI, JR., Attorney General
of the State of Louisiana

BY: *Jane Bishop Johnson*

JANE BISHOP JOHNSON, LA Bar # 21651
AAG/Antitrust
Louisiana Department of Justice
1885 N. 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel. (225) 326-6467

Louisiana's signature for Samsung Semiconductor Inc.
and Samsung Electronics Co. LTD and Louisiana
Settlement Agreement in MDL No. 1486

Date: _1-22-07_

G. STEVEN ROWE, Attorney General
of the State of Maine


By: _Christina M. Moylan_
CHRISTINA M. MOYLAN, ME Bar 7095
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8838

Date: _January 15, 2007_

DOUGLAS F. GANSLER
MARYLAND ATTORNEY GENERAL


Ellen S. Cooper
Assistant Attorney General
Chief, Antitrust Division


John R. Tennis
Assistant Attorney General


Gary Honick
Assistant Attorney General
Office of the Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, Maryland 21202
Tel. # (410) 576-6470
Fax # (410) 576-7830

Date: _____1/30/07_____

MARTHA COAKLEY, Attorney General
of the Commonwealth of Massachusetts

By: _____
MARY B. FREELEY, (MA BBO#544788)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel. (617) 727-2200

Date: _January 24, 2007_

State of Michigan
Michael A. Cox
Attorney General


Suzan M. Sanford
First Assistant Attorney General
Consumer Protection Division
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Sweet
Lansing, Michigan 48933
Telephone: (517) 335-0855
Fax: (517) 335-1935

Date: _Jan. 25, 2007_

LORI SWANSON
Attorney General
State of Minnesota


_Kristen M. Olsen_
KRISTEN M. OLSEN
Assistant Attorney General
Atty. Reg. No. 30489X

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 296-2921 (Voice)
(651) 282-5437 (fax)

ATTORNEYS FOR PLAINTIFF
STATE OF MINNESOTA

Date: January 24, 2007

JIM HOOD
ATTORNEY GENERAL


By: Sondra Simpson McLemore
Special Assistant Attorney General
Consumer Protection
802 North State Street Suite 301
Jackson, MS 39225
(601) 359-3748
(601) 359-4231 (Fax)
Ssimp@ago.state.ms.us

Date: _1-23-07_

JON BRUNING, Attorney General of the
State of Nebraska,

BY: _Leslie Levy_

Lynne R. Fritz, NSBA #15665
Leslie C. Levy, NSBA #20673
Assistant Attorneys General
2115 State Capitol
Lincoln, NE 68509-8920
Tel.: (402) 471-2682

Agreed on behalf of the State of Nevada

CATHERINE CORTEZ MASTO, Attorney
General of the State of Nevada
ERIC WITKOSKI
Chief Deputy Attorney General
Consumer Advocate

By: _____
BRIAN ARMSTRONG
Senior Deputy Attorney General
Office of the Attorney General
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Tel. (702) 486-3420

Date: January 24, 2007

                    Kelly A. Ayotte
                    Attorney General
                    State of New Hampshire

By:

                    David A. Rienzo (N.H. Bar No 13860)
                    Assistant Attorney General
                    Consumer Protection and Antitrust Bureau
                    33 Capitol Street
                    Concord, New Hampshire 03301
                    (603) 271-1249
                    (603) 223-6239 (facsimile)
                    david.rienzo@doj.nh.gov

Date: 2/5/07

Stuart Rabner
Attorney General
State of New Jersey


Todd C. Steadman
Deputy Attorney General

ATTORNEYS FOR PLAINTIFF
STATE OF NEW JERSEY

Department of Law and Public Safety
Division of Law
124 Halsey Street, 5th Floor
Newark, New Jersey 07101
(973)648-3083

Date: _January 25, 2007_

GARY K. KING, Attorney General
of the State of New Mexico


By:    _Deyonna Young_

DEYONNA YOUNG, NM Bar No. 2930
Assistant Attorney General
Office of the Attorney General
111 Lomas Boulevard NW, Suite 300
Albuquerque, New Mexico 87102
Tel.: (505) 222-9089

Date: _January 25, 2007_

ROY COOPER
Attorney General of North Carolina

By: _____

K. D. Sturgis
Assistant Attorney General
N.C. State Bar No. 9486
North Carolina Department of Justice
P. O. Box 629
Raleigh, NC 27602
Tel. 919/716.6000
Fax 919/716.6050
ksturgis@ncdoj.gov

Date: 2-1-07

Wayne Stenehjem, Attorney General
of the State of North Dakota


BY: _____
Todd A. Sattler, ND ID No. 05719
Assistant Attorney General
Office of Attorney General
Consumer Protection and Antitrust Division
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
Phone: (701) 328-5570

Date:  6 February 2007

MATTHEW T. GREGORY
Northern Mariana Islands Bar No. F0205
Attorney General of the Commonwealth of the
Northern Mariana Islands

BY: _____

GREGORY BAKA
Northern Mariana Islands Bar No. F0199
California Bar No. 145687 (inactive)
       Admitted to N.D. Cal. Dec. 11, 1989
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg, 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:     (670) 664-2341
Fax:           (670) 664-2349
E-mail:        gbaka79@yahoo.com

Date: 2/1/2007

MARC DANN, Attorney General
of the State of Ohio


By: _James C. Roberts_

JAMES C. ROBERTS, OH Bar #0077733
Assistant Attorney General
MITCHELL L. GENTILE, OH Bar #0022274
Principal Attorney General
State of Ohio Office of the Attorney General
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Tel. (614) 466-4328

Date: _1- 19-07_

W.A. DREW EDMONDSON
OKLAHOMA ATTORNEY GENERAL


By: _____

THOMAS A. BATES, OBA NO. 15672
ASSISTANT ATTORNEY GENERAL
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Phone: (405) 522-1013

Date: _1/22/07_

HARDY MYERS, Attorney general
For the State of Oregon


By: Tim Nord
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4333 phone
(503) 378-5017 facsimile
Tim.d.Nord@state.or.us  email


RE:    Settlement Agreement between Samsung Semiconductor, Inc. and Samsung
Electronics Company Ltd. and Settling Plaintiffs.

MKC/CEDR9769

Date: _1 / 27 / 2007_

TOM CORBETT, Attorney General
Commonwealth of Pennsylvania

WILLIAM H. RYAN, JR.
First Deputy Attorney General

ALEXIS L. BARBIERI
Executive Deputy Attorney General
Public Protection Division

James A. Donahue, III
Chief Deputy Attorney General

By: _Jennifer J. Kirk /Jai_

JENNIFER J. KIRK
Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
Facsimile: (717) 705-7110

Date: _January 19, 2007_

PATRICK C. LYNCH
Attorney General
State of Rhode Island


By: _Edmund F. Murray Jr._
Edmund F. Murray, Jr., #3096
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2401

Date: _____

HENRY McMASTER
South Carolina Attorney General
C. HAVIRD JONES, JR.
Senior Assistant Attorney General


BY: _____
C. HAVIRD JONES, JR.
Senior Assistant Attorney General
Office of the Attorney General
P. O. Box 11549
Columbia, SC  29211
(803) 734-3680 (telephone)
(803) 734-3677 (fax)

-60-

Date: 1/31/2007

ROBERT E. COOPER, JR.
Attorney General of the State of Tennessee

By: _S. Elizabeth Martin_

S. ELIZABETH MARTIN, TN BPR # 13329
Senior Counsel
425 5th Avenue North
Nashville, Tennessee 37243-0485
615-532-5732

Date: 1/23/07

GREG ABBOTT, Attorney General
The State of Texas


*[signature: Mark Levy]*

Mark Levy
State Bar #24014555
Assistant Attorney General
Antitrust & Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, TX  78711-2548
Tel:   512/936-1847
Fax:   512/320-0975
Mark.Levy@oag.state.tx.us

Date: _JANUARY 26, 2007_

                    MARK L. SHURTLEFF
                    Attorney General of the
                    State of Utah


                    By: _____
                    RONALD J. OCKEY, Utah State Bar #2441
                    Assistant Attorney General
                    Office of the Attorney General of Utah
                    160 East 300 South, Fifth Floor
                    Salt Lake City, Utah 84111
                    Tel. 801-366-0359

Date: 1-25-07

WILLIAM H. SORRELL, Attorney General
of the State of Vermont

By:

DAVID BORSYKOWSKY
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1057

Date: _Jan. 26, 2007_

ROBERT F. MCDONNELL, Attorney General
of the Commonwealth of Virginia


By: _Sarah Oxenham Allen_
SARAH OXENHAM ALLEN, VA Bar #33217
Assistant Attorney General
Antitrust and Consumer Litigation Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Tel. (804) 786-6557

Re: Settlement Agreement in
*State of California, et al. v. Infineon Technologies, et al.,*
Case No. 06-4333 PJH

Date: /-/9- 07

                    ROB MCKENNA
                    Attorney General
                    TINA E. KONDO
                    Senior Assistant Attorney General

                    BRADY R. JOHNSON
                    Assistant Attorney General
                    800 Fifth Avenue, #2000
                    Seattle, WA 98104
                    206-464-7744 (tel)
                    206-464-6338 (fax)

Samsung Semiconductor, Inc.
Samsung Electronics Company, Ltd.
Settlement Agreement

Date: 1/23/04

DARRELL V. McGRAW, JR., Attorney General of
the State of West Virginia
FRANCES A. HUGHES
Chief Deputy Attorney General

By:

JILL L. MILES, WV Bar # 4671
Deputy Attorney General
DOUGLAS L. DAVIS, WV Bar # 5502
Assistant Attorney General
Office of the Attorney General
812 Quarrier Street, Floor 1
Charleston, West Virginia  25301
Tel. (304) 558-8986

WO2-WEST:FMI\400069982.12

-67-

Date: 1/22/07

J.B. VAN HOLLEN
Attorney General

By: GWENDOLYN J. COOLEY
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-5810 voice
(608) 267-2778 facsimile
cooleygj@doj.state.wi.us

Date: March 1, 2007

RICHARD BLUMENTHAL
Attorney General of the State of Connecticut

Michael E. Cole
Chief, Antitrust Department
Connecticut Attorney General's Office
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Phone: (860) 808-5040
Fax: (860) 808-5033
Email: Michael.Cole@po.state.ct.us

Date  Feb. 28, 2007

LINDA SINGER
Acting Attorney General
  for the District of Columbia

_B_____tt Rushkoff_
BENNETT RUSHKOFF
Acting Deputy Attorney General
Public Advocacy Division

DON RESNIKOFF
Senior Assistant Attorney General

_Susan Phan_
SUSAN PHAN
Assistant Attorney General
Office of the Attorney General
441 4th Street, NW, Suite 450N
Washington, DC 20001
(202) 727-3225
(202) 727-6546 (fax)
Susan.Phan@dc.gov

Attorneys for the District of Columbia

Date: 3-1-07

JEREMIAH W. (JAY) NIXON
MISSOURI ATTORNEY GENERAL

By ANNE E. SCHNEIDER
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102

Tel: 573-751-3321
Fax: 573-751-2041

Antitrust Complaint; Jury Trial Demanded                    89

Date: March 2, 2007

1

2                          Mike McGrath

3                          Attorney General

4

5

6                          By: CORT JENSEN

7                          Assistant Attorney General

8                          Montana Department of Justice

9                          215 North Sanders P.O. Box 201401

10                         Helena, MT 59620

                           (406) 444-5539 voice

                           (406) 444-3549  facsimile

                           cojensen@mt.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Antitrust Complaint; Jury Trial Demanded          90

Dated: _February 27, 2007_

LAWRENCE E. LONG
ATTORNEY GENERAL OF SOUTH DAKOTA

BY:


Jeffrey P. Hallem
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota, 57501-8501
Telephone: (605) 773-3215
Facsimile: (605) 773-4106