JOSEF D. COOPER (Cal. S. B. 53015)
TRACY R. KIRKHAM (Cal. S. B. 69913)
KELLY A. HORNE (Cal. S. B. 242675)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com

Indirect Plaintiffs' Co-Lead Counsel

EDMUND G. BROWN, JR.
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
Emilio E. Varanini (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for the State of California

(The Names of Additional Counsel Appear on Signature Page)

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH |
| | MDL No. 1486 |
| This Document Relates To: | **EXHIBIT B TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS** |
| ALL INDIRECT PURCHASER ACTIONS | |
| *State of New York v. Micron Technology et al* | No. C-06-6436 PJH |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd et al* | No. C-07-1347 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07--2589-PJH |
| | Date: November 14, 2007
Time: 9:00 a.m.
Place: Courtroom 3, 17th Floor
Honorable Phyllis J. Hamilton |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE:  DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | ) ) ) ) | MDL No. 1486 |
| THIS DOCUMENT RELATES TO: | ) ) | |
| ALL INDIRECT PURCHASER ACTIONS | ) | No. M-02-1486 PJH |
| *State of California et al v. Infineon Technologies AG et al* | ) ) | No. C-06-4333 PJH |
| *State of California et al v. Winbond Electronics Corporation* | ) ) | No. _____ |

SETTLEMENT AGREEMENT

I.

PARTIES AND BACKGROUND

A.    This Settlement Agreement is entered into this 8th day of March 2007, by and between defendants Winbond Electronics Corporation and Winbond Electronics Corporation America on one hand, and the Settling Plaintiffs, as defined below including all indirect purchasers of DRAM, anywhere in the United States at any time during the period January 1, 1999 and continuing through December 31, 2002 (the "Complaint Period"), on the other hand. The "Settling Plaintiffs" are comprised of the Indirect Purchaser Plaintiffs and the Governmental Purchaser Plaintiffs (including all of the Plaintiff States) as defined in Section II below.

B.    The Indirect Purchaser Plaintiffs have filed complaints in state and federal courts in which they allege that Defendants Winbond Electronics Corporation and its subsidiary, Winbond Electronics Corporation America, participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of DRAM at artificially high levels in violation of Section 1 of the

1    Sherman Act, the California Cartwright Act, the California Unfair Competition Law, and/or the

2    antitrust, unfair competition and/or consumer protection laws of all jurisdictions within the

3    United States.  Some of the Indirect Purchaser Plaintiffs' actions are consolidated for pre-trial

4    purposes in the above-entitled MDL action.

5       C  The Plaintiff States will file a Complaint by and through their Attorneys General

6    contemporaneously with this Settlement Agreement.  This Complaint will allege that Defendant

7    Winbond Electronics Corporation violated the Sherman Act, 15 U.S.C. §1, when it participated

8    in a localized conspiracy to reciprocally exchange pricing information in Singapore.  It is filed

9    under sections 4, 4C, 12 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 15c, 22 and 26.  The

10   Plaintiff States also will allege violations of State antitrust, consumer protection and/or unfair

11   competition and related laws, and seek damages, restitution, civil penalties, and/or other

12   equitable relief under those State laws.

13      D.  Defendant Winbond Electronics Corporation (hereafter "Winbond Taiwan") is a

14   business entity organized under the laws of Taiwan, with its principal place of business at 4,

15   Creation Road 3, Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C.  During the time

16   period covered by this Complaint, Defendant Winbond Taiwan did not sell DRAM directly to

17   customers in the United States, but did sell DRAM in other countries and served as a DRAM

18   foundry for other companies that sold DRAM in the United States.   Defendant Winbond

19   Taiwan is the corporate parent of Winbond Electronics Corporation America, with offices

20   located at 2727 N. First Street, San Jose, CA 95134 (hereafter "Winbond America"), which

21   marketed and sold DRAM in the United States.

22      E.  Defendant Winbond Taiwan, by and through its attorneys, has reviewed the

23   Complaint of Plaintiff States and has consented to the entry of Final Judgment as set out below

A

1    ("Final Judgment") without trial or adjudication of any issue of fact or law herein and has waived

2    notice of presentation of the Complaint of Plaintiff States and service of summons. This

3    Settlement Agreement shall be incorporated into and made a part of the Final Judgment. This

4    Settlement Agreement and any Final Judgment shall not constitute any evidence against or an

5    admission by any party with respect to any issue of law or fact herein.

6        F       Plaintiff States will allege that Winbond Taiwan and certain co-conspirators,

7    which manufactured, sold and distributed DRAM, engaged in a contract, combination, trust, or

8    conspiracy to exchange pricing information regarding the sale of, or the negotiation of sales

9    contracts concerning DRAM, in Singapore, to hard drive manufacturers, such as Seagate

10   Technology, Inc., and Maxtor Corporation, which would then incorporate that DRAM into their

11   products. Those products would then be shipped to the United States for sale to natural persons,

12   businesses and/or government entities collectively represented by the Settling Plaintiffs.

13       G       Plaintiff States will further allege that this pricing information was exchanged

14   through communications between Defendant Winbond Taiwan, or its agents, in Singapore and

15   co-conspirators. They will allege that the information so exchanged was used by Defendant

16   Winbond Taiwan and its co-conspirators in formulating price negotiation strategies and/or in

17   negotiating prices for the sale of DRAM to these hard drive manufacturers, thus violating federal

18   and state antitrust and unfair competition laws as set out in the Complaint of the Plaintiff States.

19       H       Defendants Winbond Taiwan and Winbond America do not admit and continue to

20   deny that either has violated the law as alleged in the various Complaints of Settling Plaintiffs, or

21   that the facts as alleged in the various Complaints of Settling Plaintiffs, other than jurisdictional

22   facts, are true with respect to either Winbond Taiwan or Winbond America. Defendant Winbond

23   Taiwan hereby represents and warrants to Plaintiff States that neither it, Defendant Winbond

1   America, nor their agents or employees, knowingly participated in any contract, combination,

2   trust, or conspiracy to fix prices on commodity DRAM as alleged and described in the First

3   Amended Complaint filed by the Plaintiff States in *State of California et al. v. Infineon*

4   *Technologies et al.* Case No. C 06 4333 (Exh. 1).  This representation is a material term of this

5   Settlement Agreement, and shall be a material term of the Final Judgment, the breach of which

6   can lead the Court to impose civil penalties to the maximum extent permitted under the laws of

7   the signatory States as further explained below.

8       I.      Defendants Winbond Taiwan and Winbond America deny that either Defendants

9   Winbond Taiwan or Winbond America is liable for the claims asserted in the actions discussed

10  above or the allegations set forth in Section I, Paragraphs F and G, Nevertheless, they agree to

11  enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction

12  of burdensome and protracted litigation, to obtain the releases, orders, and judgment

13  contemplated by this Settlement Agreement, and to resolve all claims that have been or could

14  have been asserted against Winbond Taiwan and Winbond America, as set out below.

15      NOW, THEREFORE, in consideration of the covenants, agreements, and releases set

16  forth herein and for other good and valuable consideration, it is agreed by and among the

17  undersigned that the actions filed in the various state and federal courts be settled, compromised,

18  and dismissed on the merits with prejudice as to Defendants Winbond Taiwan and Winbond

19  America, as defined below, and except as hereinafter provided, without costs as to the Settling

20  Plaintiffs, subject to the approval of the Court, on the following terms and conditions, and

21  incorporating the preceding clauses:

22                              **II.**

23                          **DEFINITIONS**

1    As used in this Settlement Agreement:

2        A.    "Co-Lead Counsel" means Kathleen Foote, Senior Assistant Attorney General for

3    the State of California, and Blake Harrop, Senior Assistant Attorney General for the State of

4    Illinois, acting for the Plaintiff States, as well as the Co-Lead Counsel appointed by the court in

5    the above-referenced MDL action:  Josef D. Cooper, David Boies III, Daniel E. Gustafson, and

6    Daniel J. Mogin.

7        B    "DRAM" means dynamic random access memory components ("DRAM"),

8    including without limitation, synchronous dynamic random access memory ("SDRAM"),

9    Rambus dynamic random access memory ("RDRAM"), asynchronous dynamic random access

10    memory ("ASYNC") and double data rate dynamic random access memory ("DDR") including

11    modules containing DRAM, RDRAM, ASYNC, and/or DDR.  For purposes of this Settlement

12    Agreement, "DRAM" does not include static random access memory ("SRAM") devices and

13    components.

14        C.    "Indirect Purchaser Plaintiffs" is defined, for purposes of this Settlement

15    Agreement, as all natural persons and all nongovernmental entities, who, at any time during the

16    period from January 1, 1999 and continuing through December 31, 2002 (the "Complaint

17    Period"), purchased DRAM, including all products containing DRAM, anywhere in the United

18    States indirectly from the defendants, their parents, subsidiaries, and affiliates.  Excluded from

19    this definition are all defendants, their subsidiaries, and their affiliates; all governmental entities;

20    any judicial officer presiding over the actions mentioned above and the members of his/her

21    immediate family and judicial staff; and all alleged co-conspirators.

22        D.  "Governmental Purchaser Plaintiffs" is defined, for purposes of this Settlement

23    Agreement, as all of the Plaintiff States themselves, as well as all state and local government

1   entities in and each of them, including without limitation, state agencies and departments, public

2   undergraduate and graduate education institutions and political subdivisions such as K-12 school

3   districts, cities, counties, utilities and special districts, who, at any time during the Complaint

4   Period purchased DRAM, including all products containing DRAM, anywhere in the United

5   States directly through an assignment clause, or indirectly from the defendants, their parents,

6   subsidiaries, and affiliates and who, as set out in the Complaint to be filed contemporaneously by

7   Plaintiff States, are represented by the Attorneys General of the Plaintiff States acting in their

8   sovereign or proprietary capacity, their representative or parens patriae capacity, or acting

9   pursuant to Rule 23. Excluded from this definition are all federal government entities and any

10   judicial officers presiding over any of the actions mentioned above as well as the members of his

11   or her immediate family and judicial staff.

12        E    "Plaintiff States" are defined as including the following States and

13   Commonwealths: Alaska, Arizona, Arkansas, California, Colorado, Delaware, Florida, Hawaii,

14   Idaho, Illinois, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan,

15   Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North

16   Carolina, North Dakota, Northern Mariana Islands, Ohio, Oklahoma, Oregon, Pennsylvania,

17   Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West

18   Virginia, and Wisconsin. Plaintiff States are represented by their respective Attorneys General.

19   Any other state that signs this Agreement will be considered to be a Plaintiff State for purposes

20   of this Agreement upon written notice to Defendant Winbond Taiwan, and shall be bound to all

21   terms of this Settlement Agreement.

22        F.    Indirect Purchaser Plaintiffs and Government Purchaser Plaintiffs have purchased

23   items such as hard drives containing DRAM made by Defendant Winbond Taiwan.

1        G.    "Settlement Fund" means the payment from Defendants Winbond Taiwan and

2    Winbond America to the Settling Plaintiffs in satisfaction of the Settling Plaintiffs' claims. This

3    fund shall be in the amount of Two Million Dollars ($2,000,000.00) and shall be paid within ten

4    (10) business days of the execution of this Settlement Agreement into the escrow account

5    designated by Settling Plaintiffs.

6        H..    "Winbond America" means Winbond Electronics Corporation America, a wholly

7    owned subsidiary of Winbond Taiwan, with offices located at 2727 N. First Street, San Jose, CA

8    95134, which is a Defendant in the above-entitled MDL action.

9        I.    "Winbond Taiwan" means Winbond Electronics Corporation, a business entity

10   organized under the laws of Taiwan, with its principal place of business at 4, Creation Road 3,

11   Science-Based Industrial Park, Hsinchu, Taiwan, R.O.C as well as its successors and assigns,

12   subsidiaries, affiliates, directors, officers, managers, agents, and employees.

13       J.    "Micron" shall refer to Micron Technology, Inc. and/or to Micron Semiconductor

14   Products, Inc., a wholly owned and controlled subsidiary of Defendant Micron Technology, Inc.,

15   as well as the successors of said corporations. "Infineon" shall refer to Infineon Technologies

16   AG, and/or Infineon Technologies North America Corp. and/or Qimonda AG, wholly owned and

17   controlled subsidiaries of Infineon Technologies AG, as well as the successors of said

18   corporations. "Hynix" shall refer to Hynix Semiconductor, Inc. and/or to Hynix Semiconductor

19   America, Inc., a wholly owned and controlled subsidiary of Hynix Semiconductor, Inc., as well

20   as the successor of said corporations. "Samsung" shall refer to Samsung Electronics Corp. Ltd.

21   and/or to Samsung Semiconductor, Inc., a wholly owned and controlled subsidiary of Samsung

22   Electronic Corp. Ltd., as well as the successors of said corporations. "Nanya" shall refer to

23   Nanya Technology Corp. and/or Nanya Technology Corp. USA, Inc., a wholly owned and

Final Winbond Settlement Agreement           -7-

1    controlled subsidiary of Nanya Technology Corp., as well as the successors of said corporations.

2    "Mosel" shall refer to Mosel Vitelic, Inc., and/or Mosel Vitelic Corp., a wholly owned and

3    controlled subsidiary of Mosel Vitelic, Inc., as well as the successors of said corporations.

4

5                                              III

6            **OBLIGATIONS OF DEFENDANTS WINBOND TAIWAN**

7                    **AND WINBOND AMERICA**

8

9            Defendants Winbond Taiwan and Winbond America have agreed to the following

10   obligations which are incorporated into this Settlement Agreement and will be incorporated into

11   the Final Judgment:

12           A.    INJUNCTIVE RELIEF:    Defendants Winbond Taiwan and Winbond America are

13   enjoined and restrained from engaging in any horizontal conduct that constitutes a *per se*

14   violation of Section 1 of the Sherman Act, including, but not limited to, price fixing, market

15   allocation and bid rigging with respect to the sale of any DRAM product for delivery in the

16   United States, and the systematical reciprocal exchange of pricing information as alleged in the

17   Complaint filed by the Plaintiff States in *State of California et. al. v. Infineon Technologies, et*

18   *al.*, Case No 06-4333 (PJH) and in *United States v. Samsung Electronics Corporation Ltd. et al.*,

19   Case No. CR05-0643 (PJH) (U.S.D.C. ND. Ca.) (Exhibit 2). This injunctive provision shall last

20   for three (3) years from the date of entry of Final Judgment.  However, the duration of this

21   injunctive period shall be reduced in the event that Settling Plaintiffs reach a settlement

22   agreement with Hynix, Infineon, Samsung, Nanya, Mosel, or Micron that imposes substantially

23   the same injunctive relief for a shorter time period than the injunctive relief imposed by this

Final Winbond Settlement Agreement              -8-

1  paragraph. The time period for this paragraph shall be reduced to the shortest of the time periods

2  imposed on Hynix, Infineon, Micron, Nanya, Mosel, or Samsung for the prohibitions of this

3  paragraph.

4       B. COMPLIANCE TRAINING:  Defendants Winbond Taiwan and Winbond America shall

5  establish and maintain a program or programs for the purpose of assuring compliance with

6  applicable U.S. antitrust and competition laws by their officers and employees. Said program or

7  programs shall provide relevant compliance education to the employees and officers of

8  Defendants Winbond Taiwan and Winbond America regarding the legal standards imposed by

9  U.S. state and federal antitrust law, the remedies that might be applied in the event of violations

10  of said laws, and their obligations in the event that they observe violations of said laws by others

11  within the company. On an annual basis, Defendants Winbond Taiwan and Winbond America

12  shall certify to the Settling Plaintiffs that Defendants Winbond Taiwan and Winbond America

13  are fully compliant with this Final Judgment and submit a written report to the Settling Plaintiffs

14  setting forth in detail how they have complied and are complying with the provisions of this

15  paragraph. The certification and report shall be sent pursuant to the notice provisions of this

16  agreement. This injunctive provision shall last for three (3) years from the date of entry of Final

17  Judgment. However, the duration of this injunctive period shall be reduced in the event that

18  Settling Plaintiffs reach a settlement agreement with Hynix, Infineon, Samsung, Nanya, Mosel,

19  or Micron that imposes substantially the same injunctive relief for a shorter time period than the

20  injunctive relief imposed by this paragraph. The time period for this paragraph shall be reduced

21  to the shortest of the time periods imposed on Hynix, Infineon, Micron, Nanya, Mosel, or

22  Samsung for the prohibitions of this paragraph.

Final Winbond Settlement Agreement          -9-

1    C. COOPERATION: 1. Defendants Winbond Taiwan and Winbond America agree to give

2  full, continuing, and complete cooperation to Settling Plaintiffs regarding DRAM by: (a) giving

3  full and truthful assistance in any investigation, discovery and/or trial(s) conducted by the

4  Settling Plaintiffs against any DRAM manufacturer, including providing their compilation and

5  summary of the documents produced in the MDL litigation that show relationships between

6  DRAM defendants, relevant to the participation of Hynix, Micron, Samsung, Infineon, and any

7  other DRAM manufacturer in the conspiracy as alleged in any complaint filed by Settling

8  Plaintiffs in the above-mentioned actions; (b) making employees and officers of Defendants

9  Winbond Taiwan and Winbond America reasonably available for interviews by the Settling

10  Plaintiffs; (c) meeting and conferring on making available appropriate employees and officers of

11  Defendants Winbond Taiwan and Winbond America for depositions and trial in any action by

12  Settling Plaintiffs against any DRAM manufacturers and providing an oral proffer of said

13  employees' and/or officers' testimony upon request; (d) making counsel available regarding their

14  understanding of Settling Plaintiffs' case and evidence. It is understood that no information or

15  documents will be produced that were obtained from other entities exclusively through or

16  pursuant to joint defense communications and could not have been obtained but for those joint

17  defense communications. Defendants Winbond Taiwan and Winbond America acknowledge

18  that their cooperation may involve production of specifically identified attorney work product.

19    2. Said cooperation shall begin within five (5) days of the date of execution of this

20  Settlement Agreement. Defendants Winbond Taiwan and Winbond America shall use their best

21  efforts to provide such cooperation in a fashion meeting the needs of the Settling Plaintiffs. Any

22  statements or representations pursuant to this cooperation provision that are not made under

23  penalty of perjury may not be used in evidence by Settling Plaintiffs in any proceeding against

1    Defendants Winbond Taiwan and Winbond America; however, the Settling Plaintiffs may pursue

2    any and all investigative leads derived in any way from statements or representations made

3    pursuant to this agreement for cooperation. Furthermore, if a representative of Winbond Taiwan

4    or Winbond America should subsequently testify contrary to the substance of statements or

5    representations made to the Settling Plaintiffs pursuant to this agreement for cooperation or

6    pursuant to the representation made above by Winbond Taiwan and Winbond America in

7    Section I, Paragraph H of this Settlement Agreement, or otherwise present a position inconsistent

8    with such statements or representations, nothing shall prevent the Settling Plaintiffs from using

9    the substance of the statements or representations for impeachment or rebuttal purposes. In

10   determining what evidence is "reasonably available," the burden on Defendants Winbond

11   Taiwan or Winbond America shall not be any greater than the burden of providing discovery

12   during the litigation.  The Court has the power to enforce this cooperation paragraph as

13   appropriate.

14       D. PAYMENT OF SETTLEMENT FUND:

15       1. Defendants Winbond Taiwan and Winbond America will pay a total amount of two

16   million dollars ($2,000,000) in United States funds into an escrow account to be designated by

17   the Settling Plaintiffs which will be administered and spent in accordance with the provisions set

18   out below.

19       2. This amount shall be wired within ten (10) business days from the date of execution of

20   this Settlement Agreement or as the date on which Settling Plaintiffs designate a bank and

21   provide wiring instructions to Winbond's counsel, in accordance with the provisions set out

22   below, whichever occurs later.

1    3. The escrow account will be established at a bank to be designated by Settling Plaintiffs

2    as soon as practicable, with such bank serving as escrow agent, subject to escrow instructions

3    from Co-Lead Counsel. Such escrow account is to be administered under the Court's continuing

4    supervision and control.

5    4. The escrow agent shall cause the funds deposited in the escrow account to be invested

6    in instruments backed by the full faith and credit of the United States Government or fully

7    insured by the United States Government or an agency thereof, or money market funds invested

8    substantially in such instruments, and shall reinvest any income from these instruments and the

9    proceeds of these instruments as they mature in similar instruments at their then current market

10   rates.

11   5. The parties agree to treat the Settlement Fund as being at all times "qualified

12   settlement funds" within the meaning of Treas. Reg. §1.468B-1. In addition, the escrow agent

13   shall timely make such elections as necessary or advisable to carry out the provisions of these

14   paragraphs, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to

15   the earliest permitted date. Such elections shall be made in compliance with the procedures and

16   requirements contained in such regulations. It shall be the responsibility of the escrow agent to

17   timely and properly prepare and deliver the necessary documentation for signature by all

18   necessary parties, and thereafter to cause the appropriate filing to occur.

19   6. For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the

20   regulations promulgated thereunder, the "administrator" shall be the escrow agent. The escrow

21   agent shall timely and properly file all informational and other tax returns necessary or advisable

22   with respect to the Settlement Fund (including without limitation the returns described in Treas.

23   Reg. §1.468B-2(k)(l)). Such returns (as well as the election described above)) shall be consistent

1    with the other paragraphs and in all events shall reflect that all Taxes, as defined below

2    (including any estimated taxes, interest or penalties), on the income earned by the Settlement

3    Fund shall be paid out of that fund.

4        7. All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to

5    the income earned by the Settlement Fund, including any taxes or tax detriments that may be

6    imposed upon Defendants Winbond Taiwan or Winbond America with respect to any income

7    earned by this fund for any period during which this fund does not qualify as "qualified

8    settlement funds" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs

9    incurred in connection with the operation and implementation of these paragraphs (including,

10   without limitation, expenses of tax attorneys and/or accountants and mailing and distribution

11   costs and expenses relating to filing (or failing to file) the returns described in this above

12   paragraph ("Tax Expenses")), shall be paid out of this fund.  All charges by the escrow agent

13   shall also be paid out of this fund.

14       8. Neither Defendants Winbond Taiwan nor Winbond America nor their respective

15   counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Taxes and

16   Tax Expenses shall be timely paid by the escrow agent out of the fund without prior order from

17   the Court and the escrow agent shall be obligated (notwithstanding anything herein to the

18   contrary) to withhold from distribution to any claimants authorized by the Court any funds

19   necessary to pay such amounts including the establishment of adequate reserves for any Taxes

20   and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

21   §1.468B-2(1)(2)). Neither Defendants Winbond Taiwan nor Winbond America is responsible nor

22   shall they have any liability therefore.  Settling Plaintiffs and Defendants Winbond Taiwan and

23   Winbond America agree to cooperate with the escrow agent, each other, and their tax attorneys

Final Winbond Settlement Agreement                    -13-

1    and accountants to the extent reasonably necessary to carry out the provisions of the above

2    paragraphs.

3         E. REPRESENTATION:

4         1. Defendant Winbond Taiwan hereby represents and warrants to Plaintiff States that

5    neither it, Defendant Winbond America, nor their agents or employees knowingly participated in

6    the contract, combination, trust, or conspiracy to fix prices on commodity DRAM described in

7    the First Amended Complaint filed by Plaintiff States in *State of California et. al. v. Infineon*

8    *Technologies et. al.,* Case No.  C 06 4333 PJH.  This representation does not extend to those

9    allegations of Defendant Winbond Taiwan's participation in a localized conspiracy in Singapore

10   as set forth in the Complaint to be filed contemporaneously with this Settlement Agreement by

11   Plaintiff States,

12        2. If the Plaintiff States demonstrate that this representation is intentionally false or

13   inaccurate based on information not known or available to them on the date of this agreement,

14   the Plaintiff States may request, at any time during the term of the injunction entered pursuant to

15   the Final Judgment, as a sanction for breach of this representation, that this Court award civil

16   penalties against Defendants Winbond Taiwan and/or Winbond America up to the maximum

17   extent permitted under the laws of the various Plaintiff States.

18        3. These representations are materials terms, without exclusion to other terms of this

19   Settlement Agreement also being material.

20                                        **IV.**

21   **Approval of Settlement Agreement, Dismissal of Claims, Opt-Out/Exclusion, Notice,**

22                            **and Class Certification**

1        A.    Settling Plaintiffs and Defendants Winbond Taiwan and Winbond America shall

2    use their best efforts to effectuate this Agreement and its purpose, and secure the prompt,

3    complete, and final dismissal with prejudice of all the above-mentioned actions as to them, but

4    not as to any other party.  The parties agree to take whatever further steps, if any, may be

5    necessary in this regard including implementation of this Settlement Agreement in individual

6    state courts.

7        B.    Settling Plaintiffs shall file motions for preliminary and final approval of the

8    terms of the settlements reached between them on one hand and Defendants Winbond Taiwan

9    and Winbond America on the other as soon as practicable. The Preliminary Approval Motion

10    shall include: (i) a proposed form of, method for, and date of dissemination of notice which shall

11    be submitted to Defendants Winbond Taiwan and Winbond America a reasonable time before

12    submission of the Motion so that Defendants Winbond Taiwan and Winbond America may have

13    an opportunity to comment on the text of the proposed form of any notice if they so wish; and

14    (ii) a proposed form of order and final judgment, the text of which shall be agreed upon by

15    Settling Plaintiffs and Defendants Winbond Taiwan and Winbond America before submission of

16    the Motion. This shall be done with the understanding that any notice of the Settlement

17    Agreement and Final Judgment shall be provided by publication according to a plan to be

18    developed by Settling Plaintiffs, with a reasonable opportunity for comment by Defendants

19    Winbond Taiwan and Winbond America, and approved by the Court. The Preliminary Approval

20    Motion shall recite and ask the Court to find that any notice of settlement by publication

21    constitutes valid, due and sufficient notice, constitutes the best notice practicable under the

22    circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23

1   and/or any other applicable law. Notice to government entities represented by the Plaintiff States

2   may differ in form and substance under applicable laws from notice to other indirect purchasers.

3         C.     The Settling Plaintiffs will disseminate notice of this Settlement Agreement in

4   conjunction with notice of one or more other settlements.  Disbursements for reasonable

5   expenses associated with disseminating this notice may be made from the Settlement Fund in pro

6   rata proportion based upon the settlement amount paid by Defendants Winbond Taiwan and

7   Winbond America and the amount(s) paid by the other defendant(s) whose settlement(s) is (are)

8   reflected in the combined notice.

9         D.     These motions shall request that this Court certify (1) a class of Indirect Purchaser

10  Plaintiffs defined as all natural persons and nongovernmental entities, who, at any time during

11  the period from January 1, 1999 and continuing through December 31, 2002 (the "Complaint

12  Period"), purchased DRAM, including all products containing DRAM, anywhere in the United

13  States indirectly from the defendants, their parents, subsidiaries, and affiliates; and (2) a class of

14  Government Purchaser Plaintiffs as set out in the Complaint to be filed contemporaneously with

15  this Settlement Agreement by the Plaintiff States, both solely for purposes of this settlement

16  (hereinafter referred to as the "Settlement Classes"). Excluded from these definitions are all

17  defendants, their subsidiaries, and their affiliates; all governmental entities; any judicial officer

18  presiding over the actions mentioned above and the members of his/her immediate family and

19  judicial staff; and all alleged co-conspirators.

20        E.     These motions shall request that this Court find that the application of the

21  Settlement Agreement and Final Judgment to the Settlement Classes is fair, reasonable, and

22  adequate.

1    F.    As part of the Motion for Final Approval, the parties shall seek entry of an order

2 and final judgment, to include those obligations set forth above in Section III of this Settlement

3 Agreement as well as the following provisions set forth below, the text of which Settling

4 Plaintiffs and Winbond Taiwan shall agree on:

5         1.        as to the actions set forth above, approving finally this settlement

6                   and its terms as being a fair, reasonable, and adequate as to the

7                   Settling Plaintiffs within the meaning of Rule 23 of the Federal

8                   Rules of Civil Procedure or other applicable law and directing its

9                   consummation according to its terms;

10        2.        as to Defendants Winbond Taiwan and Winbond America, the

11                  above-mentioned actions be dismissed with prejudice and, except

12                  for as provided in this Settlement Agreement, without recovery of

13                  costs from Defendants Winbond Taiwan and Winbond America;

14        3.        reserving exclusive jurisdiction over this settlement and this

15                  Settlement Agreement, including the administration and

16                  consummation of this settlement to the United States District Court

17                  for the Northern District of California;

18        4.        determining under Federal Rule of Civil Procedure 54(b) that there

19                  is no just reason for delay and directing that the judgment of

20                  dismissal as to Defendants Winbond Taiwan and Winbond

21                  America shall be final;

22        5.        as to Defendants Winbond Taiwan and Winbond America, staying

23                  all other actions filed against them by Settling Plaintiffs while

Final Winbond Settlement Agreement                    -17-

1        approval of this Settlement Agreement is still pending within the

2        meaning of Section IX, Paragraph A;

3    6.    Co-Lead Counsel shall file with the Clerk of the Court a record of

4        the putative members of the Settlement Classes who timely

5        exclude themselves from the settlement, shall provide a copy of the

6        record to counsel for Defendants Winbond Taiwan and Winbond

7        America, and shall maintain the record for a period of five years;

8    7.    certifying solely for purposes of this settlement the Settlement

9        Classes defined above.

10    G.    Co-Lead Counsel shall cause copies of requests for exclusion from the proposed

11  Settlement Classes or from *parens* or proprietary representation (if allowed by law) to be

12  provided to counsel for Defendants Winbond Taiwan and Winbond America as they are

13  received. Those being represented by the Settling Plaintiffs in whatever capacity may not

14  exclude themselves by filing such requests for exclusion as a group, but must in each instance

15  individually execute such notices. All requests for exclusion shall be provided no later than ten

16  (10) days after the final date for mailing requests for exclusion, at which time Co-Lead Counsel

17  shall provide counsel for Defendants Winbond Taiwan and Winbond America with a complete

18  list of opt-outs.

19    H.    In the event that Defendants Winbond Taiwan or Winbond America determines

20  that valid and timely requests for exclusion have been made by multiple members of the

21  Settlement Classes such that Defendants Winbond Taiwan or Winbond America believes in good

22  faith that there is a risk that they will be forced to defend themselves in substantial litigation with

23  respect to claims by opt-outs, Defendants Winbond Taiwan or Winbond America, in their

1    discretion, acting in good faith, and after meeting and conferring with Co-Lead Counsel, may

2    elect to terminate the Settling Agreement by serving written notice of such election on Co-Lead

3    Counsel by facsimile and overnight courier and by filing a copy of such notice with the Court no

4    later than the twentieth day from the day on which Defendants Winbond Taiwan and Winbond

5    America receive the final opt-out list.  In the event that Defendants Winbond Taiwan or

6    Winbond America exercises its option to terminate this Settlement Agreement on behalf of itself:

7    (a) this Settlement Agreement shall be null and void, and shall have no force or effect and shall

8    be without prejudice to the rights and contentions of Defendant Winbond Taiwan, Defendant

9    Winbond America, and the Settling Plaintiffs; and (b) the funds paid by Defendants Winbond

10   Taiwan and Winbond America, plus interest thereon, but minus taxes and other expenses,

11   including notice costs, shall be refunded promptly to Defendants Winbond Taiwan and Winbond

12   America, and the escrow agent shall be promptly so notified and instructed.

13                                             V.

14                            **RELEASE AND DISMISSALS**

15        A.     In addition to the effect of any final judgment entered in accordance with this

16   Settlement Agreement, upon this Settlement Agreement becoming final as set out in Section

17   VIII, Paragraph A of this Settlement Agreement, and in consideration for the payment of the

18   settlement funds set forth above, and for other valuable consideration, The Settling Plaintiffs

19   shall completely release, acquit, and forever discharge Defendants Winbond Taiwan and

20   Winbond America from any and all claims, demands, actions, suits, causes of action, whether

21   class, individual, or otherwise in nature (whether or not any Settling Plaintiff has objected to the

22   settlement or makes a claim upon or participates in the settlement funds set forth above, whether

23   directly, representatively, derivatively or in any other capacity) that Settling Plaintiffs, or each of

Final Winbond Settlement Agreement                    -19-

1    them, ever had, now has, or hereafter can, shall, or may have on account of or in any way arising

2    out of, any and all known or unknown, foreseen and unforeseen, suspected or unsuspected

3    injuries, damages, and the consequences thereof in any way arising out of or relating in any way

4    to any act or omission of Defendants Winbond Taiwan or Winbond America concerning the sale

5    or pricing of DRAM up to December 31, 2002 based on the conduct alleged and causes of action

6    asserted or that could have been asserted, in complaints filed in the actions mentioned above by

7    Indirect Purchasers, or in the complaint to be filed contemporaneously by Plaintiff States, or in

8    any similar action filed in state court, including, without limitation, any claims arising under any

9    federal or state antitrust, unjust enrichment, unfair competition, trade practice statutory or

10    common law, and consumer protection law (to the extent that a consumer protection law would

11    be based on allegations of an antitrust or unfair competition violation) (the "Released Claims").

12    Settling Plaintiffs shall take all appropriate steps to secure dismissals of Defendants Winbond

13    Taiwan and Winbond America, without further expenses incurred, from all pending cases

14    asserting the Released Claims, which known cases are listed in Exhibit 3 to this Settlement

15    Agreement. Settling Plaintiffs shall not, after the date of this Settlement Agreement, seek to

16    establish liability against Defendants Winbond Taiwan and Winbond America based, in whole or

17    in part, upon any of the Released Claims, or conduct at issue in the Released Claims. The parties

18    contemplate and agree that this Settlement Agreement may be pleaded as a bar to a lawsuit, and

19    an injunction may be obtained, preventing any action from being initiated or maintained in any

20    case sought to be prosecuted on behalf of indirect DRAM purchasers with respect to the claims

21    released in this paragraph.

22         B. Settling Plaintiffs hereby expressly waive and release, upon this Settlement

23    Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of

1    the California Civil Code, which states:

2

3        CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A
4        GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
5        THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
6        OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
7        WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
8        AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

9    or by any law of any state or territory of the United States, or principle of common law, which is

10   similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Settling Plaintiff

11   may hereafter discover facts other than or different from those which he, she, or it knows or

12   believes to be true with respect to the claims which are the subject matter of the provisions of

13   paragraph A of this section of the Settlement Agreement, but each Settling Plaintiff hereby

14   expressly waives and fully, finally, and forever, settles and releases, upon this Settlement

15   Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or

16   non-contingent claim with respect to the subject matter of the provisions of paragraph A of this

17   section of the Settlement Agreement, whether or not concealed or hidden, without regard to the

18   subsequent discovery or existence of such different or additional facts.

19        C.    The release set forth in paragraphs A and B above does not include claims by any

20   of the Settling Plaintiffs other than the claims set forth therein and does not include other claims,

21   such as those arising solely out of product liability or warranty claims in the ordinary course of

22   business.

23        D.    Within thirty (30) days of this Settlement Agreement becoming final as set out in

24   Section VIII, Paragraph A of this Settlement Agreement, the Settling Plaintiffs who have filed a

1  case or cases in one or more state courts shall file requests for dismissals with prejudice in favor

2  of Defendants Winbond Taiwan and Winbond America.

3

4  **VI.**

5  **NOTICES**

6  A. Any notice required to be given from or to the parties hereto shall be in writing and

7  shall be duly given and received upon delivery, addressed as set forth below, by any form of

8  receipted mail or receipted commercial delivery service:

9  To Plaintiff States or Governmental Purchaser Plaintiffs:

10          Kathleen Foote, Senior Assistant Attorney General
11          Office of the Attorney General of California
12          455 Golden Gate Ave., Ste 11000
13          San Francisco, CA 94102
14          Facsimile: 415-703-5480
15
16          and
17
18          Blake L. Harrop, Senior Assistant Attorney General
19          Office of the Attorney General of Illinois
20          James R. Thompson Center
21          100 W. Randolph St.
22          Chicago, IL 60601
23          Facsimile: 312-814-1154
24
25  To Indirect Purchaser Plaintiffs:
26
27          Josef D. Cooper
28          Cooper & Kirkham, P.C.
29          655 Montgomery Street, 17th Floor
30          San Francisco, CA 94111
31          Facsimile: (415) 882-7040
32
33          David Boies, III
34          Straus & Boies, LLP

4041 University Drive, 5th Floor
Fairfax, VA 22030
Facsimile: (914) 244-3260

Daniel E. Gustafson
Gustafson Gluek PLLC
725 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Facsimile: (612) 330-6622

Daniel J. Mogin
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, CA 92101
Facsimile: (619) 687-6611

To Winbond Taiwan and:    Steven H. Morrissett
Winbond America          FINNEGAN, HENDERSON, FARABOW,
                         GARRETT & DUNNER LLP
                         3300 Hillview Avenue
                         Palo Alto, CA  94304
                         Facsimile: (650) 849-6666

                         William S. Farmer
                         COLLETTE ERICKSON FARMER & O'NEILL LLP
                         235 Pine St, Suite 1300
                         San Francisco, CA 94104
                         Facsimile: (415) 788-6929

B. Any party may substitute counsel of record or change of address after the Settlement

Agreement is executed by providing notice of such substitution or change according to the

requirements of this section.  Such notice, once received, shall constitute an amendment to the

requirements for providing notice to that party.

**VII.**

## RETENTION OF JURISDICTION

A.     The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation between Settling Plaintiffs and Defendants Winbond Taiwan and Winbond America.  This Settlement Agreement shall be construed according to the laws of the state of California without regard to its choice of law or conflict of laws principles.

## VIII.

## MISCELLANEOUS

A.     This Settlement Agreement shall become final when the Court has entered an order and final judgment approving this Settlement Agreement under Federal Rule of Civil Procedure 23(e) and/or applicable state laws and a final judgment dismissing the actions of Settling Plaintiffs referenced above with prejudice as to Defendants Winbond Taiwan and Winbond America against Settling Plaintiffs and one of the following dates occurs, on such date; (i)  if an appeal is taken, the date of final affirmance on appeal of the order and final judgment, or, if petition for writ of certiorari is granted, the date of final affirmance of the order and final judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the order and final judgment or the final dismissal of any proceedings on certiorari to review the order and final judgment; or (iii) if no appeal is filed, the expiration date of the time

1    for filing or noticing of any appeal from the order and final judgment, *i.e.*, thirty (30) days after

2    entry of the order and final judgment. On the date that Settling Plaintiffs and Defendants

3    Winbond Taiwan and Winbond America have executed this Settlement Agreement, Settling

4    Plaintiffs and Winbond Taiwan and Winbond America shall be bound by its terms and this

5    Settlement Agreement shall not be rescinded except in accordance with Section IV, Paragraph H

6    or Section VIII, Paragraph C of this Settlement Agreement,

7         B.    Neither this Settlement Agreement (whether or not it should become final) nor the

8    final judgment, nor any and all negotiations, documents, and discussions associated with such

9    negotiations, shall be deemed or construed to be an admission by, or form the basis of an

10   estoppel by a third party against, Defendants Winbond Taiwan or Winbond America, or evidence

11   of any violation of any statute or law or of any liability or wrongdoing whatsoever by Defendants

12   Winbond Taiwan or Winbond America, or of the truth of any of the claims or allegations

13   contained in any complaint or any other pleading filed by Settling Plaintiffs in the above-

14   mentioned actions, and evidence thereof shall not be discoverable, or used directly or indirectly

15   in any way, whether in the above-mentioned actions or any other action or proceeding. Neither

16   this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or

17   proceedings connected with it, nor any action taken to carry out this Settlement Agreement by

18   any of the Settling Plaintiffs or Defendants Winbond Taiwan or Winbond America shall be

19   referred to, offered into evidence, or received in evidence in any pending or future civil,

20   criminal, or administrative action or proceeding, except in a proceeding to enforce this

1    Settlement Agreement, or to defend against the assertion of released claims, or as otherwise

2    required by law.

3          C.     In the event that this Court refuses to approve this Settlement Agreement, or any

4    material part hereof, or if such approval is materially modified or set aside on appeal, or if the

5    Final Judgment is not entered in accordance with this Settlement Agreement, or if the Court

6    enters Final Judgment in accordance with this Settlement Agreement, appellate review is sought,

7    and on such review, such final judgment is not affirmed as to all material parts, then any of the

8    parties to this Settlement Agreement have the option to rescind this Settlement Agreement in its

9    entirety. If this Settlement Agreement is rescinded or otherwise is deemed to have no force and

10   effect by the Court reviewing this Settlement Agreement or on appeal by an appellate court, any

11   and all funds deposited by Defendants Winbond Taiwan and Winbond America into the Escrow

12   Account, including any interest accrued or earned thereon, but minus any taxes, expenses of

13   administering the Settlement Fund (excluding attorneys' fees) and notice costs, shall be returned

14   forthwith to Defendants Winbond Taiwan and Winbond America. Written notice of the exercise

15   of any such right to rescind shall be made according to the terms of this paragraph. Defendants

16   Winbond Taiwan and Winbond America, and the Settling Plaintiffs expressly reserve all of their

17   rights if this Settlement Agreement is rescinded, if the Settlement Agreement is found to have no

18   force and effect by the Court reviewing this Settlement Agreement or on appeal, or if Final

19   Judgment is not entered. Further, and in any event, Settling Plaintiffs and Defendants Winbond

20   Taiwan and Winbond America agree that this Settling Agreement, whether or not it shall become

21   final, and any and all negotiations, documents, and discussions associated with its negotiation,

1    shall not be deemed or construed to be an admission or evidence of any violation of any statute

2    or law or of any liability or wrongdoing by Defendants Winbond Taiwan or Winbond America,

3    or of the truth of any claims or allegations contained in any of the complaints or pleadings filed

4    in the above-mentioned actions by Settling Plaintiffs or to be filed contemporaneously with this

5    Settlement Agreement by Plaintiff States.

6        D.    This Settlement Agreement does not settle or compromise any claim by Settling

7    Plaintiffs or any member of the Settlement Classes against any defendant or alleged co-

8    conspirator other than Defendants Winbond Taiwan and Winbond America. All rights against

9    such other defendants or alleged co-conspirators are specifically reserved by Settling Plaintiffs

10   and Settling Classes. Defendants Winbond Taiwan and Winbond America's sales during the

11   Settlement Period shall not be removed from the Action, and any other defendant shall remain

12   responsible for any liability on such sales as provided by law. Except as otherwise set forth

13   herein, this Settlement Agreement shall not affect whatever rights Settling Plaintiffs or any of

14   them may have (i) to participate in or benefit from, where appropriate, any relief or other

15   recovery as part of a settlement or judgment in any action on behalf of any direct purchasers of

16   DRAM; (ii) to participate in or benefit from any relief or recovery as part of a judgment or

17   settlement in this action against any other party named as a defendant (other than Defendants

18   Winbond Taiwan and Winbond America); or (iii) to assert any claims other than the Released

19   Claims, as provided in Section V.

20       E.    This Settlement Agreement constitutes the entire, complete and integrated

21   agreement among Settling Plaintiffs and Defendants Winbond Taiwan and Winbond America,

1  and supersedes all prior and contemporaneous undertakings of Settling Plaintiffs and Defendants

2  Winbond Taiwan and Winbond America in connection herewith. This Settlement Agreement

3  may not be modified or amended except in writing executed by Settling Plaintiffs and

4  Defendants Winbond Taiwan and Winbond America, and approved by the Court. It shall be

5  construed and interpreted to effectuate the intent of the parties which is to provide, through this

6  Settlement Agreement, for a complete resolution of the relevant claims with respect to

7  Defendants Winbond Taiwan and Winbond America as provided in this Settlement Agreement.

8        F.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the

9  successors and assigns of Settling Plaintiffs and Defendants Winbond Taiwan and Winbond

10 America. Without limiting the generality of the foregoing, each and every covenant and

11 agreement made herein by Settling Plaintiffs shall be binding upon all Classes and Defendants

12 Winbond Taiwan and Winbond America.

13       G.     This Settlement Agreement may be executed in counterparts by Settling Plaintiffs

14 and Defendants Winbond Taiwan and Winbond America, and a facsimile signature shall be

15 deemed an original signature for purposes of executing this Settlement Agreement.

16       H.     Neither Settling Plaintiffs nor Defendants Winbond Taiwan and Winbond

17 America shall be considered to be the drafter of this Settlement Agreement or any of its

18 provisions for the purpose of any statute, case law, or rule of interpretation or construction that

19 would or might cause any provision to be construed against the drafter of this Settlement

20 Agreement. The descriptive headings of any paragraphs or sections of this Settlement

1  Agreement are inserted for convenience only and do not constitute a part of this Settlement

2  Agreement.

3      I.    Where this Settlement Agreement requires either party to provide notice or any

4  other communication or document to the other, such notice shall be in writing, and such notice,

5  communication, or document shall be provided by facsimile or letter by overnight delivery to the

6  counsel of record for the party to whom notice is being provided pursuant to Section VI of the

7  Settlement Agreement.

8      J.    All parties and their counsel agree to do anything reasonably necessary to

9  effectuate the performance of, and uphold the validity and enforceability of, this Settlement

10  Agreement.

11      K.    Settling Plaintiffs and Defendants Winbond Taiwan and Winbond America shall

12  use their best efforts to effectuate this Settlement Agreement, and secure the prompt, complete,

13  and final dismissal with prejudice of all actions in state and federal courts as referenced by this

14  Settlement Agreement as to Defendants Winbond Taiwan and Winbond America.

15      L.    Neither this Settlement Agreement, nor any act performed or document executed

16  pursuant to or in furtherance of this Settlement Agreement is or may be deemed to be or may be

17  used as an admission of, or evidence of, (i) the validity of any claim or defense; or (ii) the

18  appropriateness or inappropriateness of any class or other representational capacity whether

19  contemporaneously with this Settlement Agreement or at any time in the future.

20      M.    Each of the undersigned attorneys represents that he or she is fully authorized to

1   enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to

2   Court approval.

3
4   Dated: _3/13/07_____
5
6                                              Josef D. Cooper
7                                              Cooper & Kirkham, P.C.
8                                              655 Montgomery Street, 17th Floor
9                                              San Francisco, CA 94111
10                                             Telephone: (415) 788-3030
11
12
13  Dated: _____
14
15                                             David Boies, III
16                                             Straus & Boies, LLP
17                                             4041 University Drive
18                                             5th Floor
19                                             Fairfax, VA 22030
20                                             Telephone: (703) 764-8700
21
22
23  Dated: _____
24
25                                             Daniel E. Gustafson
26                                             Gustafson Gluek PLLC
27                                             650 Northstar East
28                                             608 Second Avenue South
29                                             Minneapolis, MN 55402
30                                             Telephone: (612) 333-6622
31
32
33  Dated: _____
34
35                                             Daniel J. Mogin
36                                             The Mogin Law Firm, P.C.
37                                             110 Juniper Street
38                                             San Diego, CA 92101
39                                             Telephone: (619) 687-6611

1    enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to

2    Court approval.

3
4    Dated: _____
5
6                                        Josef D. Cooper
7                                        Cooper & Kirkham, P.C.
8                                        655 Montgomery Street, 17th Floor
9                                        San Francisco, CA 94111
10                                       Telephone: (415) 788-3030
11
12
13   Dated: 3\20\07 _____
14
15                                       David Boies, III
16                                       Straus & Boies, LLP
17                                       4041 University Drive
18                                       5th Floor
19                                       Fairfax, VA 22030
20                                       Telephone: (703) 764-8700
21
22
23   Dated: _____
24
25                                       Daniel E. Gustafson
26                                       Gustafson Gluek PLLC
27                                       650 Northstar East
28                                       608 Second Avenue South
29                                       Minneapolis, MN 55402
30                                       Telephone: (612) 333-6622
31
32
33   Dated: _____
34
35                                       Daniel J. Mogin
36                                       The Mogin Law Firm, P.C.
37                                       110 Juniper Street
38                                       San Diego, CA 92101
39                                       Telephone: (619) 687-6611

1    enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to

2    Court approval.

3

4    Dated: _____

5

6                                             Josef D. Cooper

7                                             Cooper & Kirkham, P.C.

8                                             655 Montgomery Street, 17th Floor

9                                             San Francisco, CA 94111

10                                            Telephone: (415) 788-3030

11

12

13   Dated: _____

14

15                                            David Boies, III

16                                            Straus & Boies, LLP

17                                            4041 University Drive

18                                            5th Floor

19                                            Fairfax, VA 22030

20                                            Telephone: (703) 764-8700

21

22

23   Dated:  3/21/07

24

25                                            Daniel E. Gustafson

26                                            Gustafson Gluek PLLC

27                                            650 Northstar East

28                                            608 Second Avenue South

29                                            Minneapolis, MN 55402

30                                            Telephone:  (612) 333-6622

31

32

33   Dated: _____

34

35                                            Daniel J. Mogin

36                                            The Mogin Law Firm, P.C.

37                                            110 Juniper Street

38                                            San Diego, CA 92101

39                                            Telephone:  (619) 687-6611

Final Winbond Settlement Agreement            -30-

1   enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to

2   Court approval.

3
4   Dated: _____
5
6                                          _____
7                                          Josef D. Cooper
8                                          Cooper & Kirkham, P.C.
9                                          655 Montgomery Street, 17th Floor
10                                         San Francisco, CA 94111
11                                         Telephone: (415) 788-3030
12
13  Dated: _____
14
15                                         _____
16                                         David Boies, III
17                                         Straus & Boies, LLP
18                                         4041 University Drive
19                                         5th Floor
20                                         Fairfax, VA 22030
21                                         Telephone: (703) 764-8700
22
23  Dated: _____
24
25                                         _____
26                                         Daniel E. Gustafson
27                                         Gustafson Gluek PLLC
28                                         650 Northstar East
29                                         608 Second Avenue South
30                                         Minneapolis, MN 55402
31                                         Telephone: (612) 333-6622
32
33  Dated: _20 MARCH 2007_
34
35                                         _____
36                                         Daniel J. Mogin
37                                         The Mogin Law Firm, P.C.
38                                         110 Juniper Street
39                                         San Diego, CA 92101
                                           Telephone: (619) 687-6611

Final Winbond Settlement Agreement              -30-

Co-Lead Counsel and Attorneys for the
Indirect Purchaser Plaintiffs

Dated: 4/10/2007

_CHENG KUNG_

Winbond Electronics Corporation
4, Creation Road 3, Science-Based Industrial Park,
Hsinchu, Taiwan, R.O.C.

Winbond Electronics Corp.

Dated: 4/10/2007

Winbond Electronics Corporation America
2727 N. First Street, San Jose, CA 95134

Winbond Electronics Corp. America

Dated: 4/10/2007

Steven H. Morrissett
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER LLP
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

William S. Farmer
COLLETTE ERICKSON FARMER & O  EILL
LLP

Final Winbond Settlement Agreement                    -31-

MAR-27-2007 TUE 10:14 AM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02/02
MAR-27-2007  10:08        DEPARTMENT OF JUSTICE                   213 897 2801    P.002

235 Pine St, Suite 1300
San Francisco, CA 94104
Telephone: (415) 788-4646
Facsimile: (415) 788-6929

**Attorneys for Defendants Winbond Electronics
Corporation and Winbond Electronics
Corporation America**

Dated: 3-27-07 _____

_____
Emilio E. Varanini
Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Avenue
San Francisco, California 94102-3664
Telephone: (415) 703-5908

For:   Edmund G. Brown Jr.
           Attorney General of the State of California

**Co-Lead Counsel and Attorneys
for the State of California**

Dated: _____

_____
Blake L. Harrop
Assistant Attorney General
Office of the Attorney General of Illinois
James R. Thompson Center
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004

For:   Lisa Madigan
           Attorney General for the State of Illinois

Final Winbond Settlement Agreement                    -32-

TOTAL P.002

1   3300 Hillview Avenue
2   Palo Alto, CA 94304
3   Telephone: (650) 849-6600
4   Facsimile: (650) 849-6666
5
6   William S. Farmer
7   COLLETTE ERICKSON FARMER & O'NEILL
8   LLP
9   235 Pine St, Suite 1300
10  San Francisco, CA 94104
11  Telephone: (415) 788-4646
12  Facsimile: (415) 788-6929
13
14  **Attorneys for Defendants Winbond Electronics**
15  **Corporation and Winbond Electronics**
16  **Corporation America**
17
18
19  Dated: _____
20
21  _____
22  Emilio E. Varanini
23  Deputy Attorney General
24  Office of the Attorney General of California
25  455 Golden Gate Avenue
26  San Francisco, California 94102-3664
27  Telephone: (415) 703-5908
28
29  For:   Edmund G. Brown Jr.
30          Attorney General of the State of California
31
32  **Co-Lead Counsel and Attorneys**
33  **for the State of California**
34
35
36  Dated: _3/22/07_____
37
38  _____
39  Blake L. Harrop
40  Assistant Attorney General
41  Office of the Attorney General of Illinois
    James R. Thompson Center

1
2

**Co-Lead Counsel and Attorneys
for the State of Illinois**

Date: 3-27-07

TALIS J. COLBERG
Attorney General of Alaska

By:

Clyde E. Sniffen, Jr. AK Bar # 8906036
Senior Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue #200
Anchorage, AK 99501
(907) 269-5200

Date: 3/14/07

DUSTIN MCDANIEL
Attorney General of Arkansas

By: *[signature]*

Bradford Phelps
Senior Assistant Attorney General
Arkansas Bar No. 2001245
Office of the Attorney General
323 Center St.
Little Rock, AR 72201
501/682-3625 (Phone)
501/682-8118 (Facsimile)
Bradford.Phelps@arkansasag.gov

MAR-15-2007 THU 02:07 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02

MAR-15-2007  15:20        AG'S OFFICE                                602 542 9088   P.02/02

Date:  3/15/07

                          TERRY GODDARD, Attorney General
                          of the State of Arizona

By:

                          NANCY M. BONNELL, AZ Bar #016382
                          Antitrust Unit Chief
                          Office of the Attorney General
                          1275 West Washington Street
                          Phoenix, Arizona 85007-2926
                          Tel. (602) 542-7728

TOTAL P.02

Date:  April 2, 2007

JOHN W. SUTHERS
Attorney General of the State of Colorado

Devin M. Laiho
Assistant Attorney General
Consumer Protection Section
Colorado Department of Law
1525 Shennan Street – 5th Floor
Denver, Colorado 80203
Phone:  (303) 866-5079
Email:  Devin.Laiho@state.co.us

Date:  3/23/07

JOSEPH R. BIDEN III, Attorney General
Of the State of Delaware

By:  _[signature]_

MICHAEL A. UNDORF, DE Bar # 3874
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Tel. (302) 577-8924

Final Winbond Settlement Agreement                     -38-

Date: _April 5, 2007_

BILL McCOLLUM, Attorney General
of the State of Florida

By: _____
LIZABETH A. LEEDS, FL Bar # 00457991
Acting Antitrust Division Director
EMILIAN BUCATARU, FL Bar #0733261
Assistant Attorney General
Office of the Attorney General
Antitrust Division
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Tel (850) 414-3300

Apr. 5 '07  15:15  P.02    OFF OF THE ATTORNEY GE Fax:850-488-9134

MAR-15-2007 THU 03:18 PM FINNEGAN HENDERSON          FAX NO. 8508496666                P. 02/02

03/15/07  THU 12:58 FAX 808 586 1205  ____  ATTORNEY GENERAL CED                           @002

Date:  3/15/07

MARK J. BENNETT
Attorney General of the State of Hawaii


By:

DEBORAH DAY EMERSON
Supervising Deputy Attorney General
RODNEY I. KIMURA
C. BRYAN FITZGERALD
Deputy Attorneys General
Department of the Attorney General
State of Hawaii
425 Queen Street
Honolulu, Hawaii 96813
Telephone: (808) 586-1180

Date: 3/13/07

LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Brett T. DeLange (ISB No. 3628)
Deputy Attorney General
Consumer Protection Unit
Office of the Attorney General
Len B. Jordan Building
650 W. State St., Lower Level
P. O. Box 83720
Boise, Idaho 83720-0010
Telephone:      (208) 334-4114
FAX:            (208) 334-2830
brett.delange@ag.idaho.gov

-41-

Final Wirbond Settlement Agreement

MAR-15-2007 THU 01:01 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02
03/15/2007  14:52   5152914928          IA AG OFFICE                          PAGE  02/02

Date: _March 15, 2007_

THOMAS J. MILLER
Attorney General of Iowa
JOHN F. DWYER
Attorney

By: _____
LAYNE M. LINDEBAK
Assistant Attorney General
Special Litigation Division
Iowa Department of Justice
Second Floor Hoover Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
Tel. (515) 281-7054

03/23/2007  14:02    5025737151                    OAG CP                         PAGE  02/02

Date: __3/22/07__

**GREGORY D. STUMBO**
**KENTUCKY ATTORNEY GENERAL**

By:  _Maryelle B Mynear_

MARYELLEN B. MYNEAR
Litigation Branch Manager
Assistant Attorney General
Consumer Protection Division
1024 Capital Center Dr.
Frankfort, KY 40601
(502) 696-5389
(502) 573-8317 fax

Date: _March 16, 2007_

CHARLES C. FOTI, JR., Attorney General
of the State of Louisiana

BY:  _Jane Bishop Johnson_

JANE BISHOP JOHNSON, LA Bar # 21651
AAG/Antitrust
Louisiana Department of Justice
1885 N. 3rd Street, 4th Floor
Baton Rouge, LA 70802
Tel. (225) 326-6467

Final Winbond Settlement Agreement                    -44-

Date: ___3-15-07___

G. STEVEN ROWE, Attorney General
of the State of Maine

By:    _Christine M. Moylan_
CHRISTINA M. MOYLAN, ME Bar 7095
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8838

Date: _March 26, 2007_

DOUGLAS F. GANSLER
MARYLAND ATTORNEY GENERAL

_John R. Tennis_

John R. Tennis
Assistant Attorney General
Office of the Attorney General
Antitrust Division
200 St. Paul Place, 19th Floor
Baltimore, Maryland 21202
Tel. # (410) 576-6470
Fax # (410) 576-7830

04/06/2007 16:11 FAX                                                    ⌀003

Date: _____4/4/07_____

MARTHA COAKLEY, Attorney General
of the Commonwealth of Massachusetts


By: _____Mary B Freeley_____
MARY B. FREELEY, (MA BBO#544788)
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
Tel. (617) 727-2200

MAR-21-2007 WED 11:59 AM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02

Mar 21 2007  14:34    P.02

ATTORNEY GENERAL

Date:  _3-21-07_

State of Michigan
Michael A. Cox
Attorney General

_D. Pascoe_

D.J. Pascoe
Assistant Attorney General
Consumer Protection Division
Attorneys for the State of Michigan
G. Mennen Williams Building, 6th Floor
525 W. Ottawa Sweet
Lansing, Michigan 48933
Telephone: (517) 335-0855
Fax: (517) 373-4941

MAR-22-2007 THU 07:59 AM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02
03/22/2007 10:24 FAX  6512825437          ATTY GENERAL                          ☎002/002

Date: _March 22, 2007_

LORI SWANSON
Attorney General
State of Minnesota


KRISTEN M. OLSEN
Assistant Attorney General
Atty. Reg. No. 30489X

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 296-2921 (Voice)
(651) 282-5437 (fax)

ATTORNEYS FOR PLAINTIFF
STATE OF MINNESOTA

Final Winbond Settlement Agreement

-49-

Date: 3/23/07

JIM HOOD
ATTORNEY GENERAL

By: Sondra Simpson McLemore
Special Assistant Attorney General
Consumer Protection
802 North State Street Suite 301
Jackson, MS 39225
(601) 359-3748
(601) 359-4231 (Fax)
Ssimp@ago.state.ms.us

MAR-14-2007 WED 12:00 PM FINNEGAN HENDERSON        FAX NO. 6508496666        P. 02
03/14/2007 13:51 FAX  402 471 4725        NE ATTORNEY GENERAL              002/002


Date: __3/13/07__

JON BRUNING, Attorney General of the
State of Nebraska,


BY: _____

Lynne R. Fritz, NSBA #15663
Leslie C. Levy, NSBA #20873
Assistant Attorneys General
2115 State Capitol
Lincoln, NE 68509-8920
Tel.: (402) 471-2682

MAR-20-2007 TUE 12:40 PM FINNEGAN HENDERSON    FAX NO. 6508496666    P. 02
MAR-20-2007 TUE 01:21 PM BCP LV    FAX NO. 17024883283    P. 02

Date: March 20, 2007

CATHERINE CORTEZ MASTO, Attorney
General
of the State of Nevada
ERIC WITKOSKI
Chief Deputy Attorney General
Consumer Advocate

By:  *Brian Armstrong* (signature)
BRIAN ARMSTRONG
Senior Deputy Attorney General
Office of the Attorney General
Bureau of Consumer Protection
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Tel. (702) 486-3420

Signature for Settlement Agreement between Winbond Electronic Corporation and
Settling Plaintiffs in *State of California, et al. V. Infineon Technologies, AG, et al.*
Master File No. M-02-1486 PJH (JCS) MDL No. 1486, Case No. C06-4333 PJH

DATE: _____ March 29, 2007 _____

KELLY A. AYOTTE
Attorney General
State of New Hampshire

By: _____

David A. Rienzo (N.H. Bar No 13860)
Assistant Attorney General
*Appearing Pro Hac Vice*

Consumer Protection and Antitrust Bureau
33 Capitol Street
Concord, New Hampshire 03301
(603) 271-1249
(603) 223-6239 (facsimile)
david.rienzo@doj.nh.gov

DIV OF LAW          Fax:973-648-3555          Mar 19 2007  12:55      P.02

Date: 3/18/07

                    Stuart Rabner
                    Attorney General
                    State of New Jersey

                    Todd C. Steadman
                    Deputy Attorney General
                    Department of Law and Public Safety
                    Division of Law
                    124 Halsey Street, 5th Fl.
                    Newark, New Jersey 07101
                    (973) 648-3083

                    **ATTORNEYS FOR PLAINTIFF**
                    **STATE OF NEW JERSEY**

MAR-08-2007 THU 03:50 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02
    03/08/2007  16:38     5052229065          ABOLIT                       PAGE  02/02

Date: _March 8, 2007_

GARY KING, Attorney General
of the State of New Mexico

By: _____

DEYONNA YOUNG, NM Bar No. 2980
Assistant Attorney General
Office of the Attorney General
111 Lomas Boulevard NW, Suite 300
Albuquerque, New Mexico 87102
Tel.: (505) 222-9089

MAR-27-2007 TUE 12:58 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02

MAR-27-2007 16:40 From:CONSUMER PROTECTION  919 716 6051          To:6508496666          P.2/2

Date: March 27, 2007

ROY COOPER
Attorney General of North Carolina

By: K. D. Sturgis
Assistant Attorney General
N.C. State Bar. No. 9486
North Carolina Department of Justice
P. O. Box 629
Raleigh, NC 27602
Tel. 919/716.6000
Fax 919/716.6050
ksturgis@ncdoj.gov

MAR-29-2007 THU 01:27 PM FINNEGAN HENDERSON          FAX NO. 6508496666            P. 02/02
MAR-29-2007  16:25        ND ATTORNEY GENERAL                         701 328 4300    P.02

Date: 3/29/07

Wayne Stenehjem, Attorney General
of the State of North Dakota


BY: _____

Todd A. Sattler, ND ID No. 05719
Assistant Attorney General
Office of Attorney General
Consumer Protection and Antitrust Division
4205 State Street
PO Box 1054
Bismarck, ND 58502-1054
Phone: (701) 328-5570

Date:  5 April 2007, Ch.S.T.

MATTHEW T. GREGORY
Northern Mariana Islands Bar No. F0205
Attorney General of the Commonwealth of the
Northern Mariana Islands


BY: _____*Gregory Baka*_____

GREGORY BAKA
Northern Mariana Islands Bar No. F0199
California Bar No. 145687 (inactive)
    Admitted to N.D. Cal. Dec. 11, 1989
Deputy Attorney General

OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg, 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone: (670) 664-2341
Fax: (670) 664-2349
E-mail: cnmioag.antitrust@yahoo.com

MAR-27-2007 TUE 11:51 AM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02

03-27-07    14:44    From-A G/Anti Trust                    614 995 0266       T-280   P.002/002   F-860

Date: 3/27/07

MARC DANN, Attorney General
of the State of Ohio

By: _James C. Roberts_

JAMES C. ROBERTS, OH Bar #0077733
Assistant Attorney General
MITCHELL L. GENTILE, OH Bar #0022274
Principal Attorney General
State of Ohio Office of the Attorney General
Antitrust Section
150 East Gay Street, 20th Floor
Columbus, Ohio 43215
Tel. (614) 466-4328

MAR-16-2007 FRI 01:26 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 02

03/16/2007 FRI 16:14  FAX 405 522 0085  OK ATTORNEY GENERAL                      Ø002/003

Date: 3-16-07

W.A. DREW EDMONDSON
OKLAHOMA ATTORNEY GENERAL

By:

THOMAS A. BATES, OBA NO. 15672
ASSISTANT ATTORNEY GENERAL
4545 N. Lincoln Blvd., Suite 260
Oklahoma City, Oklahoma 73105
Phone: (405) 522-1013

Date: _3/22/07_

HARDY MYERS, Attorney General
For the State of Oregon

By: Tim Nord, , OSB 88280
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
503 947-4333 voice
503 378-5017 facsimile
Tim.Nord@state.or.us email

WINBOND SETTLEMENT AGREEMENT

Date: 3/30/2007

TOM CORBETT, Attorney General
Commonwealth of Pennsylvania

WILLIAM H. RYAN, JR.
First Deputy Attorney General

ALEXIS L. BARBIERI
Executive Deputy Attorney General
Public Protection Division

By: _____

JAMES A. DONAHUE, III
Chief Deputy Attorney General

Jennifer J. Kirk
Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
Facsimile: (717) 705-7110

MAR-09-2007 FRI 01:52 PM FINNEGAN HENDERSON       FAX NO. 6508496666       P. 02
03/09/2007 17:56 FAX 401 222 2995       RIAG CIVIL DIVISION       ☑002

Date: _March 9 2007_

PATRICK C. LYNCH
Attorney General
State of Rhode Island


By: _Edmund F. Murray, Jr._

Edmund F. Murray, Jr., #3096
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 ext. 2401

Date: _3/9/07_

                             HENRY McMASTER
                             South Carolina Attorney General
                             C. HAVIRD JONES, JR.
                             Senior Assistant Attorney General

BY:                                                                                                
                             C. HAVIRD JONES, JR.
                             Senior Assistant Attorney General
                             Office of the Attorney General
                             P. O. Box 11549
                             Columbia, SC 29211
                             (803) 734-3680 (telephone)
                             (803) 734-3677 (fax)

Date: ___3/15/2007___

ROBERT E. COOPER
Attorney General of the State of Tennessee

By: _____

S. ELIZABETH MARTIN, TN BPR # 13329
Senior Counsel
425 5th Avenue North
Nashville, Tennessee 37243-0485
615-532-5732

Date: 3/08/07

Greg Abbott
Attorney General


By:  Mark A. Levy
State Bar #24014555
Assistant Attorney General
Antitrust & Civil Medicaid Fraud Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1847 voice
512-320-0975 telecopy
Mark.Levy@oag.state.tx.us

Final Winbond Settlement Agreement

MAR-20-2007 TUE 11:41 AM FINNEGAN HENDERSON        FAX NO. 650 849 6666        P. 02

03/20/2007 12:44 FAX 8013663015          COMMERCIAL ENF                        ☒002


Date: _MARCH  20,2007_

                        MARK L. SHURTLEFF
                        Attorney General of the
                        State of Utah


                        By: _____
                        RONALD J. OCKEY, Utah State Bar #2441
                        Assistant Attorney General
                        Office of the Attorney General of Utah
                        160 East 300 South, Fifth Floor
                        Salt Lake City, Utah 84111
                        Tel. 801-366-0359

Date: 3-27-07

WILLIAM H. SORRELL, Attorney General
of the State of Vermont

By:

DAVID BORSYKOWSKY
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1057

Date: *March 27, 2007*

ROBERT F. MCDONNELL, Attorney General
  of the Commonwealth of Virginia
WILLIAM C. MIMS
Chief Deputy Attorney General
DAVID B. IRVIN
Senior Assistant Attorney General and Chief
Antitrust & Consumer Litigation Section


By: *Sarah Oxenham Allen*
SARAH OXENHAM ALLEN, VA Bar #33217
Assistant Attorney General
Antitrust & Consumer Litigation Section
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Tel. (804) 786-6557

Signature page for the state of WASHINGTON for
*State of California et al v. Infineon Technologies AG, et al.* and
*State of California et al v. Winbond Electronic Co*
U.S. District Court, N. D. California, MDL No. 1486

Dated: March 9, 2007

ROBERT M. MCKENNA
Attorney General
TINA E. KONDO
Senior Assistant Attorney General

BRADY R. JOHNSON
*Appearing Pro Hac Vice*
Washington State Bar No. 21732
Assistant Attorney General
800 Fourth Avenue, #2000
Seattle, WA 98104
206-389-2848 (tel)
206-464-6338 (fax)

MAR-08-2007 THU 01:29 PM FINNEGAN HENDERSON          FAX NO. 6508496666          P. 03
03/08/2007 16:20 FAX 3045580184          Attn Gen CPD          @003/003

Date: 3-8-07

DARRELL V. McGRAW, JR., Attorney General
of the State of West Virginia
FRANCES A. HUGHES
Chief Deputy Attorney General


By: _____
JILL L. MILES, WV Bar # 4671
Deputy Attorney General
DOUGLAS L. DAVIS, WV Bar # 5502
Assistant Attorney General
Office of the Attorney General
812 Quarrier Street, Floor 1
Charleston, West Virginia 25301
Tel. (304) 558-8986

Date: _3-12-07_

J.B. VAN HOLLEN
Attorney General

By: GWENDOLYN J. COOLEY
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-5810 voice
(608) 267-2778 facsimile
cooleygj@doj.state.wi.us

APR/12/2007/THU 08:36 AM   CA. DEPT. OF JUSTICE       FAX No. 415 703 5583              P. 002
                                                         4064443549          T-133  P.001/001  F-227
Mar-12-07   01:04pm   From-MT ATTORNEY GENERAL OFFICE

Date: March 12, 2007

                        Mike McGrath
                        Attorney General
                        State of Montana

By: _____

                        Cort Jensen
                        Assistant Attorney General
                        Consumer Protection Office
                        215 North Sanders PO Box 201401
                        Helena, MT 59620
                        (406) 444-5439
                        (406) 444-3549 (facsimile)
                        cojensen@mt.gov

Date: March 21, 2007

**JEREMIAH W. (JAY) NIXON**
**MISSOURI ATTORNEY GENERAL**


By: _Anne E. Schneider_
_____
ANNE E. SCHNEIDER

Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Tel: 573-751-3321
Fax: 573-751-2041

Date: 3/21/07

        LINDA SINGER
        Acting Attorney General for the
        District of Columbia

        BENNETT RUSHKOFF
        Acting Deputy Attorney General
        Public Advocacy Division

        DON RESNIKOFF
        Senior Assistant Attorney General

        SUSAN PHAN
        Assistant Attorney General
        DC Bar #500479
        Suite 450N
        Office of the Attorney General
        441 4th St., NW
        Washington, DC 20001
        (202) 727-3225
        (202) 727-6546 (fax)
        Susan.Phan@dc.gov

        Attorneys for the District of Columbia

Final Winbond Settlement Agreement

Dated: March 12, 2007

LAWRENCE E. LONG
ATTORNEY GENERAL OF SOUTH DAKOTA

BY:

Jeffrey P. Hallem
Assistant Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota, 57501-8501
Telephone: (605) 773-3215
Facsimile: (605) 773-4106

Date:  March 20, 2007

RICHARD BLUMENTHAL
Attorney General of the State of Connecticut


By:_____
Michael E. Cole
Chief, Antitrust Department
Connecticut Attorney General's Office
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Phone:  (860) 808-5040
Fax:  (860) 808-5033
Email:  Michael.Cole@po.state.ct.us