| | |
|---|---|
| JOSEF D. COOPER (Cal. S. B. 53015)<br>TRACY R. KIRKHAM (Cal. S. B. 69913)<br>KELLY A. HORNE (Cal. S. B. 242675)<br>COOPER & KIRKHAM, P.C.<br>655 Montgomery Street, 17th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 788-3030<br>Facsimile: (415) 882-7040<br>jdc@coopkirk.com<br><br>Indirect Plaintiffs' Co-Lead Counsel | EDMUND G. BROWN, JR.<br>Attorney General of the State of California<br>THOMAS GREENE<br>Chief Assistant Attorney General<br>KATHLEEN FOOTE (Cal. S. B. 65819)<br>Senior Assistant Attorney General<br>Emilio E. Varanini (Cal. S. B. 163952)<br>Deputy Attorney General<br>455 Golden Gate Avenue, Ste. 11000<br>San Francisco, CA 94102<br>Telephone: (415) 703-5908<br>Facsimile: (415) 703-5480<br>Emilio.varanini@doj.ca.gov<br><br>Attorneys for the State of California |

(The Names of Additional Counsel Appear on Signature Page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*State of New York v. Micron Technology et al*<br><br>*State of California et al v. Infineon Technologies AG et al*<br><br>*State of California et al v. Samsung Electronics Co., Ltd et al*<br><br>*State of California et al v. Winbond Electronics Co.* | Master File No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**EXHIBIT D TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS**<br><br>No. C-06-6436 PJH<br><br>No. C-06-4333 PJH<br><br>No. C-07-1347 PJH<br><br>No. C-07--2589-PJH<br><br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Honorable Phyllis J. Hamilton |

Exhibit D to Memorandum in Support of Preliminary Approval of Settlement
with Samsung and Winbond Defendants                                                                                    -1-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATE OF NEW YORK, *ex. rel.*
Attorney General ELIOT SPITZER,

STATE OF WISCONSIN, *ex. rel.*
Attorney General JAMES E. DOYLE,

STATE OF FLORIDA, *ex. rel.*
Attorney General ROBERT A. BUTTERWORTH,

STATE OF ILLINOIS, *ex. rel.*
Attorney General JIM RYAN,

DISTRICT OF COLUMBIA, *ex. rel.*
Corporation Counsel ROBERT R. RIGSBY,

STATE OF MINNESOTA, *ex. rel.*
Attorney General MIKE HATCH,

STATE OF ALASKA, *ex. rel.*
Attorney General BRUCE M. BOTELHO,

STATE OF ARIZONA, *ex. rel.*
Attorney General JANET NAPOLITANO,

STATE OF ARKANSAS, *ex. rel.*
Attorney General MARK PRYOR,

STATE OF CALIFORNIA, *ex. rel.*
Attorney General BILL LOCKYER,

STATE OF COLORADO, *ex. rel.*
Attorney General KEN SALAZAR,

STATE OF CONNECTICUT, *ex. rel.*
Attorney General RICHARD BLUMENTHAL,

STATE OF DELAWARE, *ex. rel.*
Attorney General M. JANE BRADY,

STATE OF GEORGIA, *ex. rel.*
Attorney General THURBERT E. BAKER,

**FILED**

DEC 1 9 2000

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL ACTION NO. 00-2912

FINAL JUDGMENT AND
CONSENT DECREE

*Let this be filed -*
*Hogan, J.*
*12-19-2000*

Attachment A



STATE OF HAWAII, *ex. rel.*
Attorney General EARL I. ANZAI,

STATE OF IDAHO, *ex. rel.*
Attorney General ALAN G. LANCE,

STATE OF INDIANA, *ex. rel.*
Attorney General KAREN M. FREEMAN-WILSON,

STATE OF IOWA, *ex. rel.*
Attorney General THOMAS J. MILLER,

STATE OF KANSAS, *ex. rel.*
Attorney General CARLA J. STOVALL,

COMMONWEALTH OF KENTUCKY, *ex. rel.*
Attorney General A.B. CHANDLER III,

STATE OF MAINE, *ex. rel.*
Attorney General ANDREW KETTERER,

STATE OF MARYLAND, *ex. rel.*
Attorney General J. JOSEPH CURRAN, JR.,

STATE OF MICHIGAN, *ex. rel.*
Attorney General JENNIFER GRANHOLM,

STATE OF MONTANA, *ex. rel.*
Attorney General JOSEPH P. MAZUREK,

STATE OF NEBRASKA, *ex. rel.*
Attorney General DON STENBERG,

STATE OF NEVADA, *ex. rel.*
Attorney General FRANKIE SUE DEL PAPA,

STATE OF NEW HAMPSHIRE, *ex. rel.*
Attorney General PHILIP T. McLAUGHLIN,

STATE OF NEW MEXICO, *ex. rel.*
Attorney General PATRICIA A. MADRID,

STATE OF NORTH CAROLINA, *ex. rel.*
Attorney General MICHAEL F. EASLEY,

STATE OF NORTH DAKOTA, *ex. rel.*
Attorney General HEIDI HEITKAMP,

STATE OF OHIO, *ex. rel.*
Attorney General BETTY D. MONTGOMERY,

STATE OF OKLAHOMA, *ex. rel.*
Attorney General W.A. DREW EDMONDSON,

STATE OF OREGON, *ex. rel.*
Attorney General HARDY MYERS,

COMMONWEALTH OF PUERTO RICO, *ex. rel.*
Secretary of Justice ANGEL E. ROTGER SABAT,

STATE OF RHODE ISLAND, *ex. rel.*
Attorney General SHELDON WHITEHOUSE,

STATE OF SOUTH CAROLINA, *ex. rel.*
Attorney General CHARLIE CONDON,

STATE OF SOUTH DAKOTA, *ex. rel.*
Attorney General MARK BARNETT,

STATE OF TENNESSEE, *ex. rel.*
Attorney General PAUL G. SUMMERS,

STATE OF TEXAS, *ex. rel.*
Attorney General JOHN CORNYN,

STATE OF UTAH, *ex. rel.*
Attorney General JAN GRAHAM,

STATE OF VERMONT, *ex. rel.*
Attorney General WILLIAM H. SORRELL,

COMMONWEALTH OF VIRGINIA, *ex. rel.*
Attorney General MARK L. EARLEY,

STATE OF WASHINGTON, *ex. rel.*
Attorney General CHRISTINE O. GREGOIRE,

STATE OF WEST VIRGINIA, *ex. rel.*
Attorney General DARRELL V. McGRAW, JR.,

STATE OF WYOMING, *ex. rel.*
Attorney General GAY WOODHOUSE,

        Plaintiffs,

v.

HOFFMANN-LA ROCHE INC., ROCHE VITAMINS INC.,
AVENTIS ANIMAL NUTRITION S.A.;
DAIICHI PHARMACEUTICAL CO., LTD;
EISAI CO., LTD; TAKEDA CHEMICAL INDUSTRIES, LTD.; and
BASF CORPORATION,

        Defendants.

---

Plaintiffs, the States, Commonwealths, and Districts of ALASKA, ARIZONA, ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, IDAHO, ILLINOIS, INDIANA, IOWA, KANSAS, KENTUCKY, MAINE, MARYLAND, MICHIGAN, MINNESOTA, MONTANA, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW MEXICO, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, OHIO, OKLAHOMA, OREGON, PUERTO RICO, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, UTAH, VERMONT, VIRGINIA, WASHINGTON, WEST VIRGINIA, WISCONSIN, AND WYOMING ("Plaintiff States") have filed a Complaint against the Settling Defendants for damages arising from proprietary purchases of Vitamin Products and Indirect Vitamin Products, injunctive relief and penalties in their sovereign capacity, alleging that the Settling Defendants and co-conspirators violated federal and state antitrust laws. The Settling Defendants deny the allegations contained therein. The Plaintiff States commenced this action on the fifth day of December, 2000.

Plaintiff States, by their respective Attorneys General, and the Settling Defendants have entered into a Settlement Agreement and have agreed by Stipulation to entry of this Final Judgment and Consent Decree, and without the Settlement, Stipulation and Final Judgment and Consent Decree constituting any evidence against or admission by any party with respect to any matter or issue raised in the Complaint.

Now, therefore, prior to taking any testimony, and without trial or adjudication of any issues of fact or law and upon the consent of the parties hereto;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

## I. JURISDICTION

This Court has jurisdiction over the subject matter of this action. The Court also has jurisdiction over each of the parties hereto for purposes of enforcing this Final Judgment and Consent Decree and the Settlement Agreement. The Complaint raises claims against the Settling Defendants under Section 1 of the Sherman Act (15 U.S.C. § 1), Section 4 of the Clayton Act (15 U.S.C. § 15), and Section 16 of the Clayton Act (15 U.S.C. § 26). Jurisdiction lies in this court pursuant to 28 U.S.C. § 15 and 28 U.S.C. § 1367. The Complaint raises pendent state claims for damages, penalties and other relief.

## II. DEFINITIONS

As used in this Final Judgment and Consent Decree:

1. "Attorneys General" means the attorneys general of the States and Commonwealths identified in the caption of the complaint, the Corporation Counsel of the District of Columbia and the Secretary of Justice of Puerto Rico.

2. "Indirect Vitamins Products" means Vitamin Products, products containing Vitamin Products, or products constituted of (in whole or in part) or derived from animals that consumed Vitamin Products or products containing Vitamin Products.

3. "Premix" means any product that contains one or more Vitamin Products in combination with other substances (such as other active ingredients or dilution agents) and is or was sold by a Settling Defendant as a premixed formulation.

4. "Settlement Agreement" means the State Vitamin Purchaser Settlement Agreement entered into on the tenth day of October, 2000 between the States and the Settling Defendants. A copy of the Settlement Agreement is attached as Exhibit A to this Final Order and Consent Decree.

5. "Settlement Amount" means twenty-nine million, five hundred and ninety-five thousand, and seven hundred dollars ($29,595,700).

6. "Settling Defendants" means the Defendants named in the caption of the complaint.

7. "Vitamin Products" means: (i) the following vitamins and carotenoids: vitamin A, astaxanthin, vitamin B1 (thiamin), vitamin B2 (riboflavin), vitamin B4 (choline chloride) vitamin B5 (calpan), vitamin B6, vitamin B9 (folic acid), vitamin B12 (cyanocobalamine pharma), beta-carotene, vitamin C, canthaxanthin, vitamin E, and vitamin H (biotin), as well as all blends and forms of the foregoing, and (ii) Premix.

### III. INJUNCTION

For a period of two (2) years from the date of execution of the Settlement Agreement BASF Corporation, Daiichi Fine Chemicals, Inc., Eisai U.S.A., Inc., Hoffmann-La Roche Inc., Roche Vitamins Inc., Aventis Animal Nutrition Inc. and Takeda Vitamin and Food USA Inc. are

hereby enjoined and restrained from engaging in any horizontal conduct that constitutes a per se violation of Section 1 of the Sherman Act, including, but not limited to, price fixing, market allocation and bid rigging, with respect to the sale of any Vitamin Product for delivery in the United States.

## IV.   PAYMENT TO THE STATES

In full and final settlement of all the States' released claims (as defined in the Settlement Agreement) and covenants not to sue set forth in the Settlement Agreement, the Settling Defendants shall severally pay to the States the total sum of the Settlement Amount to be distributed in accordance with the Settlement Agreement.

## V.   DISMISSAL WITH PREJUDICE

The Complaint against the Settling Defendants is hereby dismissed with prejudice as to the States, except as provided for in the Settlement Agreement, and without costs.

There is no just reason for delay of entry of a final judgment of dismissal with prejudice as to the Settling Defendants, and the Clerk is therefore directed to enter such a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## VI.   RETENTION OF JURISDICTION

Without affecting the finality of this Final Judgment and Consent Decree, jurisdiction shall be retained by this Court for the purposes of enabling any party hereto to apply for such further orders and directions as may be necessary or appropriate for the construction or enforcement of this Final Judgment and Consent Decree and to remedy a violation of any of the provisions contained herein. This Court shall have the authority to specifically enforce the provisions of this Final Judgment and Consent Decree.

## VII. TERM

On October 10, 2002, Section III of this Final Judgment and Consent Decree shall automatically terminate without any action by any party or the Court.

So ordered this ___19th___ day of ___December___ 2000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

kharris\vitamins\stetagr\complain\fjcd1129.wpd

5