JOSEF D. COOPER (Cal. S. B. 53015)
TRACY R. KIRKHAM (Cal. S. B. 69913)
KELLY A. HORNE (Cal. S. B. 242675)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com

Indirect Plaintiffs' Co-Lead Counsel

EDMUND G. BROWN, JR.
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
Emilio E. Varanini (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for the State of California

(The Names of Additional Counsel Appear on Signature Page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH<br><br>MDL No. 1486 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **EXHIBIT E TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS** |
| *State of New York v. Micron Technology et al* | No. C-06-6436 PJH |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd et al* | No. C-07-1347 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07--2589-PJH<br><br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Honorable Phyllis J. Hamilton |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MICROSOFT CORP. ANTITRUST LITIGATION<br><br>This Document relates to:<br><br>*City and County of San Francisco, et al.*<br>*v. Microsoft Corp.,*<br>Civil Action No. 04-cv-03705 | MDL Docket No. 1332<br><br>Hon. J. Frederick Motz |

## [AMENDED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (ENTERED *NUNC PRO TUNC*)

WHEREAS, Plaintiffs and Lead Counsel for the Settlement Class (as defined in the Settlement Agreement dated June 22, 2006), have applied for an order conditionally certifying the Settlement Class, preliminarily approving the terms and conditions of the Settlement as set forth in the Settlement Agreement together with the Appendices attached to the Settlement Agreement, approving the form and manner of notice, and scheduling a hearing on final approval of the Settlement;

WHEREAS, the Settlement requires, among other things, that All Claims (as defined in the Settlement Agreement) against Microsoft be settled and compromised;

WHEREAS, Lead Counsel for the Settlement Class will file a motion concerning the attorneys' fees and costs it seeks on behalf of itself and all other counsel for plaintiffs in this litigation, in accordance with the schedule specified in paragraph 12 of this Order; and

WHEREAS, this Court has considered the Settlement Agreement and the Appendices attached to the Settlement Agreement;

NOW, THEREFORE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. The terms defined in the Settlement Agreement are incorporated in this Order.

2. The Court appoints Rust Consulting, Inc., as the Settlement Administrator.

3. For purposes of this Order and the Settlement contemplated by the Settlement Agreement, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the Settlement Class, defined as follows:

> All government entities located in California (excluding the federal government, foreign governments and government entities from states other than California) that indirectly licensed Microsoft Operating System software and/or Microsoft Application software between August 27, 2000 and March 31, 2005 and did not obtain such software for purposes of resale.

However, if the Settlement contemplated by this Settlement Agreement is terminated pursuant to section II.G. and Appendix B to the Settlement Agreement (filed under seal) or pursuant to section II.J of the Settlement Agreement, or does not obtain Final Approval, then this conditional certification shall be automatically vacated upon this Court's denial of final approval of the Settlement or notice to the Court of the termination of the Settlement, and the matter shall proceed as though the Settlement Class had never been conditionally certified and such findings had never been made, without prejudice to the ability of any party thereafter to request or oppose class certification on any basis.

4. The Court appoints the City and County of San Francisco, County of Santa Clara, County of Los Angeles, City of Los Angeles, County of San Mateo, and County of Contra Costa as representatives of the Settlement Class (the "Class Representatives"). The Court appoints Townsend and Townsend and Crew LLP as Lead Counsel for the Settlement Class. The Court also approves representation of the Settlement Class by co-counsel Kellogg, Huber, Hansen, Todd & Evans, Zelle, Hofmann, Voelbel, Mason & Gette and in-house counsel for each of the Class Representatives.

5. The Court preliminarily approves the terms of the Settlement as set forth in the Settlement Agreement, subject to the right of any entity whose claims will be released under the

terms of Section III of the Settlement Agreement to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and/or any of its provisions, to present any opposition to the request for attorneys' fees and costs submitted by Lead Counsel for the Settlement Class on behalf of itself and all other counsel for plaintiffs in this litigation, and to show cause, if any exists, why a final judgment dismissing All Claims should not be ordered after due and adequate notice to the Settlement Class as set forth in the Settlement Agreement and after a hearing on final approval.

6. The Court, having considered the Forms of Notice proposed by the parties, approves the Forms of Notice and manner of notice and finds that the Forms of Notice fairly and adequately inform the members of the Settlement Class of their rights regarding the Settlement, including their right to opt out of the Settlement, to object to the Settlement, to oppose the request for attorneys' fees and costs submitted by Lead Counsel for the Settlement Class on behalf of itself and all other counsel for plaintiffs in this litigation, and to appear at the hearing on final approval of the Settlement. The Court finds that the notice (including, but not limited to, the Forms of Notice and the methods of giving notice to the class) is the best notice practicable under the circumstances and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable law or rules of the Court.

7. Any member of the Settlement Class other than the Class Representatives may request exclusion from ("opt out" of) the Settlement, as set forth in the Settlement Agreement, on or before 45 days after the Notice Ending Date (the "Opt-Out Date"). Each member of the Settlement Class wishing to opt out of the Settlement Class must submit written notice to an address designated by the Settlement Administrator. Any such written notice must be signed, must include the name and address of the member of the Settlement Class, and must clearly manifest an intent to be excluded from the Settlement Class. The written opt out notice must also contain the position of the person submitting the exclusion request and a statement that the person executing the request is authorized to do so on behalf of the member of the Settlement Class that requests exclusion. The written opt out notice must also contain a statement under

3

penalty of perjury specifying the number of full time equivalent employees that are currently employed by the member of the Settlement Class that requests exclusion. To be effective, the written opt out notice must be postmarked on or before the Opt-Out Date.

8. Within 15 days after the Opt-Out Date, any party to the Settlement Agreement may file a motion with this Court challenging the legal validity of particular requests for exclusion ("opt outs") from the Settlement. Any effort to opt out of the Settlement that is challenged in this manner shall not be considered valid under the terms of the Settlement Agreement unless and until this Court determines that the opt out is authorized by law.

9. Any government entity in the Settlement Class that wishes to request a modification to the Eligible Class Member List (as defined in the Settlement Agreement) must send a written request to the Settlement Administrator, together with satisfactory evidence and legal authority concerning each of the criteria identified in the Settlement Agreement that are relevant to status as an Eligible Member of the Settlement Class. Any such request must be postmarked no later than 15 days after the Notice Ending Date.

10. As of the date of this Order, all discovery and other proceedings in this litigation, including trial, shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

11. All protective orders in force as of the date of this Order are amended to apply to, cover and protect Confidential and Highly Confidential materials and information provided by Microsoft in connection with this Settlement (including but not limited to information with respect to the potential or actual members of the Settlement Class). In addition, neither party will divulge offers, counter-offers, draft agreements, compromises or proposals made during the course of settlement negotiations.

12. The Court hereby schedules a hearing to occur on February 9, 2007, at 9:30 a.m. in the United States District Court, District of Maryland, 101 W. Lombard Street, Baltimore, Maryland 21201, to determine whether: (a) the proposed Settlement as set forth in the Settlement Agreement, as well as certification of the Settlement Class, should be finally approved as fair,

reasonable and adequate for purposes of this Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure; (b) an Order of Approval approving the Settlement Agreement and a Final Judgment should be entered; and (c) the application of Lead Counsel for the Settlement Class for an award of attorneys' fees, costs and expenses of litigation for all counsel involved in this matter should be approved. No later than 75 days before the hearing, Lead Counsel for the Settlement Class shall file any briefs and papers in support of its application for an award of attorneys' fees, costs and expenses of litigation for all counsel for plaintiffs in this matter. No later than 45 days after the Notice Ending Date, all relevant briefs and papers shall be filed and served by objectors to the Settlement or those opposing the request for attorneys' fees or costs included in the class notice. Each objection must be written and must contain the name and address of the objector, and satisfactory evidence that the objector is an entity whose claims against Microsoft will be released under the terms of Section III of the Settlement Agreement. The written objection must also contain the position of the person submitting the objection, and a statement that the person executing the written objection is authorized to do so on behalf of a specified entity whose claims against Microsoft will be released under the terms of Section III of the Settlement Agreement. In addition, no later than 45 days before the hearing, Microsoft shall file any briefs and papers in response to the application for attorneys' fees and costs submitted by Lead Counsel for the Settlement Class. No later than 30 days before the hearing, all relevant briefs in support of the Settlement shall be filed. No later than 15 days before the hearing, all relevant reply briefs and papers shall be filed and served by Lead Counsel for the Settlement Class in support of their application for attorneys' fees and costs.

13.   Neither this Order, the Settlement Agreement, the Settlement reflected in the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be used as an admission or evidence: (a) of the validity of any claims, alleged wrongdoing or liability of Microsoft; (b) of any fault or omission of Microsoft in any civil, criminal or administrative proceeding in any

court, administrative agency or other tribunal; or (c) that certification of a class of government entities would be appropriate in any other proceeding.

14.    The Court may, for good cause, extend any of the deadlines set forth in this Order and/or adjourn the date of the hearing on final approval of this Settlement without further notice to the members of the Settlement Class.

IT IS SO ORDERED.

DATED: July 7, 2006 (Nunc Pro Tunc)
8/21/06

_____
The Honorable J. Frederick Motz
United States District Judge