JOSEF D. COOPER (Cal. S. B. 53015)
TRACY R. KIRKHAM (Cal. S. B. 69913)
KELLY A. HORNE (Cal. S. B. 242675)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com

Indirect Plaintiffs' Co-Lead Counsel

EDMUND G. BROWN, JR.
Attorney General of the State of California
THOMAS GREENE
Chief Assistant Attorney General
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
Emilio E. Varanini (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for the State of California

(The Names of Additional Counsel Appear on Signature Page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH<br><br>MDL No. 1486 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **EXHIBIT F TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS** |
| *State of New York v. Micron Technology et al* | No. C-06-6436 PJH |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd et al* | No. C-07-1347 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07-2589-PJH<br><br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Honorable Phyllis J. Hamilton |

Exhibit F to Memorandum in Support of Preliminary Approval of Settlement
with Samsung and Winbond Defendants

-1-

John A. Maher, Esq. (JM-6121)
LAW OFFICES OF JOHN A. MAHER
450 Springfield Avenue
Summit, New Jersey 07901-3626
Telephone: (908) 277-2444

Attorneys for Plaintiffs

RECEIVED

DEC - 2 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SULLIVAN, ARRIGOTTI FINE JEWELRY and JAMES WALNUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DB INVESTMENTS, INC., DE BEERS S.A., DE BEERS CONSOLIDATED MINES, LTD., DE BEERS A.G., DIAMOND TRADING COMPANY, CSO VALUATIONS A.G., CENTRAL SELLING ORGANIZATION, and DE BEERS CENTENARY A.G.,<br><br>Defendants. | ELECTRONICALLY FILED<br><br>Civil Action Index No. 04-2819 (SRC)<br><br>**STIPULATION AND ORDER OF REFERENCE TO THE HONORABLE ALFRED M. WOLIN AS SPECIAL MASTER**<br><br>[Rules 23, 53 and 54(d)(2)(D), Federal Rules of Civil Procedure] |

WHEREAS, on November 30, 2005, the Court entered an Order Conditionally Certifying Settlement Class and Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), preliminarily approving the proposed settlement that the parties had reached in this action; and

WHEREAS, certain issues in the case need resolution, including the allocation of the settlement fund among the Reseller Subclass and the Consumer Subclass; the plan for dissemination of the notice of the settlement and the proposed forms of notice of settlement to be

488297.4

- 1 -

sent to the Class; the method and entitlement, if any, for members of the Settlement Class to file claims to share in the settlement proceeds and/or alternative proposals for disbursement of the settlement proceeds; the amount of incentive awards, if any, to be awarded to the named plaintiffs; and the amount of attorneys' fees, expenses and costs to be awarded to Counsel for the Settlement Class; and

WHEREAS, the parties believe it is in the best interests of both Subclasses to have a neutral recommendation on these issues; and

WHEREAS, The Honorable Alfred M. Wolin, retired United States District Judge for the District of New Jersey, is available to serve as a Special Master to make recommendations regarding such matters; and

WHEREAS, plaintiffs and defendants have conferred concerning the appointment of Judge Wolin as a Special Master, subject to the Court's approval, to report to the Court on these matters; and

WHEREAS, the Court finds, pursuant to Rule 53(b), Federal Rules of Civil Procedure, that the issues are complicated and that Judge Wolin's review and preparation of reports and recommendations on the allocation between the two Subclasses, the notice plan and forms of notice, the determination of the viability of a claims process, plaintiffs' incentive awards, and attorneys' fees and costs will assist the Court in making its determinations on these issues and in considering whether the proposed settlement is fair, reasonable and adequate as required by Rule 23(e), Federal Rules of Civil Procedure;

NOW THEREFORE, SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The Honorable Alfred M. Wolin (Ret.) is hereby appointed Special Master in these proceedings pursuant to Rules 23, 53 and 54(d)(2)(D), Federal Rules of Civil Procedure.

2. The Special Master shall have the authority granted by Rules 23, 53(c) and 54(d)(2)(D), Federal Rules of Civil Procedure.

3. The Special Master shall:

   a. issue reports and recommendations on the following matters:

      (i) division of the Aggregate Settlement Fund as between the Indirect Purchaser Reseller Subclass and the Indirect Purchaser Consumer Subclass;

      (ii) the plan for dissemination of the Notice of Settlement and the proposed forms of Notice of Settlement;

      (iii) the method and entitlement, if any, for members of the Settlement Class to file claims to share in the Aggregate Settlement Fund and/or alternative proposals for disbursement of the Aggregate Settlement Fund; and

      (iv) the amount of incentive awards, if any, to be awarded to the named plaintiffs and the amount of attorneys' fees, expenses and costs to be awarded to Counsel for the Settlement Class;

   b. file his Reports and Recommendations with the Court pursuant to future orders.

4. In order to facilitate the resolution of these issues, the Special Master may communicate *ex parte* with counsel and the parties, as well as the Court.

5. The Special Master shall maintain and preserve all written submissions, evidence and other material submitted on issues that are heard before him until this matter finally resolves. The Special Master shall also maintain and preserve any written order, report or recommendation the Special Master may make pursuant to this Order of Reference until this matter finally resolves.

6. Except as ordered by the Special Master, all papers related to any matter or issue subject to this Order of Reference shall be filed with this Court and served on the Special Master and all counsel at least five (5) court days before any hearing; responses shall be filed and

served at least two (2) court days before any hearing; and reply briefs shall be filed and served at least one (1) court day before the hearing. Submissions may include formal briefs, informal letter briefs and any evidence the parties may proffer.

7. The Special Master shall file any order, report or recommendation with this Court on or before dates to be specified. The Court will review findings of fact for clear error. Rule 53(g)(3)(A), Federal Rules of Civil Procedure.

8. The Special Master shall be paid his normal hourly rate, to be paid one-half by the Reseller Subclass and one-half by the Consumer Subclass, or as the Special Master may order. The Special Master may impose sanctions on any party found to be acting in bad faith, frivolously or for purposes of delay.

9. Attached hereto as Exhibit 1 is an Affidavit executed by the Special Master disclosing all information required by 28 U.S.C. section 455. None of the named parties seeks to disqualify the Special Master.

10. This order may be amended from time-to-time after notice to the parties and an opportunity to be heard.

SO STIPULATED AND AGREED:

Dated: November 30, 2005          Plaintiffs' Counsel for Reseller Subclass

                                  By: _____
                                       Attorney for Reseller Subclass

Dated: November 30, 2005          Plaintiffs' Counsel for the Consumer Subclass

                                  By: _____
                                       Attorneys for Consumer Subclass

Dated: November ___, 2005         Counsel For Defendant De Beers, S.A.

                                  By: _____
                                       Attorney for De Beers, S.A.

served at least two (2) court days before any hearing; and reply briefs shall be filed and served at least one (1) court day before the hearing. Submissions may include formal briefs, informal letter briefs and any evidence the parties may proffer.

7. The Special Master shall file any order, report or recommendation with this Court on or before dates to be specified. The Court will review findings of fact for clear error. Rule 53(g)(3)(A), Federal Rules of Civil Procedure.

8. The Special Master shall be paid his normal hourly rate, to be paid one-half by the Reseller Subclass and one-half by the Consumer Subclass, or as the Special Master may order. The Special Master may impose sanctions on any party found to be acting in bad faith, frivolously or for purposes of delay.

9. Attached hereto as Exhibit 1 is an Affidavit executed by the Special Master disclosing all information required by 28 U.S.C. section 455. None of the named parties seeks to disqualify the Special Master.

10. This order may be amended from time-to-time after notice to the parties and an opportunity to be heard.

SO STIPULATED AND AGREED:

Dated: November __, 2005        Plaintiffs' Counsel for Reseller Subclass

                                By: _____
                                    Attorney for Reseller Subclass

Dated: November __, 2005        Plaintiffs' Counsel for the Consumer Subclass

                                By: _____
                                    Attorneys for Consumer Subclass

Dated: November 22, 2005        Counsel For Defendant De Beers, S.A.

                                By: _____
                                    Attorney for De Beers, S.A.

488297.4                              - 4 -

## ORDER

FOR GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: November 2, 2005

_____
The Honorable Stanley R. Chesler
United States District Judge

# EXHIBIT 1

488297.4

John A. Maher, Esq. (JM-6121)
LAW OFFICES OF JOHN A. MAHER
450 Springfield Avenue
Summit, New Jersey 07901-3626
Telephone: (908) 277-2444

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN SULLIVAN, ARRIGOTTI FINE JEWELRY and JAMES WALNUM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DB INVESTMENTS, INC., DE BEERS S.A., DE BEERS CONSOLIDATED MINES, LTD., DE BEERS A.G., DIAMOND TRADING COMPANY, CSO VALUATIONS A.G., CENTRAL SELLING ORGANIZATION, and DE BEERS CENTENARY A.G.,<br><br>Defendants. | ELECTRONICALLY FILED<br><br>Civil Action Index No. 04-2819 (SRC)<br><br>**AFFIDAVIT OF ALFRED M. WOLIN**<br><br>[Rule 53(b)(3), Federal Rules of Civil Procedure] |

Alfred M. Wolin, being duly sworn deposes and says:

1. I am a retired United States District Judge for the District of New Jersey. I am filing this affidavit to satisfy the provisions of 28 U.S.C. section 455, for purposes of complying with the provisions of Rule 53(b)(3), Federal Rules of Civil Procedure for my appointment as a Special Master in the above-captioned action.

2. I hereby state:

    a. I have no personal bias or prejudice concerning any party to this litigation;

- 1 -

488297.4

b. I have no personal knowledge of disputed evidentiary facts concerning this proceeding;

c. While in private practice neither my partners nor I serve or served as lawyers in the matter in controversy;

d. I am not a material witness concerning the matter in controversy;

e. When I served as a United States District Judge, I did not participate as an advisor or material witness concerning the proceedings or expressed an opinion concerning the merits of this case;

f. Neither my spouse nor I, individually or as fiduciaries, have a financial interest in the subject matter of the controversy, or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings, and are disclosing any such interest if one exists;

g. Neither my spouse nor I, or any person within the third degree of relation to either of us, or the spouse of such person:

(i) is a party to the proceeding; or an office, director or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by me to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv) is, to my knowledge, likely to be a material witness in the proceeding.

Dated: November 30 2005

Alfred M. Wolin

State of New Jersey

County of _Essex_   SS.

On _November 30, 2005_ before me, _Sandi Zimmerman_ Notary Public, personally appeared _Alfred M. Wolin_,

( ) personally known to me
( ) proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Place Notary Seal above.

WITNESS my hand and official seal.

_Sandi Zimmerman_

SANDI ZIMMERMAN
A Notary Public of New Jersey
My Commission Expires 2/26/2008

3

488297.4