1  JOSEF D. COOPER (Cal. S. B. 53015)
2  TRACY R. KIRKHAM (Cal. S. B. 69913)
   KELLY A. HORNE (Cal. S. B. 242675)
   COOPER & KIRKHAM, P.C.
3  655 Montgomery Street, 17th Floor
   San Francisco, CA 94111
4  Telephone: (415) 788-3030
5  Facsimile: (415) 882-7040
   jdc@coopkirk.com
6
7  Indirect Plaintiffs' Co-Lead Counsel

8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
                 SAN FRANCISCO DIVISION
11

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH MDL No. 1486 |
| This Document Relates To: ALL INDIRECT PURCHASER ACTIONS | DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND WINBOND DEFENDANTS |
| *State of New York v. Micron Technology et al* | No. C-06-6436 PJH |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd et al* | No. C-07-1347 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07--2589-PJH |

                                        Date: November 14, 2007
                                        Time: 9:00 a.m.
                                        Place: Courtroom 3, 17th Floor
                                               Honorable Phyllis J. Hamilton

I, Josef D. Cooper, hereby declare and state:

1.     I am a principal of Cooper & Kirkham, P. C., one of the Co-Lead Counsel for the Indirect Purchaser Plaintiffs in this litigation. I am a member of the Bar of the State of California and an attorney admitted to practice in the Northern District of California.

2.     I make this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlements with the Samsung and Winbond Defendants. Except as otherwise stated, I have personal knowledge of the facts stated below.

3.     The first indirect purchaser actions were filed in California State Court beginning in August 2002. Subsequently, indirect purchaser cases were filed in the courts of numerous other states. On July 11, 2003, the parties to the California actions entered into a Stipulation and Protective Order concerning the disclosure of confidential and highly confidential information. Shortly thereafter, and pursuant to the Order Limiting the Scope of Discovery, defendants began producing copies of documents they had turned over to the Grand Jury in response to subpoenas issued by the United States Department of Justice, Antitrust Division. To date, defendants have produced over four million pages of documents from both domestic and foreign entities. Many of the documents are in Korean, Japanese, Chinese and German, and have been translated prior to being indexed, analyzed and entered into a database.

4.     In addition to the review of documents produced to the Grand Jury, plaintiffs have propounded Requests for the Production of Documents and Interrogatories to all defendants, and conducted extensive discovery from third parties, particularly discovery unique to indirect purchaser issues. In response, plaintiffs received hundreds of thousands of pages of additional documents that also were reviewed, analyzed and coded.

5.     Co-Lead Counsel dedicated numerous lawyers and paralegals, and considerable other resources (including third-party vendors and technical staff) to the translation, analysis and electronic coding of the documents produced by defendants. This consolidated database, which is hosted on an internet accessible server, provides plaintiffs' counsel the ability to run sophisticated queries and searches regarding the significant issues in the case.

6.     Plaintiffs also organized "key" documents by subject matter, and compiled documents relating to potential deponents in preparation for depositions. Plaintiffs have taken

approximately 100 depositions, including depositions pursuant to Rule 30(b)(6), F.R.C.P., covering all domestic and foreign defendants. All of these efforts were vital to plaintiffs' preparation of motions, meet and confer sessions, damage analysis, class certification, and to timely respond to the complex legal and factual issues that have arisen during this litigation. It also enhanced counsel's ability to negotiate with the Settling Defendants, as plaintiffs were armed with a full understanding of the strengths and weaknesses of the case.

7.     Plaintiffs' counsel also have worked extensively with consultants and experts in preparation for trial and future motions, including considerable time working with their experts in preparation for the motion for class certification.

8.     After a substantial amount of the discovery and analysis described above had been completed, as well as a thorough consideration of applicable law, Class counsel began serious settlement negotiations with the Samsung Defendants in the Fall 2005, and with the Winbond Defendants in approximately July 2006.

9.     The negotiations with Samsung and Winbond were extensive and non-collusive. After numerous face to face meetings and many telephone conferences and other communications, and numerous draft settlement agreements, the Samsung Settlement was concluded on February 5, 2007 and the Winbond Settlement was concluded on March 8, 2007.

10.     On February 20, 2007, Samsung deposited the following amounts into three interest bearing escrow accounts: $80,000,000 for the private indirect purchaser plaintiffs, $10,000,000 for the governmental plaintiffs and $1,000,000 for the State Attorneys General attorneys' fees. Subsequently, after mediation conducted by retired District Court Judge Charles Legge, Samsung deposited an additional $19,500,000 into an escrow account to pay the private indirect purchaser plaintiffs' attorneys' fees, subject to Court approval. Samsung also has agreed to pay up to $2,500,000 to cover the cost of giving notice to the class.

11.     On May 31, 2007, Winbond deposited $2,000,000 in an interest bearing escrow account.

12.     The Settlements are the product of intense and contentious arms-length negotiations by experienced and informed counsel. The negotiations occurred over many months and involved telephonic and face to face meetings. The process was contested and conducted in the utmost good

1  faith. Co-Lead Counsel negotiated the Settlements based on their review and analysis of millions of

2  pages of defendants' documents, their own substantial investigations, depositions of defendants'

3  employees, an evaluation of the issues and risks of the litigation, and the analysis of expert

4  consultants. Based upon this information, and an analysis of the Settling Defendants' market shares,

5  Co-Lead Counsel concluded that both a Samsung settlement totaling over $110.5 Million, including

6  attorneys' fees, and a Winbond settlement of $2 Million are in the best interests of class members

7  and are fair, reasonable and adequate.

8           13.    The proposed Settlement Class consists of millions of members dispersed across the

9  country.

10          14.    Plaintiffs are represented by highly capable and well-recognized counsel with

11  extensive experience in antitrust cases, who have put into place an organization for the efficient

12  conduct of the litigation. Plaintiffs' Co-Lead Counsel have successfully prosecuted numerous

13  antitrust class actions on behalf of injured purchasers throughout the United States, and their

14  prosecution of this case, and the magnitude of the proposed Settlements, demonstrate their diligence

15  and competence. In addition, Co-Lead Counsel have been working closely with the State Attorneys

    General on discovery and other matters.

16          15.    I am counsel for plaintiff Sullivan in the case captioned *Sullivan v. DB Investments*,

17  No. 3:04-cv-2819 (D.N.J.). The Order attached as Exhibit F to the Memorandum in support of

18  preliminary approval is a true and correct copy of the December 2, 2005 Order of the District Court

19  in New Jersey adopting a procedure that referred the crafting of an appropriate plan of distribution of

20  the settlement proceeds (among other issues) to a Special Master for review and recommendation

21  prior to the dissemination of settlement notice to the class. That procedure has facilitated resolution

22  of the settlement allocation in *Sullivan* and enabled the *Sullivan* counsel to prepare forms of notice

23  and an online information and claim filing website that fully informs putative class members prior to

24  their consideration of whether to exclude themselves from the class or object to the settlement. I

25  believe that such a procedure also would be useful here and would assist the Court in addressing the

26  issues involved in evaluating and presenting the proposed settlements to the class.

27

28

1    I swear under penalty of perjury under the laws of the United States of America and the laws

2  of California that the foregoing is true and correct.

3

4  Executed this 10th day of October, 2007 in San Francisco, California.

5

6

7                                                    Josef D. Cooper

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cooper Declaration in Support of Preliminary Approval                          -4-