Kathleen Foote, Senior Assistant Attorney General
Emilio E. Varanini, Deputy Attorney General
Office of the Attorney General of California
455 Golden Gate Ave., Ste 11000
San Francisco, CA 94102
Facsimile: 415-703-5480

Co-Lead Counsel and Attorneys
for the State of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH SAMSUNG AND WINBOND DEFENDANTS** |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*State of New York v. Micron Technology et al*, No. C-06-6436 PJH<br><br>*State of California et al v. Infineon Technologies AG et al*, No. C-06-4333 PJH<br><br>*State of California et al v. Samsung Electronics Co., Ltd et al*, No. C-07-1347 PJH | |

I, Emilio E. Varanini, declare:

1. I am a Deputy Attorney General with the California Attorney General's Office and am liaison counsel in the cases of *State of California et. al. v. Infineon Technologies et. al.*, Case No.

06-4333 PJH, *State of California et. al. v. Winbond Electronics Co.*, Case No. 07-2589 PJH, and *State of California et. al. v. Samsung Electronics Co.*, Case No. 07-1347 PJH, all of which are in this Court. I am admitted to this Court and could, if called as a witness, testify competently to the matters set forth herein.

2. As liaison counsel, I was responsible for tracking the investigative efforts of the Plaintiff States in the above-listed cases and helping to coordinate their efforts. The Plaintiff States began their investigation in June of 2005, serving investigative subpoenas and interrogatories on the defendants and third parties pursuant to applicable state laws. The defendants produced the same millions of pages of documents to the Plaintiff States that the previously produced to the Indirect Purchaser Class Plaintiffs and supplemented them with additional documents and interrogatory responses. Based upon a review of this discovery, the Plaintiff States, except New York, filed Case No. 06-4333 PJH in this Court. The State of New York filed a separate action in the Southern District of New York which was transferred to this court in Case No. 06-4636 PJH.

3. The Indirect Purchaser Class Plaintiffs provided the Plaintiff States with access to their electronic document management system. There was some delay in access to that system because the documents were subject to the Stipulation and Protective Order, but the Plaintiff States were not parties to that Order. Ultimately, the defendants issued waivers allowing the Plaintiff States access. In addition to reviewing the documents and depositions taken by the Indirect Purchaser Class Plaintiffs, the Plaintiff States have conducted their own discovery and worked extensively with experts and consultants in preparing our cases. We have also worked closely with Co-Lead Counsel in the Indirect Purchaser Class Actions to ensure that we receive maximum benefit for those consumers represented by the Plaintiff States in their *parens patriae* capacity.

4. Plaintiff States entrusted me with leading the settlement negotiations with the Winbond Defendants ("Winbond"). They also entrusted me with finalizing the details and coordinating the execution of the settlement with Samsung Defendants ("Samsung").

5. Plaintiff States began settlement negotiations with Winbond in June of 2006. Settlement negotiations with Winbond occurred over an extended period of time and involved many face-to-face and telephonic meetings. The Indirect Purchaser Class Plaintiffs joined the negotiations shortly thereafter.

6. The Samsung settlement was executed on February 5, 2007. The Winbond settlement was executed on April 10, 2007. The Samsung settlement is with all of the Plaintiff States. The Winbond settlement does not include the State of New York, which has not sued or settled with the Winbond Defendants.

7. I am one of the lead attorneys for the government purchaser class proprietary claims. I have also had a leading role on the factual development of the government purchaser direct proprietary claims. In the cases listed above, California has alleged direct proprietary claims on behalf of all of its state agencies except for the University of California and the State Bar of California. These two entities are entitled to Eleventh Amendment immunity as state agencies; however, they enjoy special autonomy under state law and so cannot be represented directly by the California Attorney General. Because those two agencies are autonomous under California state law, California is seeking to represent them in a class context as part of a single class that includes local government entities in California as well as state and local government entities in a small group of Plaintiff States outside of California.

8. On February 20, 2007, Samsung transferred to the Settling Plaintiffs funds which were deposited $80,000,000, $10,000,000, and $1,000,000 into three separate interest bearing escrow accounts, the first being for non-government indirect purchasers, the second being for government purchasers, and the third being attorneys' fees for the Plaintiff States.

9. On May 31, 2007, Winbond deposited $2,000,000 in an interest bearing escrow account.

10. The proposed settlement class of Governmental Purchasers comprised of agencies and political subdivisions located in seven states, who purchased DRAM from defendants in the

Varanini Declaration in Support of Preliminary Approval -3-

above-listed cases. This would include such items as computers, servers, printers, disk drives, and networking equipment. Based on my work in this case to date, I believe that there are thousands of members of this class. The proposed representatives of the settlement class have a direct interest in protecting the claims of the class members and will fairly and adequately protect the class members' interests. Given the relatively small size of the governmental settlement class in relation to the private indirect purchaser settlement class, which numbers in the millions, it is not anticipated that the cost of notice to the governmental purchaser class will be significant.

11. Exhibit D is a true and accurate copy of the final order and judgment entered into in *State of New York et. al. v. Hoffman-La Roche, Inc. et. al.*, No. Civ. 00-292 (D.D.C. Dec. 19, 2000) in which California was a party. Exhibit E is true and accurate copy of *In re Microsoft Corp. Antitrust Litig.*, No. 04-cv-03705, MDL No. 1332, Order Certifying Settlement Class and Approving Settlement (D. Md. Feb. 12, 2007), in which the City and County of San Francisco participated. The City and County of San Francisco is a class representative in the *Infineon*, *Samsung*, and *Winbond* cases.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 5th day of October, 2007 at San Francisco, California.

_____
Emilio E. Varanini IV