UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH WINBOND DEFENDANTS** |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | |
| *State of California et al v. Infineon Technologies AG et al* | No. C-06-4333 PJH |
| *State of California et al v. Winbond Electronics Co.* | No. C-07- 2589 PJH |

WHEREAS, the plaintiffs in the above captioned actions (collectively, "Settling Plaintiffs") and defendants Winbond Electronics Co. ("WECA") and Winbond Electronics Co. America. ("WEC") (collectively, "Winbond" or "Settling Defendants") have entered into an agreement to settle Settling Plaintiffs' claims against Winbond, the terms of which are set forth in the parties' settlement agreement dated March 8, 2007 (the "Winbond Settlement Agreement"); and

WHEREAS, the claims being settled fall into distinct categories, all concerning purchases of dynamic random access memory devices and components ("DRAM") and products containing DRAM: (A) private nationwide class claims for non-governmental indirect purchases; (B) Plaintiff States' *parens patriae* claims for non-governmental indirect purchasers; (C) Plaintiff States' proprietary claims for direct and indirect purchases; and (D) residual class proprietary claims for direct and indirect purchases by political subdivisions and certain state agencies in the States of Alaska, California, Delaware, New Mexico, Ohio, Oklahoma and Pennsylvania.

[Proposed] Order Granting Preliminary
Approval of Settlement with Winbond Defendants
-1-

WHEREAS, the Settling Plaintiffs have applied for an order preliminarily approving the terms and conditions of the Winbond Settlement Agreement and provisionally certifying two settlement classes, as defined below; the first settlement class being a nationwide class of non-governmental indirect purchasers of DRAM and products containing DRAM, and the second being a residual class of governmental purchasers, comprised of direct and indirect governmental purchasers with proprietary claims, to the extent that said governmental purchasers are not being represented by Plaintiff States directly or in a *parens patriae* capacity; and

WHEREAS, the Settling Plaintiffs have applied for an order appointing a Special Master pursuant to Rule 53 to make a recommendation as to a plan for allocating settlement funds among and for the benefit of members of the proposed classes of private and governmental indirect purchasers, and deferring the determination of a form of class notice until after the Special Master makes her/his report; and

WHEREAS, the Court has read and considered the Winbond Settlement Agreement, and the pleadings and other materials submitted in connection with the Settling Plaintiffs' request for preliminary approval of the Winbond Settlement Agreement, and has determined that preliminary approval is appropriate, subject to a final approval hearing addressing the fairness, reasonableness and adequacy of the proposed settlement, and good cause appearing therefore;

IT IS HEREBY ORDERED as follows:

1. The terms and conditions of the Winbond Settlement Agreement are expressly incorporated herein by this reference. Unless otherwise noted, the Court adopts and incorporates all definitions contained in the Winbond Settlement Agreement.

2. The Winbond Settlement Agreement is preliminarily approved pursuant to Rule 23, Federal Rules of Civil Procedure, subject to final approval at the fairness hearing provided for below. The Court finds that the proposed settlement falls within the range of possible approval and

is sufficiently fair, reasonable and adequate to warrant the dissemination of notice to the members of the proposed classes apprising them of the proposed settlement.

3. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the court provisionally certifies the following settlement class:

> All natural persons and non-governmental entities, who, at any time during the period from January 1, 1999 through December 31, 2002, purchased dynamic random access memory devices and components ("DRAM"),, including all products containing DRAM, anywhere in the United States indirectly from the defendants, their parents, subsidiaries and affiliates. Excluded from this definition are defendants and their parents, subsidiaries and affiliates; all governmental entities; any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and all alleged co-conspirators.

(Hereinafter, the "Private Indirect Purchaser Settlement Class.") To effectively aggregate and release claims and facilitate a fair and efficient distribution of settlement funds, this class includes indirect purchasers on whose behalf certain Plaintiff States are asserting claims in their *parens patriae* capacity. Final approval of the settlement of the claims of the Private Indirect Purchaser Settlement Class, if granted, will give effect to the State Attorneys General's agreement to settle and release potential and actual federal and state *parens patriae* claims pursuant to the terms of the Winbond Settlement Agreement.

4. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the court provisionally certifies the following settlement class:

> All state agencies and political subdivisions in the States of Delaware, Ohio, Oklahoma, and Pennsylvania, all political subdivisions in the States of Alaska, New Mexico, and California, and the California state agencies of the University of California and the State Bar of California, who, at any time from January 1, 1999 through December 31, 2002, purchased dynamic random access memory devices and components ("DRAM"), including all products containing DRAM, anywhere in the United States directly or indirectly from the defendants, their parents, subsidiaries, and affiliates. Excluded from this definition are defendants and their parents, subsidiaries and affiliates; all governmental entities; any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff; and all alleged co-conspirators.

(Hereinafter, the "Governmental Purchaser Settlement Class" and collectively with the Private Indirect Purchaser Settlement Class, the "Settlement Classes")

5. The Court further provisionally finds that as to each of the Settlement Classes, the prerequisites to a class action under Federal Rule of Civil Procedure 23 (b)(3) are satisfied for settlement purposes in that:

(a) there are millions of class members in the Private Indirect Purchaser Settlement Class and thousands of class members in the Governmental Purchaser Settlement Class, and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the classes which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of their respective class; and

(d) the class plaintiffs have no inherent conflicts with other class members and will fairly and adequately protect the interests of their respective class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

6. Pursuant to Federal Rule of Civil Procedure 23, Petro Computer Systems, Inc.; Gary Petersen; Pamela Uglem; Dale Dickman; Michael Juetten; Blumenthal & Associates; Heather Delaney; Ben Stewart; Melissa Barron; Johnson & Jennings; and G.C.A. Strategies, Inc. shall serve as class representatives for the Private Indirect Purchaser Settlement Class.

7. The Court appoints the following firms as Class Counsel for the Private Indirect Purchaser Settlement Class: Daniel E. Gustafson, Gustafson Gluek PLLC; David Boies III, Straus & Boies, LLP; Josef D. Cooper, Cooper & Kirkham, P.C.; Daniel J. Mogin, The Mogin Law Firm, P.C.

8. Pursuant to Federal Rule of Civil Procedure 23, the states of States of Ohio and Delaware; the Commonwealth of Pennsylvania; the City/County of San Francisco, California; Santa Clara County, California; Los Angeles Unified School District, California; and the County of Sandoval, New Mexico shall serve as class representatives of the Governmental Purchaser Settlement Class.

9. The Court appoints the Attorneys General of the States of California, New Mexico, Ohio, and Pennsylvania as Class Counsel for the Governmental Purchaser Settlement Class.

10. For settlement purposes, the Court provisionally finds that the Plaintiff States have the authority as *parens patriae* to settle and release those non-governmental indirect purchaser claims alleged in the Complaint filed in Case No. 07-1347 PJH as to the Winbond Settlement. The Court also provisionally finds that the State Attorneys General for these States have the *parens patriae* authority to bring, settle, and release the aforementioned indirect purchaser claims.

11. The Court approves the allocation of the proceeds of the Winbond settlement as follows: After deductions are made for escrow fees, taxes, attorneys' fees and other costs, the balance in the Winbond Settlement Fund shall be divided between the Private Indirect Purchaser Settlement Class and the governmental entity purchasers (both the Government Purchaser Settlement Class and the government purchasers with direct or *parens patriae* claims) with 89% going to the Private Indirect Purchaser Settlement Class and 11% going to governmental entity purchasers.

12. Pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court will, by separate order, appoint a Special Master to consider and make a recommendation to the Court for a Plan of Allocation for settlement proceeds among and for the benefit of members of the Private Indirect Purchaser Settlement Class and among and for the benefit of the Government Purchaser Settlement Class.

13. The Special Master will have the discretion to conduct proceedings as s/he chooses to assist her/him in issuing one or more reports and recommendations to the Court. In her/his

discretion, the Special Master may request briefing and/or the submission of expert opinion(s), conduct hearings and work with counsel in any way s/he determines is most effective to prepare her/his report(s) and recommendations on a Plan of Allocation to the Court for consideration on such date(s) as may be set by the Court. The Special Master shall submit her/his report(s) to the Court on or before _____, or on such other date(s) as may be set by the Court. The Special Master's fees shall be paid *pro rata* from the settlement funds allocated to the Private Indirect Purchaser Settlement Class and the Government Purchaser Settlement Class.

14. Within thirty days after the Special Master submits her/his report(s) and recommendations on a Plan of Allocation for the Indirect Purchaser Settlement Class to the Court, the Settling Plaintiffs shall submit to the Court motions for approval of a proposed Plan of Allocation as to the Private Indirect Purchaser Settlement Class, and proposed forms of Notice and plans for the dissemination of Notice Private Indirect Purchaser Settlement Class and the Government Purchaser Settlement Class..

15. At a date to be determined after Notice and an opportunity for Class Members to be heard or to exclude themselves from the Settlement Classes, the Court will hold a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e). The Fairness Hearing will be held to determine the following:

(a) whether the proposed Settlement is fair, reasonable and adequate and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

(b) whether final judgments should be entered dismissing with prejudice the claims of the Settlement Classes and Settling Plaintiffs against the Settling Defendants as defined in and required by the Winbond Settlement Agreement; and

(c) the appropriate amount of fees to be awarded to counsel for the Private Indirect Purchaser Plaintiffs for their services in this litigation.

16. All further class and other proceedings against the Settling Defendants with respect to indirect DRAM purchases are hereby stayed except for any actions required to effectuate the Winbond Settlement.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Winbond Settlement.

Dated: _____                        _____
                                                Honorable Phyllis J. Hamilton

[Proposed] Order Granting Preliminary                                    -7-
Approval of Settlement with Winbond Defendants