KAYE SCHOLER LLP
Aton Arbisser, Bar Number 150496
Julian Brew, Bar Number 150615
Matthew G. Clark, Bar Number 233736
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200

Attorneys for Defendants Infineon Technologies North America Corp. and Infineon Technologies AG.

[*Counsel for other Defendants appear on signature page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**In Re DRAM ANTITRUST LITIGATION**

This Document Relates to:

ALL INDIRECT PURCHASER ACTIONS

*State of California, et al v. Infineon Technology, et al.*

*State of New York, et al v. Micron Technology, et al.*

*State of California, et al v. Samsung Electronics Co., Ltd., et al*

*State of California, et al. v Winbond Electronics Co.*

Master File No. M-02-1486 PJH

MDL. No. 1486

**NONSETTLING DEFENDANTS' RESPONSE TO MOTION FOR APPROVAL OF SETTLEMENTS WITH SAMSUNG AND WINBOND**

No. C-06-4333 PJH

No. C-06-6436

No. C-07-1347

No. C-07-2589



KAYE SCHOLER LLP

The Nonsettling Defendants[1] submit this response to the motion for preliminary approval of the Samsung and Winbond settlements. Many of the issues on this motion overlap with the issues on the motion for class certification in *Petro Computer Systems, Inc. v. Micron Technology, et al.*, Case No. C-05-02472, currently scheduled to be heard on January 16, 2008. Because this motion was submitted ***after*** the Nonsettling Defendants submitted their opposition to the class certification motion, this is the Nonsettling Defendants' only opportunity to respond to the arguments made in this motion, which could impact the class certification motion. Nonsettling Defendants do not oppose the settlements, but they urge the Court to defer consideration of the merits of the settlements until Plaintiffs have decided upon an allocation among the various groups within the proposed classes. Any allocation that values claims of putative class members differently will highlight that this case is not appropriate for a litigated class.

## I. Plaintiffs Should Resolve the Allocation Issue Before Seeking Preliminary Approval

Despite having over eight months since they signed settlement agreements with Samsung and Winbond, Plaintiffs have failed to produce a plan to allocate the settlement proceeds, suggesting that there are important conflicts within the proposed class. Conflicts within the proposed settlement classes – between resellers and end users of DRAM and among claimants from the various states – are among the reasons that the Nonsettling Defendants oppose the proposed litigation class in *Petro*. Plaintiffs' seek to obscure those conflicts by seeking preliminary approval of the settlements before arriving at an allocation. Such gamesmanship should not be countenanced.

Plaintiffs want this Court's approval first, *before* they confront class conflicts and *before* they come up with an allocation plan. Plaintiffs further propose to submerge these issues by having a special master decide the allocation issue behind closed doors, without input from representatives of the competing factions and under a veil of secrecy. *See* Mot. at 22-24 and n.17.

[1] The Nonsettling Defendants include Elpida, Hynix, Infineon, Micron, Mosel Vitelic, Nanya, and NEC.



KAYE SCHOLER LLP

If the claims of class members were subject to classwide proof – as required to find that common issues predominate – then there would be no need to treat different class members' claims differently. Each class member would merely submit a claim based upon its volume of purchases and the settlement proceeds would be distributed in proportion to those purchases. *See, e.g., In re Vitamins Antitrust Litig.*, 2000-1 Trade Cas. (CCH) P72,862, 2000 WL 1737867 at *4-*6 (D.D.C., March 30, 2000) ("Settlement distributions, such as this one, that apportions funds according to the relative amount of damages suffered by class members have repeatedly been deemed fair and reasonable.").[2]

In this case, by contrast, Plaintiffs acknowledge that the class they seek to represent is not homogenous, but instead encompasses a variety of groups – "e.g., resellers and consumers, businesses and natural persons or citizens or governmental entities of various states." Mot. at 22. These conflicts have prevented Plaintiffs from developing a plan of allocation.

The conflict between two of those groups -- resellers and end-users -- is discussed in Defendants' Opposition to Motion for Class Certification ("Class Cert. Opp.") at 30-31. End-users and resellers face a direct conflict on whether middlemen passed on alleged overcharges. Resellers can recover only to the extent that they can show that they absorbed alleged overcharges, while end users must prove the opposite: that resellers passed the cost of alleged overcharges on to them. *See In re Methionine Antitrust Litig.*, 204 F.R.D. 161, 167 (N.D. Cal. 2001) (acknowledging the conflict of interest between intermediary resellers and end purchasers of a price-fixed product).

Furthermore, the conflicts among class members in this case go well beyond the reseller / end user conflict admitted by the Plaintiffs. While Plaintiffs point to the fact that they have pled California state law claims on behalf of the entire class, the likelihood that class members will be able to rely upon California law varies widely among proposed class members. *See* Class Cert. Opp.

---

[2] Nothing in the decision supports Plaintiffs' proposition that "a proposed settlement distribution plan is distinct from the analysis of fairness, reasonableness and adequacy of the settlement itself." *Brief* at 22.



KAYE SCHOLER LLP

at 6-18. Residents of California have a high probability of applying California law to their claims. Residents of Texas who purchased in Texas are likely relegated to Texas law, which provides no recovery for indirect purchasers. *See Abbott Laboratories, Inc. v. Segura*, 907 S.W.2d 503, 505-07 (Tex. 1995). Plaintiffs allude to these problems in Exhibit C, where they reference "complexity com[ing] from varying state laws." Residents of states without indirect purchaser protections have an interest in an allocation that treats all claims the same, regardless of where the claim arises. Residents of California have an interest in an allocation that gives less value for non-California claimants. Until Plaintiffs have a proposed allocation, this Court should not endeavor to determine whether all indirect purchasers can be part of a single class.

Plaintiffs' papers largely ignore the fact that they represent indirect purchasers who are asserting claims under various state laws rather than direct purchasers all of whom are suing under federal law. This is one of the central themes of the *Class Cert. Opp., see particularly* at 1-2. Thus, Plaintiffs' lengthy list of price-fixing cases where class certification was deemed appropriate, Plaintiffs Brief at 14, none involve a nationwide class of indirect purchasers.

The fact that Plaintiffs have in hand settlements with Samsung and Winbond do not free them of the conflicts among groups of putative class members. *See In re Mego Financial Corp. Securities Litig.*, 213 F.3d 454, 461-62 (9th Cir. 2000) ("[C]ertification requirements 'designed to protect absentees by blocking unwarranted or overbroad class definitions' demand 'undiluted, even heightened, attention in the settlement context.'") (*citing Amchem Prod. v. Windsor*, 521 U.S. 591, 620 (1997)) (citations omitted). Although Plaintiffs tout *Sullivan v. DB* Investments, No. 3:04-cv-2819 (D.N.J. Dec. 2, 2005) as a model for allocating settlement proceeds among competing groups, Plaintiffs ignore entirely that the case involved two separate subclasses – one representing resellers and one representing end-users – with each subclass represented by its own counsel before the Special Master. Here, Plaintiffs want to represent the entire class despite the conflicting interest of these two groups.

Nor does *In re Holocaust Victim Assets Litig.*, 105 F. Supp. 2d 139 (E.D.N.Y. 2000) provide



KAYE SCHOLER LLP

meaningful support for Plaintiffs' proposed scheme to have the Court preliminary approve the settlement before an allocation has been done. That case involved extraordinary circumstances not present here.[3] Moreover, the settlement in the *Holocaust Victims* case allowed "class members to represent themselves on th[e] key issue [of allocation and distribution of the settlement], and have direct access to the Special Master and to" the court. *Id.* at 150. Here, Plaintiffs have not provided any voice for absent class members before the Special Master and, instead, they want to cloak the entire process before the Special Master in a veil of secrecy. *See* Mot. at 24 n.17.

Settlements which ignore the differences among class members have been met with reversal by higher courts. *See, e.g., In re Joint Eastern and Southern Dist. Asbestos Litigation*, 982 F.2d 721, 741 (2d Cir. 1992) (where "marked differences exist between identifiable subgroups" of a proposed settlement class, the separate interests must be separately represented.). As the Second Circuit explained:

> The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class. But the adversity among subgroups requires that the members of each subgroup cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups.

*Id.* at 742-43; *see also Amchem Products Inc. v. Windsor*, 521 U.S. 591, 625-27 (1997) (quoting the cited passage with approval).

Requiring Plaintiffs to complete their allocation -- with or without the assistance of a Special Master -- before this Court makes even a preliminary ruling on the settlement will cause no prejudice to Plaintiffs. While it reorders their proposed plan, Plaintiffs acknowledge that they will need an

---

3 The *Holocaust* court found that it was "physically impossible to provide class members with specific information concerning their individual recoveries" before the fairness hearing in that case, given the "elaborate and expensive set of claims processes" planned to address "five worldwide settlement classes arising out of events that transpired approximately 60 years ago." 105 F. Supp. 2d at 150. In this case, no physical impossibility prevents Plaintiffs from coming up with a plan of allocation before seeking judicial approval of the settlement.

allocation and this Court's preliminary approval before they can send notices to class members. Withholding any decision on settlement classes until an allocation has been made will allow the Court to see whether the claims of all class members are being treated equally and, if not, whether the interests of the various groups within the class have been adequately protected.

## II. Settlement Is Relevant To Whether A Class Should Be Certified

If this Court chooses to address the settlement classes before it hears the pending motion on the proposed litigation class in *Petro*, the Court should keep in mind that there are important differences between litigation and settlement classes. Courts can reach different conclusions on settlement and litigation classes in the same matter. As the Ninth Circuit found in *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003), "[W]e have some concerns, largely relating to litigation management, as to whether the case could be maintained as a class action if the litigation continues, [but] the district court did not abuse its discretion in certifying the case for settlement purposes." Very simply, "settlement is relevant to a class certification." *Amchem*, 521 U.S. at 619. Most importantly, settlement-only classes do not involve trials, so the issue of manageability are substantially diminished. *Id.* at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see *Fed. Rule Civ. Proc. 23(b)(3)(D)*, for the proposal is that there be no trial.") The manageability problems are overwhelming in *Petro*, as discussed in the *Class Cert. Opp.* at 33-34. No decision on the proposed settlement classes will resolve that or the many other problems facing a litigation class.



KAYE SCHOLER LLP

**CONCLUSION**

For the foregoing reasons, the Non-Settling Defendants respectfully request that this Court defer ruling on Plaintiffs' motion to approve their settlement with Samsung and Winbond until such time as the settling parties produce a plan for allocation of the settlement proceeds.

Dated: October 24, 2007

KAYE SCHOLER LLP

By ______________________
Aton Arbisser
Julian Brew
Matthew G. Clark

Attorneys for Defendant Infineon Technologies North America Corp. and Infineon Technologies AG

*Additional Defendants and Counsel:*

| | |
|---|---|
| ROBERT B. PRINGLE<br>PAUL R. GRIFFIN<br>JONATHAN SWARTZ<br>Thelen Reid Brown Raysman & Steiner LLP<br>101 Second Street, Suite 1800<br>San Francisco CA 94105-3601<br><br>*Attorneys for Defendant NEC Electronics America, Inc.* | HARRISON J. FRAHN<br>SIMPSON THACHER & BARLETT LLP<br>2550 Hanover Street<br>Palo Alto, CA 94304<br><br>*Attorneys for Defendants Elpida Memory, Inc., and Elpida Memory (USA) Inc.* |
| STEPHEN V. BOMSE<br>MICHAEL J. SHEPARD<br>DAVID C. BROWNSTEIN<br>Heller Ehrman LLP<br>333 Bush Street<br>San Francisco, CA 94104-2878<br><br>*Attorneys for Defendants Mosel Vitelic Inc., and Mosel Vitelic Corporation* | KENNETH R. O'ROURKE<br>STEVEN H. BERGMAN<br>O'Melveny & Myers LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br><br>IAN SIMMONS<br>O'Melveny & Myers LLP<br>1625 Eye Street, NW<br>Washington, D.C. 20006-4001<br><br>*Attorneys for Defendants Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc.* |



KAYE SCHOLER LLP

| | |
|---|---|
| JOEL S. SANDERS<br>Gibson, Dunn & Crutcher LLP<br>One Montgomery Street<br>Montgomery Tower, 31st Floor<br>San Francisco, CA 94104<br><br>*Attorneys for Defendants Micron Technology, Inc., and Micron Semiconductor Products Inc.* | HOWARD M. ULLMAN<br>Orrick, Herrington & Sutcliffe LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br><br>ROBERT FREITAS<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025-1021<br><br>*Attorneys for Defendants Nanya Technology Corporation and Nanya Technology Corporation USA* |

KAYE SCHOLER LLP

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On October 24, 2007, I served the foregoing document described as follows: **NONSETTLING DEFENDANTS' RESPONSE TO MOTION FOR APPROVAL OF SETTLEMENTS WITH SAMSUNG AND WINDBOND**

on the interested party in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows: **SEE ATTACHED SERVICE LIST**

[ X ] **BY E-MAIL SERVICE: SEE ATTACHED SERVICE LIST**

[ ] **BY FACSIMILE** The above-referenced documents (without exhibits and attachments thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above on the date thereof. The transmission was reported as completed and without error.

[ ] **ELECTRONIC SERVICE SEE SERVICE LIST**

[ ] **BY FEDERAL EXPRESS** I am readily familiar with Kaye Scholer LLP's business practices of collecting and processing items for pickup and next business day delivery by Federal Express. Under said practices, items to be delivered the next business day are either picked up by Federal Express or deposited in a box or other facility regularly maintained by Federal Express in the ordinary course of business on that same day with the cost thereof billed to Kaye Scholer LLP's account. I placed such sealed envelope for delivery by Federal Express to the offices of the addressee(s) as above on the date hereof following ordinary business practices.

[ X ] **MAIL** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereof fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE**

____ by personally delivering such envelope to the addressee.
____ by causing such envelope to be delivered by messenger to the office of the addressee.

[ ] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ X ] **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 24, 2007, at Los Angeles, California.

Vickie J. Huntley

KAYE SCHOLER LLP

## SERVICE LIST

| | |
|---|---|
| Francis O. Scarpulla<br>Craig C. Corbitt<br>Christopher T. Micheletti<br>ZELLE HOFFMAN VOELBEL MASON & GETTE<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>fscarpulla@zelle.com<br>ccorbitt@zelle.com<br>cmichele@zelle.com | **Indirect Plaintiffs' Liaison Counsel** |
| Josef D. Cooper<br>Tracy R. Kirkhm<br>John J. Bagdanor<br>COOPER & KIRKHAM, P.C.<br>655 Montgomery Street, 17th Floor<br>San Francisco, CA 94111<br>coopkirk@aol.com<br><br>David Boies<br>Timothy D. Battin<br>Ian Otto<br>STRAUS & BOIES, LLP<br>404 1 University Drive, Fifth Floor<br>Fairfax, VA 22030<br>dboies@straus-boies.com<br>tbattin@straus-boies.com<br>iotto@straus-boies.com<br><br>Daniel E. Gustafson<br>Renae D. Steiner<br>GUSTAFSON GLUEK PLLC<br>650 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN 55402<br>dgustafson@gustafsongluek.com<br>rsteiner@gustafsongluek.com<br><br>Daniel J. Mogin<br>Lisa J . Frisella-Trafeli<br>Chad McManamy<br>THE MOGIN LAW FIRM, P.C.<br>110 Juniper Street<br>San Diego, CA 92101 - 1502<br>dmogin@moginlaw.com<br>chad@moginlaw.com | **Indirect Plaintiffs' Co-Lead Counsel** |



KAYE SCHOLER LLP

| | |
|---|---|
| Terry Gross<br>Adam Belsky<br>Monique Alonso<br>GROSS & BELSKY LLP<br>180 Montgomery Street, Suite 2200<br>San Francisco, CA 94104<br>terry@grossbelsky.com<br>adam@grossbelsky.com<br>monique@grossbelsky.com<br><br>Michael P. Lehmann<br>THE FURTH FIRM LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104-4249<br>mplehmann@furth.com<br><br>Robert Green<br>Jenelle Welling<br>GREEN WELLING LLP<br>595 Market Street, Suite 2750<br>San Francisco, CA 94105<br>jw@classcounsel.com<br><br>Mario N. Alioto<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>malioto@tatp.com<br><br>Shannon P. Cereghino<br>Douglas G. Thompson, Jr<br>Mila F. Barton<br>FINKELSTEN, THOMPSON & LOUGHRAN<br>601 Montgomery Street, Suite 655<br>San Francisco, CA 94111<br>spc@ftllaw.com<br><br>Dennis Stewart<br>HULETT HARPER STEWART, LLP<br>550 West C Street, Suite 1600<br>San Diego, CA 92101<br>dstewart@hulettharper.com<br><br>Alan R. Plutzik<br>Daniel E. Birkhaeuser<br>BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP<br>2125 Oak Grove Road. Suite 120<br>Walnut Creek, CA 94598<br>aplutzik@bramsonplutzik.com<br>dbirkhaeuser@bramsonplutzik.com | **Members Of Indirect Plaintiffs' Executive Committee** |

KAYE SCHOLER LLP

| | |
|---|---|
| Wyatt B. Durrette, Jr.<br>Christine Williams<br>DURRETTE BRADSHAW, PLC<br>Main Street Center<br>600 East Main Sweet, 20th Floor<br>Richmond, VA 23219<br>wdurrette@durrettebradshaw.com<br><br>Jeffrey A. Bartos<br>Jonathan P. Rolfe<br>GUERRERI, EDMOND, CLAYMAN & BARTOS, P.C.<br>1625 Massachusetts Avenue, N.W., Suite 700<br>Washington, D.C. 20036<br>jbartos@geclaw.com<br><br>Van Bunch<br>BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC<br>57 Carriage Hill<br>Signal Mountain, TN 37377<br>vbunch@bffb.com<br><br>Kevin J. O'Connor<br>Patricia J. Kaeding<br>Paul J. Stancil<br>LaFOLETTE GODFREY & KAHN, SC<br>One East Main Street<br>Madison, WI 53701 -2729<br>koconnor@gklaw.com<br><br>David A. Freedman<br>Joseph Goldberg<br>FREEDMAN BOYD DANIELS HOLLANDER &GOLDBERG PA<br>20 First Plaza, Suite 700<br>Albuquerque, NM 87I25<br>daf@fbdlaw.com<br>jg@fbdlaw.com<br><br>Michael Simon<br>Kevin G. Pearl<br>FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON<br>337 Pcnco Road<br>Weirton, WV 26062<br>tammie@facslaw.com | **Members Of Indirect Plaintiffs' Executive Committee** |

KAYE SCHOLER LLP

| | |
|---|---|
| Allan Steyer<br>STEYER LOWENTHAL BOODROOKSAS ALVEREZ & SMITH, LLP<br>One California Street, 3rd Floor<br>San Francisco, CA 94111<br>asteyer@steyerlaw.com<br><br>Ralph B, Kalfayan<br>KRAUSE, KALFAYAN, BENINK & SLAVENS LLP<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>rkalfayan@krausekalfayan.com<br><br>Kenneth G. Gilman<br>Douglas M. Brooks<br>GILMAN & PASTOR, LLP<br>60 State Street, 37th Floor<br>Boston, MA 02109<br>kgilman@gilmanpastor.com<br><br>JEREMIAH F. Hallisey<br>Charlene Haught Johnson<br>John St. John<br>HALLISEY & JOHNSON<br>300 Montgomery Street, Suite 538<br>San Francisco, CA 94104<br>jhallisey@yahoo.com<br>haughjtjohnson@yahoo.com<br>johnstjohn2004@yahoo.com | **Members Of Indirect Plaintiffs' Executive Committee** |
| Robert B. Pringle<br>Paul R. Griffin<br>Jonathan E,. Swartz<br>THELEN REID BROWN RAYSMAN & STEINER LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3601<br>rbpringle@thelenreid.com<br>pgriffin@thelenreid.com<br>jswartz@thelenreid.com | **Attorneys For NEC Electronics Amnerica, Inc.** |
| James G. Kreissman<br>Harrison J. Frahn IV<br>SIMPSON THACHER & BARTLETT LLP<br>2550 Hanover Street<br>Palo Also, California, CA 94304<br>jkreissman@stblaw.com<br>Hfrahn@stblaw.com | **Attorneys For Defendants Elpida Memory, Inc.; elpida Memory (USA) Inc.** |

KAYE SCHOLER LLP

| | |
|---|---|
| Kenneth R. O'Rourke<br>Steven H. Bergman<br>Timothy M. Martin<br>O'MELVENY & MYERS LLP<br>4000 South Hope Street<br>Los Angeles, CA 90071-2899<br>KORourke@OMM.com | **Attorneys For Hynix Semiconductor Inc. And Hynix Semiconductor America Inc.** |
| Joel S. Sanders<br>GIBSON, DUNN & CRUTCHER LLP<br>One Montgomery Street, Suite 3100<br>San Francisco, California 94104<br>jsanders@gibsondunn.com<br><br>Ronald C. Redcay<br>ARNOLD & PORTER<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-2513<br>Ronald_Redcay@aporter.com | **Attorneys For Defendants Micron Technology, Inc.; Micron Semiconductor Products, Inc.; Crucial Technology, Inc.** |
| Stephen V. Bomse<br>David C. Brownstein<br>Scott E. Morgan<br>HELLER EHRMAN LLP<br>333 Bush Street<br>San Francisco, California 94104-2878<br>stephen.bomse@hellerehrman.com<br>david.Brownstein@hellerehrman.com<br>scott.morgan@hellerehrman.com | **Attorneys For Defendants Mosel-Vitelic Inc.And Mosel-Vitelic Corporation** |
| Howard M. Ullman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105-2669<br>hullman@Orrick.com<br><br>Robert E. Freitas<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>rfreitas@orrick.com | **Attorneys For Defendants Nanya Technology Corporation USA And Nanya Technology Corporation** |

**PLAINTIFF ATTORNEY GENERALS**

Emilio Eugene Varanini, IV
Office of the Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone: (415) 703-5908
Telecopy: (415) 703-5480
E-Mail: Emilio.Varanini@doj.ca.gov

Kathleen E. Foote
Office of the Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone: (415) 703-5908
Telecopy: (415) 703-5480
E-Mail:L Kathleen.foote@doj.ca.gov

Nicole Gordon
Office of the Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone: (415) 703-5908
Telecopy: (415) 703-5480
E-Mail: Nicole.Gordon@doj.ca.gov

Lizabeth A. Leeds
Office of the Attorney General
State of Florida
Collins Building
107 West Gaines Street, 5th Floor
Tallahassee, Florida 32301
Telephone: (850) 414-3300
Telecopy: (850) 488-9134
E-Mail: Liz.Leeds@myfloridalegal.com

Richard L. Schwartz
Assistant Attorney General
Office of the New York Attorney General
120 Broadway, 26th Floor
New York, New York 10271-0332
Telephone: (212) 416-8282
Telecopy: (212) 416-6015
E-Mail: Richard.Schwartz@oag.state.ny.us

Jay L. Himes
Assistant Attorney General
Office of the New York Attorney General
120 Broadway, 26th Floor
New York, New York 10271-0332
Telephone: (212) 416-8282
Telecopy: (212) 416-6015
E-Mail: jay.himes@oag.state.ny.us

Jeremy Raphael Kasha
Assistant Attorney General
Office of the New York Attorney General
120 Broadway, 26th Floor
New York, New York 10271-0332
Telephone: (212) 416-8277
Telecopy: (212) 416-6015
E-Mail:jeremy.kasha@oag.state.ny.us

Eli Friedman
Office of the Attorney General
State of Florida
107 West Gaines Street, 5th Floor
Tallahassee, Florida 32301
Telephone: (850) 414-3300
Telecopy: (850) 488-9134
E-Mail: Eli.Friedman@myfloridalegal.com

Tim David Nord
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301
Telephone: (503) 947-4333
Telecopy: (503) 378-5017

Blake L. Harrop
Office of the Attorney General
State of Illinois
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004

Kavita Puri
Office of the Attorney General
State of Illinois
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-1004

**Brady R. Johnson**
**Office of the Attorney General**
**State of Washington**
**800 Fifth Avenue, Suite 2000**
**Seattle, Washington 98104-3188**
**Telephone: (206) 389-2848**
**Telecopy: (206) 464-6338**
**E-Mail: bradyj@atg.wa.gov**

KAYE SCHOLER LLP