EDMUND G. BROWN, JR.
Attorney General of the State of California
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
EMILIO E. VARANINI (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for Plaintiff States

JOSEF D. COOPER (Cal. S. B. 53015)
TRACY R. KIRKHAM (Cal. S. B. 69913)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com

Indirect Plaintiffs' Co-Lead Counsel

(The Names of Additional Counsel Appear on Signature Page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| *State of California et al v. Infineon Technology, et al.* | Case No. C 06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd., et al* | Case No. C 07-1347 PJH |
| *State of California, et al. v. Winbond Electronics Co.* | Case No. C 07-2589 PJH |
| | **PLAINTIFFS' JOINT REPLY TO NON-SETTLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY APPROVAL**<br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Honorable Phyllis J. Hamilton |

## I. INTRODUCTION

The non-settling Defendants urge this Court to postpone giving preliminary approval to the indirect purchaser settlements with Samsung and Winbond until after plaintiffs have presented a proposed plan for distributing the settlement proceeds to the individual class members. Yet they do not have an interest in the funds that Samsung and Winbond are paying in settlement, they do not represent anyone with a claim to the money, and they have no standing to object to the settlement. Indeed, they do not challenge settlement terms, nor could they when the settling Defendants have agreed to pay $115 million (including attorneys' fees and maximum notice costs) to the class.

The non-settling Defendants concern is with the timing of the settlement process and the possibility that preliminary approval of the settlements could affect the issues of litigation class certification now before the Court. They make that point explicitly in their memorandum. See Non-Settling Defendants Memorandum at page 5. The straightforward answer to their underlying apprehension is that no one disputes that the standards for certifying a settlement class are materially different from those for certifying a litigation class.

As discussed in more detail below, there are three fundamental reasons why all of the non-settling Defendants arguments are misplaced:

(1) There are no objections from anyone to the terms of the settlement.

(2) The non-settling Defendants have no standing to address the Court. The only exception to this rule is in a situation not present here where the non-settling Defendants can show that they will "sustain some sort of formal legal prejudice as a result of the settlement" that is more than a "tactical disadvantage" in the continuing litigation. *Waller v. Financial Corp. of America*, 828 F.2d 579, 583-584 (9th Cir. 1987)

(3) The settling parties proposed procedure for using a Special Master is an accepted process in this district for assessing settlement allocation. *Glass v. UBS Financial Services* 2007 U.S. Dist. Lexis 8476 (N.D. Cal. 2007)

Even more fundamentally, the settling parties have been working for many months to complete the settlement and resolve issues that affect distribution of the funds. These settlements bring real and substantial benefits to the natural persons, government entities, and businesses in these cases. Those benefits include monetary payments of up to $115 million plus interest, injunctive relief, and important cooperation provisions. The settling Defendants, for their part, want to put this matter behind them and achieve global peace. The comprehensive Samsung and Winbond settlements achieve a global resolution of the cases against those Defendants brought by 48 state attorneys general[1] as well as a nationwide class of all indirect purchasers.

II. **THESE SETTLEMENTS AMPLY MEET THE REQUIREMENTS FOR PRELIMINARY APPROVAL AND DO NOT PRESENT INTRACTABLE ALLOCATION ISSUES THAT CANNOT BE RESOLVED BY A SPECIAL MASTER.**

The standard for granting preliminary approval is clear. The Court's inquiry is whether the proposed settlements fit within the range of possible approval, do not disclose grounds to doubt their fairness or other obvious deficiencies and should be given further consideration. See, the discussion and citations at pg. 10 of the "Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlements with Samsung and Winbond Defendants," filed October 10, 2007. Plaintiffs have already pointed this Court to the substantial benefits of these comprehensive settlements of private indirect purchaser class claims, *parens patriae* claims, and state and local government claims, including payments of $115 million, the requirement of cooperation by Samsung and Winbond, the injunctive relief which the United States Department of Justice has not imposed in its criminal prosecutions, and the provision that leaves the non-settling Defendants fully liable for all damages flowing from the sales of the settling Defendants. The presence of independent *parens patriae* claims by state attorneys general does not change the applicable standard.[2] *Id.* at 10-11 (citing generally *In re Compact Disc Minimum Advertised Price*

---

[1] The State of New York, which has own separate case from the other States, is a signatory to the *Samsung* settlement, but not the *Winbond* settlement.

[2] The *parens patriae* claims brought by the Attorneys General do not require class

Plaintiffs' Joint Reply to Non-Settling Defendants'
Response to Motion for Preliminary Approval

2

*Litigation*, 216 F.R.D. 197, 204, 206 (D. Me. 2006)). But, the agreement of 48 State Attorneys General who are charged with protecting their States and the citizens residing therein to these settlements, allows this Court to accord additional weight to the presumption of fairness that the law normally accords to class settlements. *See id.*, at 12 (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 380 (D.D.C. 2002)). None of this is addressed by the non-settling Defendants in their request for the Court to defer ruling on preliminary approval.

The non-settling Defendants do not directly dispute that certification of classes for settlement purposes is appropriate. Rather, they complain that this Court's certification of settlement classes may affect the decision on the certification of a class for litigation purposes. While they disavow that they are opposing the settlements, they claim that there exist supposedly intractable allocation issues that, in their view, should cause this Court to hesitate to grant preliminary approval.

Settlement allocation issues, e.g., involving class members' places in the chain of distribution or their status as commercial entities as opposed to natural persons, are in fact individual damages issues and, as such, are not sufficient to defeat preliminary approval. There was no suggestion in *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 627 (1997), the leading case on divergent interests among differing groups with a class, that the settlement be disapproved and the benefits returned to Defendants. Rather, the Supreme Court cautioned that the interests of divergent groups in a class settlement must be recognized and a process put in place to protect them. Plaintiffs here have proposed such a process -- the appointment of a Special Master to determine the best procedures to employ in crafting a fair and equitable distribution plan to present for this Court's final approval.[3]

It is not as though what Plaintiffs are suggesting is a radical departure from some established precedent, or that the allocation issues noted by the non-settling Defendants are intractable and not susceptible of resolution in the Special Master proceedings. In *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. 2007) (Chesney, J), the court approved a settlement that provided $45

---

certification -- a point apparently disregarded by the non-settling Defendants.

[3] It is important to note that class certification is not needed for the vast majority of the governmental entity claims, which are outside of the jurisdiction of the Special Master. Accordingly, the proposed order of reference covers only those government claims that are asserted under Rule 23, Federal Rules of Civil Procedure.

Plaintiffs' Joint Reply to Non-Settling Defendants'
Response to Motion for Preliminary Approval

3

million for a class of stockbrokers who worked at UBS Financial Services Inc., settling wage-and-hour and unlawful-deduction claims made under laws of various states. The court preliminarily approved the settlement and later appointed the Honorable Charles Legge as a Special Master "to review issues or questions ... relative to the allocation among different states of the settlement proceeds" and to "determine whether the allocation formula in the settlement is fair, reasonable and adequate in light of any timely challenges to that allocation." *Id.* at *8. Judge Legge reviewed briefing and held hearings, focusing on differences in state laws regarding deduction of wages. *Id.* at *38. As Special Master, he found the allocation formula worked out by plaintiffs to be fair, reasonable and adequate. *Id.* at *33. The court, in granting final approval of the settlement, agreed. *Id.* at *42.

In *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7-12 Litig.*, 447 F. Supp. 2d 612 (D. La. 2006), the court approved a $11.1 million settlement between a class of test-takers and a company that had had designed and administered a standardized test that yielded scores lower than the plaintiff test-takers had earned. The court preliminarily approved the settlement and appointed a special master to "create the formulation of fair, equitable and reasonable procedures for the claims process, the allocation of the settlement to participating class members, and distribution of the settlement fund." *Id.* at 616; *see also id.* at 617 ("The Special Master is to prepare a report and recommendation regarding his methodology and allocation of settlement funds, detailing the individualized allocation process"). This procedure is encouraged by the Manual for Complex Litigation § 13.13 at 218 (4th ed. 2007) ("Judges have also used special masters to assist in the settlement of complex litigation and in post-settlement claims-resolution proceedings."); *id* § 21.661 at 459 ("Judges often appoint a ... special master and describe the duties assigned in the order approving the settlement agreement. Duties may include taking custody of settlement funds, administering the distribution procedures, and overseeing implementation of an injunction.") *See also, e.g.*, 9 James W.M. Moore, Moore's Federal Practice § 53.03[1] at 53-29 (generally extolling advantages of special masters); *id.* at § 5303[1][a] ("Because the complexity of cases and federal court congestion have increased without a corresponding increase in judicial resources, the

Plaintiffs' Joint Reply to Non-Settling Defendants'
Response to Motion for Preliminary Approval

4

appointment of masters is more common with the scope of their duties ... generally evolving and expanding.") (footnote omitted); and *Stauble v. Warrob*, 977 F.2d 690, 694 (1st Cir. 1992) ("masters are most helpful where complex quantitative issues bearing on damages must be resolved").

Given that the non-settling Defendants do not object to the settlement, and never argue that certification of the two nationwide settlement classes is inappropriate, one wonders why they present an extended discussion of the alleged differences between class members – for example, their discussion that residents in different states are subject to differing state laws with differing levels of protection for indirect purchasers. The Special Master can address such issues where appropriate and to the extent that they affect allocation procedures. Consequently, these arguments are simply irrelevant to the preliminary approval motion presently before the Court.

The bottom line is that the procedure advocated by the settling parties is appropriate under the circumstances and accepted by other courts that have reviewed similar procedures.

### III. THIS COURT SHOULD PRELIMINARLITY APPROVE THE SETTLEMENT AND APPOINT A SPECIAL MASTER TO REPORT ON AND RECOMMEND A FAIR AND EQUITABLE ALLOCATION PLAN TO THIS COURT

#### A. Preliminary Approval of the Proposed Settlement Is Unopposed And Should Be Granted.

Not only do the non-settling Defendants state that they do not oppose the settlements (Resp. at 1), their arguments do not address the key question of preliminary approval -- whether the settlements are "within the range of possible approval." In essence, their delay argument boils down to what can be colloquially summed up as: "Why not wait for the Plaintiffs to devise an allocation plan - with or without a Special Master?" The answer is: Plaintiffs' counsel have a duty not to waste money and time working (with or without the Special Master) on a process for allocating the settlement funds if this Court does not find that these settlements satisfy the standard for granting preliminary approval. There being no objection to preliminary approval, from any member of the proposed settlement classes, preliminary approval should be granted so that this process can move along to the next step.

**B.    The Settling Parties Have Reached Agreement on an Order of Reference and Recommend the Appointment of the Honorable Charles B. Renfrew to Serve as Special Master.**

In Plaintiffs' October 10, 2007, motion for preliminary approval of the Samsung and Winbond settlements, Plaintiffs stated that they would confer with the settling Defendants and attempt to reach agreement on the scope of the proposed reference as well as recommend a candidate to the Court to serve as Special Master. The parties have conferred and jointly submit the Proposed Order of Reference, attached hereto as Appendix A, for the Court's consideration. The proposed order of reference directs the Special Master to issue a report or reports containing recommendations for "a fair and reasonable method of allocating the settlement proceeds between Private Indirect Purchaser Settlement Class members at different levels of the distribution channel and in different states;" and "a fair and reasonable method of allocating the settlement proceeds between Government Purchaser Settlement Class members in various states." It also refers to the Special Master the issue of the appropriate forms of notice to class members and the proper procedures for filing claims to share in the settlements.

The settling parties also recommend for the Court's consideration the appointment of the Honorable Charles B. Renfrew as Special Master. Judge Renfrew is a retired federal judge who was appointed to the Northern District of California in 1972. He served in that capacity until 1980, when he left the bench to become Deputy Attorney General of the United States. After leaving public office, Judge Renfrew served as General Counsel of Chevron Corporation. He is frequently retained as a mediator and arbitrator, and appointed as a special master in complex commercial litigation.

With the appointment of a Special Master, the process can begin by which fair and equitable allocation plans for the respective Settlement Classes will be devised and presented to this Court for approval. This process will aid the Court in the final approval process, as well as, if granted, in the implementation of the settlements. It more than meets the concerns advanced by the non-settlling Defendants.

## IV. CONCLUSION

The settlements provide a comprehensive resolution of the case against the two settling Defendants with substantial benefits for the proposed settlement classes and for those consumers and governmental entities represented in a *parens patriae* or direct fashion by 48 state attorneys general. These settlements are well within the range of preliminary approval, and no objection to such approval has been made. The non-settling Defendants lack standing to request deferral of preliminary approval, and do not raise any sufficient or compelling reason to do so. Consequently, Plaintiffs respectfully request that this Court grant their motion for preliminary approval of the Samsung and Winbond settlements, and enter an order appointing the Honorable Charles B. Renfrew to serve as Special Master.

Dated October 31, 2007                    Respectfully Submitted,

                    /S/ Josef D. Cooper
By: Josef D. Cooper
On Behalf of All Private Indirect Purchaser
Class Plaintiffs

JOSEF D. COOPER
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030

DANIEL GUSTAFSON
GUSTAFSON GLUEK, PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612)333-8844

DANIEL J. MOGIN (Ca. S. B. 95624)
THE MOGIN LAW FIRM
110 Juniper Street
San Diego, CA 92101
Telephone: (619) 687-6611

DAVID BOIES III
STRAUS & BOIES, LLP
4041 University Drive, 5th Floor

Fairfax, VA 22030
Telephone: (703) 764-8700

Co-Lead Counsel for Indirect Plaintiffs

FRANCIS O. SCARPULLA (Ca. S.B. 41059)
ZELLE, HOFFMAN, VOEBEL, MASON &
GETTE, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700

Liaison Counsel for Indirect Plaintiffs

TERRY GROSS (Ca. S. B. 103878)
GROSS & BELSKY, LLP
180 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 544-0200

Chair, Indirect Plaintiffs' Executive Committee

      /s/ Emilio E. Varanini
By: Emilio E. Varanini
On Behalf of All Plaintiff States and All
Governmental Purchaser Class Plaintiffs

KATHLEEN FOOTE
EMILIO E. VARANINI
Office of the Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908

BLAKE L. HARROP
Senior Assistant Attorney General
State of Illinois
100 W. Randolph
Chicago, IL 60601
Telephone: (312) 814-1004