EDMUND G. BROWN, JR.
Attorney General of the State of California
KATHLEEN FOOTE (Cal. S. B. 65819)
Senior Assistant Attorney General
EMILIO E. VARANINI (Cal. S. B. 163952)
Deputy Attorney General
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile: (415) 703-5480
Emilio.varanini@doj.ca.gov

Attorneys for Plaintiff States

JOSEF D. COOPER (Cal. S. B. 53015)
TRACY R. KIRKHAM (Cal. S. B. 69913)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com

Indirect Plaintiffs' Co-Lead Counsel

(The Names of Additional Counsel Appear on Signature Page)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| *State of California et al v. Infineon Technology, et al.* | Case No. C 06-4333 PJH |
| *State of California et al v. Samsung Electronics Co., Ltd., et al* | Case No. C 07-1347 PJH |
| *State of California, et al. v. Winbond Electronics Co.* | Case No. C 07-2589 PJH |
| | **APPENDIX A TO PLAINTIFFS' JOINT REPLY TO NON-SETTLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY APPROVAL**<br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>    Honorable Phyllis J. Hamilton |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH |
| | MDL No. 1486 |
| This Document Relates to: | [PROPOSED] ORDER OF REFERENCE TO _____ _____ AS SPECIAL MASTER |
| ALL INDIRECT PURCAHSER ACTIONS | |

WHEREAS, on _____, 2007, the Court entered an Order Granting Preliminary Approval Of Class Action Settlement With Samsung Defendants ("Samsung Preliminary Approval Order") and an Order Granting Preliminary Approval Of Class Action Settlement With Winbond Defendants ("Winbond Preliminary Approval Order"); and

WHEREAS, said Orders preliminarily approved the proposed settlements ("Settlements") entered into between (i) Plaintiffs and Defendants Samsung Semiconductor, Inc. ("SSI") and

1

Samsung Electronics Company Ltd. ("SEC") (collectively "Samsung") and (ii) Plaintiffs and Defendants Winbond Electronics Corporation and Winbond Electronics Corporation (collectively "Winbond") (Samsung and Winbond collectively as "Settling Defendants"); and

      WHEREAS, said Orders certified for settlement purposes only a Private Indirect Purchaser Settlement Class and a Government Purchaser Settlement Class; and

      WHEREAS, certain issues relating to the Settlements remain unresolved, including the allocation and division of the settlement proceeds among and for the benefit of members of the Private Indirect Purchaser Settlement Class and the Government Purchaser Settlement Class; and

      WHEREAS, Settling Plaintiffs moved for an order appointing a neutral party as Special Master to make a recommendation on a fair and reasonable plan for the allocation and distribution of the settlement proceeds among the respective members of each of the Settlement Classes, which motion was unopposed; and

      WHEREAS, Settling Plaintiffs and the Settling Defendants have conferred concerning the appointment of a Special Master and have jointly submitted for the Courts' consideration, the name of _____ for appointment as a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure, and _____ is available to serve as a Special Master to make a report and recommendations to the Court regarding a fair and reasonable plan for the distribution of settlement proceeds among the respective members of each of the Settlement Classes; and

      WHEREAS, the Court finds, pursuant to Rule 53(b), Federal Rules of Civil Procedure, that the issues are complicated and that _____'s review and preparation of a report and recommendations on the allocation and distribution of settlement proceeds among the members of the Settlement Classes will assist the Court in making its determinations on these issues and in considering whether the proposed settlements are fair, reasonable and adequate as required by Rule 23(e), Federal Rules of Civil Procedure;

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. _____ is hereby appointed Special Master in these proceedings pursuant to Rule 53, Federal Rules of Civil Procedure.

2. The Special Master shall have the authority granted by Rule 53(c), Federal Rules of Civil Procedure.

3. The Special Master shall:

   a. issue one or more reports containing recommendations on the following matters:

   (i) a fair and reasonable method of allocating settlement proceeds among Private Indirect Purchaser Settlement Class members at different levels of the distribution channel and in different states;

   (ii) a fair and reasonable method of allocating settlement proceeds among Government Purchaser Settlement Class members in various states;

   (iii) the appropriate form(s) of notice and the method(s) by which members of the Settlement Classes shall file claims to share in the settlement proceeds and/or alternative proposals for disbursement of the settlement proceeds; and

   b. file his/her report(s) and Recommendations with the Court pursuant to future orders.

4. In order to facilitate the resolution of these issues, the Special Master may communicate *ex parte* with counsel, the parties or the Court on any administrative or non-substantive matter. The Special Master may recommend to the Court the imposition of sanctions on any party found to be acting in bad faith, frivolously or for purposes of delay.

5. The Special Master shall maintain and preserve all written submissions, evidence and other material submitted on issues that are heard before him/her until this matter is finally resolved. The Special Master shall also maintain and preserve any written order, report or recommendation the Special Master may make pursuant to this Order of Reference until this matter is finally resolved.

6. Except as ordered by the Special Master, all papers related to any matter or issue subject to this Order of Reference shall be filed with this Court and served on the Special Master and all counsel at least five (5) court days before any hearing; responses shall be filed and served at least two (2) court days before any hearing; and reply briefs shall be filed and served at least one (1) court day before the hearing. Submissions may include formal briefs, informal letter briefs and any evidence the parties may proffer.

7. The Special Master shall file any order, report or recommendation with this Court on or before dates to be specified. The Court will review findings of fact for clear error. Rule 53(g)(3)(A), Federal Rules of Civil Procedure.

8. The Special Master's fee shall be computed by multiplying the hours incurred by him/her by his/her normal hourly rate and all expenses shall be reasonably incurred and shall be billed at the Special Master's actual out-of-pocket cost. All payments to the Special Master shall be made from the settlement funds and be allocated pursuant to the agreement of the parties or by order of the Court upon the recommendation of the Special Master.

9. This order may be amended from time-to-time after notice to the parties and an opportunity to be heard.

Attached hereto as Exhibit 1 is an Affidavit executed by the Special Master disclosing all information required by 28 U.S.C. Section 455. None of the named parties seeks to disqualify the Special Master.

Dated: _____, 2007

_____
The Honorable Phyllis J. Hamilton
United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH<br><br>MDL No. 1486<br><br>**AFFIDAVIT OF** _____<br><br>[Rule 53(b)(3), Federal Rules of Civil Procedure] |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

_____, being duly sworn deposes and says:

1.    I am a _____. I am filing this affidavit to satisfy the provisions of 28 U.S.C. section 455, for purposes of complying with the provisions of Rule 53(b)(3), Federal Rules of Civil Procedure for my appointment as a Special Master in the above-captioned action.

2.    I hereby state:

    a.    I have no personal bias or prejudice concerning any party to this litigation;

    b.    I have no personal knowledge of disputed evidentiary facts concerning this proceeding;

    c.    While in private practice neither my partners nor I serve or served as lawyers in the matter in controversy;

      d.    I am not a material witness concerning the matter in controversy;

      e.    When I served as a _____, I did not participate as an advisor or material witness concerning the proceedings or expressed an opinion concerning the merits of this case;

      f.    Neither my spouse nor I, individually or as fiduciaries, have a financial interest in the subject matter of the controversy, or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceedings, and are disclosing any such interest if one exists;

      g.    Neither my spouse nor I, or any person within the third degree of relation to either of us, or the spouse of such person:

          (i)    is a party to the proceeding; or an office, director or trustee of a party;

          (ii)    is acting as a lawyer in the proceeding;

          (iii)    is known by me to have an interest that could be substantially affected by the outcome of the proceeding; or

          (iv)    is, to my knowledge, likely to be a material witness in the proceeding.

Dated: ___, 2007

_____

7