United States District Court
For the Northern District of California

1
2
3
4      UNITED STATES DISTRICT COURT
5      NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9  In re DYNAMIC RANDOM ACCESS
   MEMORY (DRAM) ANTITRUST
10 LITIGATION                                    No. M 02-1486 PJH
   _____/
11                                               **ORDER DENYING MOTION**
   This Document Relates To:                    **FOR PRELIMINARY APPROVAL**
12                                               **OF SETTLEMENT**
   All INDIRECT PURCHASER ACTIONS
13
   State of New York v. Micron et al.
14 (C 06-6436 PJH)
   _____/
15
16 This Document Also Relates To:
17 State of California et al. v. Samsung Elec. et al.,
   (C 07-1347 PJH)
18
   State of California, et al. v. Winbond Elec. Co.,
19 (C 07-2589 PJH)
20 _____/
21      Plaintiffs' motion for preliminary approval of settlement with defendants Samsung
22 and Windbond, came on for hearing before this court on November 14, 2007. Plaintiffs,
23 private indirect purchasers of DRAM and DRAM-containing products, and various individual
24 States and their government entities acting through their Attorneys General (collectively
25 "plaintiffs" or "plaintiff States"), appeared through their respective counsel, Josef D. Cooper,
26 Daniel J. Mogin, David Boies, Francis Scarpulla, Adam C. Belsky, Joseph M. Patane,
27 Kathleen E. Foote, Emilio E. Varanini, and Charles M. Kagay. Defendants, both settling
28 defendants and non-settling defendants, appeared through their counsel, Joel S. Sanders,

Harrison J. Frahn, Michael W. Scarborough, James L. McGinnis, Julian Brew, Scott E. Morgan, Matthew D. Thurlow, Howard M. Ullman, Robert B. Pringle, and Michael F. Tubach.  Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES plaintiffs' motion for preliminary approval, for the reasons stated at the hearing, and summarized as follows:

      The court is not prepared, at this juncture, to certify the two proposed settlement classes set forth by the parties, as there is insufficient information from which to conclude that the requirements of Federal Rule of Civil Procedure ("FRCP") 23(a) and (b) have been satisfied.  Moreover, to the extent that the proposed settlement classes appear to include members whose interests conflict, and whose presence may require consideration and/or addition of subclasses, these issues must be resolved before the court can determine that certification of the settlement classes is appropriate.

      In view of these concerns, the court is also unprepared to grant preliminary approval of the Samsung and Winbond settlements.  While plaintiffs have provided some necessary information regarding the settlement agreements executed by the parties (e.g., settlement amounts and summary of relevant provisions), without further clarification as to the need for any subclasses, or a proposed form of class notice or plan of allocation that would distribute the settlement funds among potential class members, there is simply no adequate basis upon which the court can independently and adequately determine the fairness of the settlements vis-a-vis class members.  The court thus declines the parties' request to grant preliminary approval on the record established and to defer approval of the plan of allocation and form and content of class notice until some later unspecified date.

      Accordingly, plaintiffs' motion for preliminary approval of settlement is DENIED.  The denial is without prejudice, however, to plaintiffs' ability to re-file their motion once the above issues have been resolved.  Although the court disagrees with the parties about the timing of a special master referral, the court does agree that referral to a special master would assist the parties in developing a plan of allocation and a plan for distribution of class

1 notice and assist the court in its evaluation of the fairness of the proposed settlements.
2 Accordingly, the settling parties shall submit a stipulation and proposed order referring the
3 two proposed settlements to a mutually agreeable special master to prepare a report and
4 recommendation on these subjects.  The stipulation and order shall clearly set forth the
5 scope of the special master's anticipated duties and shall be submitted no later than
6 November 28, 2007.

**IT IS SO ORDERED.**

Dated:  November 15, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge